# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

THE UNITED STATES OF AMERICA,

    *Plaintiff,*

        v.

BRAD RAFFENSPERGER, in his official
capacity as Secretary of State for the
State of Georgia,

    *Defendant.*

Civil Action No. 1:26-cv-00485-ELR

## DECLARATION OF CHARLENE S. MCGOWAN

I, Charlene S. McGowan, declare under penalty of perjury that the following statements are true and accurate to the best of my knowledge.

1.    I am the General Counsel for Secretary of State Brad Raffensperger. I have held that position since February 2023. My job responsibilities include providing legal advice and guidance to all divisions of the Secretary of State's Office, including the Elections Division. I also routinely interact with county election officials.

2.    Prior to joining the Secretary's office, I was an Assistant Attorney General handling election litigation. In all, I have worked with federal and Georgia laws related to elections for seven years.

3.      The U.S. Department of Justice (DOJ) first verbally requested that the Secretary's office provide a copy of Georgia's voter-registration list during a video conference on July 9, 2025 with me and Blake Evans, the Elections Director for the Secretary. That meeting was requested by attorneys in the Criminal Division of the DOJ, who requested to meet for the purpose of discussing information sharing between our respective offices. An attorney from the Civil Rights Division also appeared at the meeting.

4.      That video conference was the first time DOJ informed Georgia officials it was seeking the state's complete voter-registration list, and the proposed reason for doing so was to assist the state with its list maintenance and to run the full list through the Department of Homeland Security's Systematic Alien Verification for Entitlements (SAVE) database.

5.      The DOJ requested in that meeting that the Secretary's staff email to an attorney in the DOJ's Civil Rights Division the state's entire voter list, including full dates of birth, social security numbers, and driver's license numbers, and the voter history for each voter.

6.      The DOJ stated that it was entitled to this information under the National Voter Registration Act (NVRA).

7.      On August 7, 2025, Deputy Assistant Attorney General Michael Gates sent a letter to Secretary Raffensperger at his Capitol office in Atlanta. It made the

request only under the NVRA and the Help America Vote Act (HAVA) and made no mention of the Civil Rights Act (CRA). A copy of the letter is attached as Ex. 1.

8.    On August 14, 2025, Assistant Attorney General Harmeet Dhillon sent a clarification letter to the Secretary, specifying that the request was for all fields in the state database, including information that is confidential under Georgia law, like full dates of birth, driver's license numbers, and Social Security numbers. The letter also (for the first time) referenced the CRA provisions under which this case is brought. Like the first letter, the August 14 letter was addressed to the Secretary and sent by mail and email to the Secretary's general email box. A copy of the letter is attached as Ex. 2.

9.    On August 15, 2025, I responded to the DOJ's August 7 letter, explaining that the Secretary's office was gathering the information needed and outlining the voter list maintenance processes Georgia uses. A copy of the response is attached as Ex. 3.

10.    One issue my letter explained to the DOJ was that the Secretary's office was in the middle of conducting its 2025 list-maintenance activities and wanted to be sure that process was complete before providing the information so the DOJ had the most updated list to review.

11.    The Secretary's office did not hear anything further from the DOJ in response for several months.

12.    On October 9, 2025, I followed up again with the DOJ, notifying them that the Secretary's office was ready to transmit the data files and requesting the link and instructions for using DOJ's secure transfer site. That communication is attached as Ex. 4.

13.    Nearly two months went by before we received any further communication from DOJ.

14.    On December 1, 2025, a new DOJ contact from the Civil Rights Division emailed the Secretary's general inbox and the Elections Director (but not me), for the first time providing a draft memorandum of understanding (MOU) for the transfer of the voter information.  The communication from DOJ with the attachments are attached as Ex. 5.

15.    The draft MOU DOJ provided identified the "authorities by which this information is requested by the Department of Justice" as the NVRA, HAVA, and the CRA. The MOU explained that the reason for requesting the list was "to test, analyze, and assess states' [voter registration lists] for proper list maintenance and compliance with federal law." MOU at 2. The MOU also identified the Systems of Records Notice (SORN) on which the DOJ was relying for purposes of compliance with the Privacy Act. *Id.* at 4.

16.    The provisions of the MOU allowed the DOJ to provide Georgia's entire voter file to "a contractor with the Department of Justice who needs access

to the VRL/Data information in order to perform duties related to the Department's list maintenance verification procedures." *Id.* at 7.

17.    The draft MOU also sought to impose duties on Georgia that are inconsistent with its statutory structure for list maintenance. The MOU included an agreement that if DOJ identified "any issues, insufficiencies, inadequacies, deficiencies, anomalies, or concerns" in the voter file, then the State must remove those records and resubmit the data to DOJ "to verify proper list maintenance has occurred by your state." *Id.* at 5.

18.    The Secretary has no authority to remove records without following the requirements of federal and state law.

19.    The day after DOJ's December 1 email, I forwarded the prior communications and notified DOJ that we had been attempting to send records for several months, but had received no response. I also requested the instructions for uploading the voter file information and explained that the review of the MOU would make the requested timeline unreasonable. A copy of that communication is attached as Ex. 6.

20.    The DOJ responded on December 3, including an additional staff person, who eventually explained that the DOJ would only send the upload link after the MOU was signed. A copy of that communication is attached as Ex. 7.

5

21.    On December 8, 2025, the Secretary's office sent another communication to DOJ, explaining the processes Georgia uses to conduct list maintenance, including citizenship verification, the use of the SAVE database to verify citizenship of all voters, and the partnerships with other states and agencies Georgia uses to identify voters who might have become ineligible. The letter explained that, in calendar year 2025, Georgia sent 1,006,474 list maintenance notices, cancelled 580,358 registrations, and moved 298,421 registrations to "inactive" status in 2025. The letter also explained the extent of Georgia's list maintenance since 2019, totaling more than 4.4 million list maintenance notices. A copy of that communication is attached as Ex. 8.

22.    A few minutes after I emailed the letter to DOJ, the Elections Director sent a link for the DOJ to download the entire voter list with all fields that may be publicly disclosed under law, redacting social security numbers, driver's license numbers, the month and day of birth of voters, and other information designated confidential by statute. Additional records produced included a list of county registrars, records documenting the Secretary's list maintenance activities, and a list of cancelled registrations. The download link utilized the Secretary's file transfer system because, as of the date of signing this declaration, the DOJ has never provided a secure link to upload any voter information to its enterprise system. A copy of the communication is attached as Ex. 9.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and accurate to the best of my knowledge, information, and belief.

2/5/2026
DATE

CHARLENE S. MCGOWAN

# EXHIBIT 1



**U.S. Department of Justice**

Civil Rights Division

*Voting Section*
*950 Pennsylvania Ave, NW – 4CON*
*Washington, DC 20530*

August 7, 2025

<u>Via Mail and Email</u>

The Honorable Brad Raffensperger
Secretary of State
214 State Capitol
Atlanta, GA 30334
soscontact@sos.ga.gov

Dear Secretary Raffensperger:

We write to you as the chief election official for the State of Georgia to request Georgia's statewide voter registration list and information regarding Georgia's procedures for complying with the statewide voter registration list maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501 *et seq.* On July 9, we contacted your office about obtaining an electronic copy of the statewide voter registration list for purposes of enforcing the NVRA and the Help America Vote Act, 52 U.S.C. § 20901 *et seq,* and we are renewing our request for that information today.

The NVRA requires each state and the District of Columbia to make available for inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). Section 11 of the NVRA authorizes the Attorney General to bring NVRA enforcement actions. *See* 52 U.S.C. § 20510.

The plain text of § 20507(i) requires disclosure. The phrase "all records" envisions an expansive application and includes the registration information of cancelled records and accompanying voter history. *Project Vote/Voting for Am, Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012); *see also Voter Reference Foundation, LLC v. Torrez*, 727 F.Supp.3d 1014, 1212 (D. N.M. 2024) (finding "all records" includes voter list). Similarly, "programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" encompasses a broad range of state programs, including the removal of non-citizens from voter rolls. *Id*. The capacious language of the Public Disclosure Provision has been found to "set[] a floor, not a ceiling" to the types of records that must be disclosed. *Public Interest Legal Foundation, Inc. v. Matthews*, 589 F.Supp.3d 932, 941 (C.D. Ill. 2022) (citing *Project Vote/Voting for Am., Inc.*, 682 F.3d at 337). The request for the statewide voter registration list sits firmly above that floor. Courts have continuously found that Section 8(i) requires the disclosure of voter registration records. *See, e.g.*, *Public Interest Legal Foundation v. Boockvar*, 431 F.Supp.3d 553, 556 (M.D. Pa. 2019) (permitting disclosure of documents regarding "all registrants who were identified as potentially not satisfying the citizenship

requirement"); *Project Vote/Voting for Am, Inc*, 682 F.3d at 333 (4th Cir. 2012) (requiring disclosure of voter registration applications for "*any individual*" who timely completed an application) (emphasis added); *Project Vote, Inc. v. Kemp*, 208 F.Supp.3d 1320, 1344 (N.D. Ga. 2016) (holding that "Section 8(i) requires the disclosure of individual voter registration records").

Congress passed the NVRA in an effort to "protect the integrity of the electoral process" and "ensure that accurate and current voter registration rolls are maintained." NVRA § 20501. This intention is achieved through the public disclosure provision, which Congress created to establish external checks on potential administrative oversights or inefficiencies regarding ineligible voters appearing on voter rolls. *See Project Vote/Voting for Am, Inc.*, 682 F.3d at 334-35.  State laws are not a bar to providing this information.  If the NVRA, a federal act, and state law "do not operate harmoniously in a single procedural scheme for federal voter registration, then Congress has exercised its power to 'alter' the state's regulation, and that regulation is superseded." *Gonzalez v. Arizona*, 677 F.3d 383, 394 (9th Cir. 2012) (en banc), *aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc.* ("*ITCA*"), 570 U.S. 1 (2013).

Please also provide a list of the election officials who are responsible for implementing Georgia's general program of voter registration list maintenance from November 2022 through receipt of this letter, including those responsible officials not employed by your office (such as local election officials) who are also involved in that effort. Please also provide a description of the steps that you have taken, and when those steps were taken, to ensure that the State's list maintenance program has been properly carried out in full compliance with the NVRA.

Please provide this information within 14 days of the date of this letter. The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

Should further clarification be required, please contact Maureen Riordan at maureen.riordan2@usdoj.gov. We look forward to your assistance in advance.

Sincerely,

Michael E. Gates
Deputy Assistant Attorney General
Civil Rights Division

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division

2

cc:    Blake Evans
       Director, Elections Division
       Floyd West Tower
       2 MLK Jr. Dr. S.E., Suite 802
       Atlanta, GA 30334
       bevans@sos.ga.gov

# EXHIBIT 2



**U.S. Department of Justice**

Civil Rights Division

---

*Office of the Assistant Attorney General*                    *Washington, D.C. 20530*

August 14, 2025

<u>Via Mail and Email</u>

The Honorable Brad Raffensperger
Secretary of State
214 State Capitol
Atlanta, GA 30334
<u>soscontact@sos.ga.gov</u>

Re:     **Complete Georgia's Voter Registration List with All Fields**

Secretary Raffensperger:

  We understand that the time the Justice Department has provided your state to respond to the request for a statewide voter registration list ("VRL") and other information has not reached its deadline.

  Given responses from other states thus far, we want to clarify that the Justice Department's request to provide an electronic copy of the statewide VRL should contain *all fields*, which means, your state's VRL must include the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[1] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

  We have requested Georgia's VRL to assess your state's compliance with the statewide VRL maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, *et seq*. Our request is pursuant to the Attorney General's authority under Section 11 of the NVRA to bring enforcement actions. *See* 52 U.S.C. § 20501(a).

  The Help America Vote Act ("HAVA"), 52 U.S.C. § 20501, *et seq*., also provides authority for the Justice Department to seek the State's VRL via Section 401, which makes the Attorney

---

[1] In charging the Attorney General with enforcement of the voter registration list requirements in the HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

General solely responsible for actions to enforce HAVA's computerized statewide voter registration list requirements. *See* 52 U.S.C. § 21111; *see also Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (*per curiam*) (finding there is no private right of action to enforce those requirements in HAVA).

In addition to those authorities, the Attorney General is also empowered by Congress to request records pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*.  Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of 22 months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

Section 303 of the CRA provides, in pertinent part, "Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…" 52 U.S.C. § 20703.

Pursuant to the foregoing authorities, including the CRA, the Attorney General is demanding an electronic copy of Georgia's complete and current VRL. The purpose of the request is to ascertain Georgia's compliance with the list maintenance requirements of the NVRA and HAVA.

When providing the electronic copy of the statewide VRL, Georgia must ensure that it contains *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[2] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

To the extent there are privacy concerns, the voter registration list is subject to federal privacy protections. Section 304 of the CRA provides the answer:

> Unless otherwise ordered by a court of the United States, neither the Attorney General nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to this chapter, or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury.

HAVA specifies that the "last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974" (5 U.S.C. § 552a note); 52 U.S.C. § 21083(c).  In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to

---

[2] In charging the Attorney General with enforcement of the voter registration list requirements in HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list.  Any statewide prohibitions are clearly preempted by federal law.

accomplish its enforcement authority as the Justice Department is now doing. That said, all data received from you will be kept securely and treated consistently with the Privacy Act.

To that end, please provide the requested electronic Voter Registration List[3] to the Justice Department by the date set for your delivery by our original letter, or by August 21, 2025, whichever is later.

The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing ("JEFS").  Should further clarification be required, please contact Maureen Riordan at maureen.riordan2@usdoj.gov.

Regards,

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

cc:    Blake Evans
       Director, Elections Division
       Floyd West Tower
       2 MLK Jr. Dr. S.E., Suite 802
       Atlanta, GA 30334
       bevans@sos.ga.gov

---

[3] Containing *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required by HAVA.

# EXHIBIT 3

| | |
|---|---|
| **From:** | McGowan, Charlene <cmcgowan@sos.ga.gov> |
| **Sent:** | Friday, August 15, 2025 2:06 PM |
| **To:** | maureen.riordan2@usdoj.gov |
| **Cc:** | Evans, Blake |
| **Subject:** | Response to August 7, 2025 Letter |

Dear Ms. Riordan,

It was nice to speak with you a few weeks ago. I am writing in response to the letter dated August 7th from you and Mr. Gates, requesting records under the National Voter Registration Act. We are currently working on gathering responsive information, but require additional time to provide data that is as current and complete as possible.

The State of Georgia is in full compliance with the NVRA's list maintenance requirements and is recognized as a national leader in maintaining clean and accurate voter lists. Just last month, Secretary Raffensperger announced continued 2025 list maintenance activities with the mailing of cancellation notices to over 477,000 registrants in Inactive status. These notices were sent in July, and those registrations will be cancelled if the registrants fail to respond within the 30-day response time. Additionally, notices were sent last month to over 218,000 registrants on the No Contact list, who will be moved to Inactive status if they fail to respond. Information regarding these list maintenance activities, as well as links to supporting records, is published for full transparency on the Secretary's website:

[Secretary Raffensperger Continues Multi-Step List Maintenance Audit | Georgia Secretary of State](#)

[Raffensperger Announces Completion of "No Contact" Mailer; Multi-Phase Audit Continues | Georgia Secretary of State](#)

In order to provide the Department of Justice with information that is current and reflective of our most recent list maintenance activities, we will respond to your request when we have completed processing these updates, which we expect will be by late September.

In the meantime, please feel free to reach out to me should you have any questions.

Kind regards,

Charlene S. McGowan

*General Counsel*
*Georgia Secretary of State*
Direct: 470-690-0403
Mobile: 770-417-0755
[cmcgowan@sos.ga.gov](mailto:cmcgowan@sos.ga.gov)



1

# EXHIBIT 4

| From: | McGowan, Charlene <cmcgowan@sos.ga.gov> |
|---|---|
| Sent: | Thursday, October 9, 2025 1:33 PM |
| To: | maureen.riordan2@usdoj.gov |
| Cc: | Evans, Blake |
| Subject: | RE: Response to August 7, 2025 Letter |

Ms. Riordan,

Following up this matter, we are preparing data files and other records that we expect to transmit to you by next week. Your letter references the department's secure file transfer site. Can you please send us the link and instructions for use?

Thank you.

Sincerely,
Charlene


Charlene S. McGowan

*General Counsel*
*Georgia Secretary of State*
Direct: 470-690-0403
Mobile: 770-417-0755
cmcgowan@sos.ga.gov



---

**From:** McGowan, Charlene
**Sent:** Friday, August 15, 2025 2:06 PM
**To:** maureen.riordan2@usdoj.gov
**Cc:** Evans, Blake <bevans@sos.ga.gov>
**Subject:** Response to August 7, 2025 Letter

Dear Ms. Riordan,

It was nice to speak with you a few weeks ago. I am writing in response to the letter dated August 7th from you and Mr. Gates, requesting records under the National Voter Registration Act. We are currently working on gathering responsive information, but require additional time to provide data that is as current and complete as possible.

The State of Georgia is in full compliance with the NVRA's list maintenance requirements and is recognized as a national leader in maintaining clean and accurate voter lists. Just last month, Secretary Raffensperger announced

continued 2025 list maintenance activities with the mailing of cancellation notices to over 477,000 registrants in Inactive status. These notices were sent in July, and those registrations will be cancelled if the registrants fail to respond within the 30-day response time. Additionally, notices were sent last month to over 218,000 registrants on the No Contact list, who will be moved to Inactive status if they fail to respond. Information regarding these list maintenance activities, as well as links to supporting records, is published for full transparency on the Secretary's website:

Secretary Raffensperger Continues Multi-Step List Maintenance Audit | Georgia Secretary of State

Raffensperger Announces Completion of "No Contact" Mailer; Multi-Phase Audit Continues | Georgia Secretary of State

In order to provide the Department of Justice with information that is current and reflective of our most recent list maintenance activities, we will respond to your request when we have completed processing these updates, which we expect will be by late September.

In the meantime, please feel free to reach out to me should you have any questions.

Kind regards,

Charlene S. McGowan

*General Counsel*
*Georgia Secretary of State*
Direct: 470-690-0403
Mobile: 770-417-0755
cmcgowan@sos.ga.gov



# EXHIBIT 5

| From: | Evans, Blake <bevans@sos.ga.gov> |
|---|---|
| Sent: | Monday, December 1, 2025 9:21 AM |
| To: | McGowan, Charlene |
| Subject: | FW: USDOJ contact re: Voter Registration List |
| Attachments: | 20250807 Raffensperger from CRT.pdf; 20250814 Raffensperger from CRT.pdf; VRLData Sharing Agreement DOJ-GA.pdf |

**Blake Evans**
*Elections Director*
Georgia Secretary of State
**Direct: 470-312-2777**
**Cell: 470-701-6901**



**From:** Neff, Eric (CRT) <Eric.Neff@usdoj.gov>
**Sent:** Monday, December 1, 2025 8:29 AM
**To:** SOS Contact <soscontact@sos.ga.gov>; Evans, Blake <bevans@sos.ga.gov>
**Subject:** USDOJ contact re: Voter Registration List

> **CAUTION:** This email originated from outside of the GA SOS organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!

Good morning:

I am the new contact for the letters with your office requesting Georgia's Voter Registration List with all fields. Our office communicated this request to you in letters from Aug. 7 and 14 (attached).

Also attached is our MOU that will cover any data sharing and privacy concerns.

We are anticipating active litigation with Fulton County over some of their records. As such, we are hoping to have cooperation at the State level effected as soon as possible. Please let me know when you can have at least a preliminary discussion as to this request, preferably today.

Best,
Eric

**Eric Neff**
Trial Attorney
Civil Rights Division

Department of Justice
150 M St. NE, Ste. 8-139
Washington, DC 20002
Eric.Neff@usdoj.gov
Cell: 202-532-3628





**U.S. Department of Justice**

Civil Rights Division

*Voting Section*
*950 Pennsylvania Ave, NW – 4CON*
*Washington, DC 20530*

August 7, 2025

<u>Via Mail and Email</u>

The Honorable Brad Raffensperger
Secretary of State
214 State Capitol
Atlanta, GA 30334
soscontact@sos.ga.gov

Dear Secretary Raffensperger:

We write to you as the chief election official for the State of Georgia to request Georgia's statewide voter registration list and information regarding Georgia's procedures for complying with the statewide voter registration list maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501 *et seq*. On July 9, we contacted your office about obtaining an electronic copy of the statewide voter registration list for purposes of enforcing the NVRA and the Help America Vote Act, 52 U.S.C. § 20901 *et seq,* and we are renewing our request for that information today.

The NVRA requires each state and the District of Columbia to make available for inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). Section 11 of the NVRA authorizes the Attorney General to bring NVRA enforcement actions. *See* 52 U.S.C. § 20510.

The plain text of § 20507(i) requires disclosure. The phrase "all records" envisions an expansive application and includes the registration information of cancelled records and accompanying voter history. *Project Vote/Voting for Am, Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012); *see also Voter Reference Foundation, LLC v. Torrez*, 727 F.Supp.3d 1014, 1212 (D. N.M. 2024) (finding "all records" includes voter list). Similarly, "programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" encompasses a broad range of state programs, including the removal of non-citizens from voter rolls. *Id*. The capacious language of the Public Disclosure Provision has been found to "set[] a floor, not a ceiling" to the types of records that must be disclosed. *Public Interest Legal Foundation, Inc. v. Matthews*, 589 F.Supp.3d 932, 941 (C.D. Ill. 2022) (citing *Project Vote/Voting for Am., Inc.*, 682 F.3d at 337). The request for the statewide voter registration list sits firmly above that floor. Courts have continuously found that Section 8(i) requires the disclosure of voter registration records. *See, e.g., Public Interest Legal Foundation v. Boockvar*, 431 F.Supp.3d 553, 556 (M.D. Pa. 2019) (permitting disclosure of documents regarding "all registrants who were identified as potentially not satisfying the citizenship

requirement"); *Project Vote/Voting for Am, Inc*, 682 F.3d at 333 (4th Cir. 2012) (requiring disclosure of voter registration applications for "*any individual*" who timely completed an application) (emphasis added); *Project Vote, Inc. v. Kemp*, 208 F.Supp.3d 1320, 1344 (N.D. Ga. 2016) (holding that "Section 8(i) requires the disclosure of individual voter registration records").

Congress passed the NVRA in an effort to "protect the integrity of the electoral process" and "ensure that accurate and current voter registration rolls are maintained." NVRA § 20501. This intention is achieved through the public disclosure provision, which Congress created to establish external checks on potential administrative oversights or inefficiencies regarding ineligible voters appearing on voter rolls. *See Project Vote/Voting for Am, Inc.*, 682 F.3d at 334-35. State laws are not a bar to providing this information. If the NVRA, a federal act, and state law "do not operate harmoniously in a single procedural scheme for federal voter registration, then Congress has exercised its power to 'alter' the state's regulation, and that regulation is superseded." *Gonzalez v. Arizona*, 677 F.3d 383, 394 (9th Cir. 2012) (en banc), *aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc.* ("*ITCA*"), 570 U.S. 1 (2013).

Please also provide a list of the election officials who are responsible for implementing Georgia's general program of voter registration list maintenance from November 2022 through receipt of this letter, including those responsible officials not employed by your office (such as local election officials) who are also involved in that effort. Please also provide a description of the steps that you have taken, and when those steps were taken, to ensure that the State's list maintenance program has been properly carried out in full compliance with the NVRA.

Please provide this information within 14 days of the date of this letter. The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

Should further clarification be required, please contact Maureen Riordan at maureen.riordan2@usdoj.gov. We look forward to your assistance in advance.

Sincerely,

Michael E. Gates
Deputy Assistant Attorney General
Civil Rights Division

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division

cc:    Blake Evans
       Director, Elections Division
       Floyd West Tower
       2 MLK Jr. Dr. S.E., Suite 802
       Atlanta, GA 30334
       bevans@sos.ga.gov



**U.S. Department of Justice**

Civil Rights Division

_____

*Office of the Assistant Attorney General*                    *Washington, D.C. 20530*


August 14, 2025


<u>Via Mail and Email</u>

The Honorable Brad Raffensperger
Secretary of State
214 State Capitol
Atlanta, GA 30334
soscontact@sos.ga.gov


Re:    **Complete Georgia's Voter Registration List with All Fields**


Secretary Raffensperger:

      We understand that the time the Justice Department has provided your state to respond to the request for a statewide voter registration list ("VRL") and other information has not reached its deadline.

      Given responses from other states thus far, we want to clarify that the Justice Department's request to provide an electronic copy of the statewide VRL should contain *all fields*, which means, your state's VRL must include the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[1] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

      We have requested Georgia's VRL to assess your state's compliance with the statewide VRL maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, *et seq*. Our request is pursuant to the Attorney General's authority under Section 11 of the NVRA to bring enforcement actions. *See* 52 U.S.C. § 20501(a).

      The Help America Vote Act ("HAVA"), 52 U.S.C. § 20501, *et seq*., also provides authority for the Justice Department to seek the State's VRL via Section 401, which makes the Attorney

---

[1] In charging the Attorney General with enforcement of the voter registration list requirements in the HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list.  Any statewide prohibitions are clearly preempted by federal law.

General solely responsible for actions to enforce HAVA's computerized statewide voter registration list requirements. *See* 52 U.S.C. § 21111; *see also Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (*per curiam*) (finding there is no private right of action to enforce those requirements in HAVA).

In addition to those authorities, the Attorney General is also empowered by Congress to request records pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of 22 months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

Section 303 of the CRA provides, in pertinent part, "Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…" 52 U.S.C. § 20703.

Pursuant to the foregoing authorities, including the CRA, the Attorney General is demanding an electronic copy of Georgia's complete and current VRL. The purpose of the request is to ascertain Georgia's compliance with the list maintenance requirements of the NVRA and HAVA.

When providing the electronic copy of the statewide VRL, Georgia must ensure that it contains *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[2] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

To the extent there are privacy concerns, the voter registration list is subject to federal privacy protections. Section 304 of the CRA provides the answer:

> Unless otherwise ordered by a court of the United States, neither the Attorney General nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to this chapter, or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury.

HAVA specifies that the "last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974" (5 U.S.C. § 552a note); 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to

---

[2] In charging the Attorney General with enforcement of the voter registration list requirements in HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

accomplish its enforcement authority as the Justice Department is now doing. That said, all data received from you will be kept securely and treated consistently with the Privacy Act.

To that end, please provide the requested electronic Voter Registration List[3] to the Justice Department by the date set for your delivery by our original letter, or by August 21, 2025, whichever is later.

The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing ("JEFS"). Should further clarification be required, please contact Maureen Riordan at maureen.riordan2@usdoj.gov.

Regards,

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

cc:    Blake Evans
       Director, Elections Division
       Floyd West Tower
       2 MLK Jr. Dr. S.E., Suite 802
       Atlanta, GA 30334
       bevans@sos.ga.gov

---

[3] Containing *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required by HAVA.



**U.S. Department of Justice**

Civil Rights Division

---

## CONFIDENTIAL MEMORANDUM OF UNDERSTANDING

### I.    PARTIES & POINTS OF CONTACT.

<u>Requester</u>
Federal Agency Name:  Civil Rights Division, U.S. Department of Justice
VRL/Data User:
Title:
Address:
Phone:

<u>VRL/Data Provider</u>
State Agency Name:
Custodian:
Title:
Address:
Phone:

The parties to this Memorandum of Understanding ("MOU" or "Agreement") are the Department of Justice, Civil Rights Division ("Justice Department" or "Department"), and the State of Georgia ("You" or "your state").

### II.    AUTHORITY.

By this Agreement, the State of Georgia ("You" or "your state") has agreed to, and will, provide an electronic copy of your state's complete statewide Voter Registration List ("VRL" or "VRL/Data") to the Civil Rights Division of the U.S. Department of Justice (at times referred to as the "Department").  The VRL/Data must include, among other fields of data, the voter registrant's full name, date of birth, residential address, his or her state driver's license number or

1

the last four digits of the registrant's social security number as required under the HAVA to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A).

The authorities by which this information is requested by the Department of Justice are:

- National Voter Registration Act of 1993, 52 U.S.C. § 20501, *et seq*.

- Attorney General's authority under Section 11 of the NVRA to bring enforcement actions. See 52 U.S.C. § 20501(a).

- Help America Vote Act of 2002, 52 U.S.C. § 20901, *et seq*.

- Attorney General's authority to enforce the Help America Vote Act under 53 U.S.C. § 21111.

- Attorney General authority to request records pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*.

- The Privacy Act of 1974, 5 U.S.C. § 552a, as amended.

## III.    PURPOSE.

A VRL is a Voter Registration List pursuant to the NVRA and HAVA, commonly referred to as "voter roll," compiled by a state – often from information submitted by counties – containing a list of all the state's *eligible* voters. Regardless of the basis for ineligibility, ineligible voters do not appear on a state's VRL when proper list maintenance is performed by states. The Justice Department is requesting your state's VRL to test, analyze, and assess states' VRLs for proper list maintenance and compliance with federal law. In the event the Justice Department's analysis of a VRL results in list maintenance issues, insufficiency, inadequacy, anomalies, or concerns, the Justice Department will notify your state's point of contact   of the issues to assist your state with curing.

The purpose of this MOU is to establish the parties' understanding as to the security protections for data transfer and data access by the Department of Justice of the electronic copy of the statewide voter registration list, including all fields requested by the Department of Justice.

**IV.    TIMING OF AGREEMENT – TIME IS OF ESSENCE.**

Although the Justice Department is under no such obligation as a matter of law, because this Agreement is proposed, made, and to be entered into at your state's request as part of your state's transmission of its VRL to the Justice Department, this Agreement is to be fully executed within seven (7) days of the Justice Department presenting this Agreement to you.  Both parties agree that no part of this Agreement or execution is intended to, or will, cause delay of the transmission of your state's VRL to the Justice Department for analysis.

**V.    TIMING OF VRL/DATA TRANSFER.**

You agree to transfer an electronic copy of your state's complete statewide VRL/Data to the Civil Rights Division of the U.S. Department of Justice as described in Section III of this Agreement no later than five (5) business days from the execution of this Agreement, which is counted from the last day of the last signatory.

**VI.    METHOD OF VRL/DATA ACCESS OR TRANSFER.**

The VRL will be submitted by your state via the Department of Justice's secure file-sharing system, i.e., Justice Enterprise File Sharing (JEFS").  A separate application to use JEFS must be completed and submitted by your state through the Civil Rights Help Desk.  JEFS implements strict access controls to ensure that each user can only access their own files.  All files and folders are tied to a specific user, and each user has defined permissions that govern how they may interact with those files (e.g., read, write, or read-only).

Whenever a user attempts to access a file or folder, JEFS validates the request against the assigned permissions to confirm that the user is explicitly authorized. This process guarantees that users can only access files and folders only where they have permission. Users are also limited to the authorized type of interaction with each file or folder. Within the Department of Justice, access to JEFS is restricted to specific roles: Litigation Support, IT staff, and Civil Rights Division staff.

## VII.    LOCATION OF DATA AND CUSTODIAL RESPONSIBILITY.

The parties mutually agree that the Civil Rights Division (also "Department") will be designated as "Custodian" of the file(s) and will be responsible for the observance of all conditions for use and for establishment and maintenance of security agreements as specified in this agreement to prevent unauthorized use. The information that the Department is collecting will be maintained consistent with the Privacy Act of 1974, 5 U.S.C. § 552a. The full list of routine uses for this collection of information can be found in the Systems of Record Notice ("SORN") titled, JUSTICE/CRT – 001, "Central Civil Rights Division Index File and Associated Records," 68 Fed. Reg. 47610-01, 611 (August 11, 2003); 70 Fed. Reg. 43904-01 (July 29, 2005); and 82 Fed. Reg. 24147-01 (May 25, 2017). It should be noted that the statutes cited for routine use include NVRA, HAVA, and the Civil Rights Act of 1960, and the Justice Department is making our request pursuant to those statutes. The records in the system of records are kept under the authority of 44 U.S.C. § 3101 and in the ordinary course of fulfilling the responsibility assigned to the Civil Rights Division under the provisions of 28 C.F.R. §§ 0.50, 0.51.

VRL/Data storage is similar to the restricted access provided on JEFS and complies with the SORN: Information in computer form is safeguarded and protected in accordance with applicable Department security regulations for systems of records. Only a limited number of staff members who are assigned a specific identification code will be able to use the computer to access

4

the stored information. However, a section may decide to allow its employees access to the system in order to perform their official duties.

All systems storing the VRL data will comply with all security requirements applicable to Justice Department systems, including but not limited to all Executive Branch system security requirements (e.g., requirements imposed by the Office of Management and Budget [OMB] and National Institute of Standards and Technology [NIST]), Department of Justice IT Security Standards, and Department of Justice Order 2640.2F.

## VIII.    NVRA/HAVA COMPLIANT VOTER REGISTRATION LIST.

After analysis and assessment of your state's VRL, the Justice Department will securely notify you or your state of any voter list maintenance issues, insufficiencies, inadequacies, deficiencies, anomalies, or concerns, the Justice Department found when testing, assessing, and analyzing your state's VRL for NVRA and HAVA compliance, i.e., that your state's VRL only includes eligible voters.

You agree therefore that within forty-five (45) days of receiving that notice from the Justice Department of any issues, insufficiencies, inadequacies, deficiencies, anomalies, or concerns, your state will clean its VRL/Data by removing ineligible voters and resubmit the updated VRL/Data to the Civil Rights Division of the Justice Department to verify proper list maintenance has occurred by your state pursuant to the NVRA and HAVA.

## IX.    CONFIDENTIALITY & DEPARTMENT SAFEGUARDS.

Any member of the Justice Department in possession of a VRL/Data will employ reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such data. Compliance with these safeguards will include secure user authentication protocols deploying either: (i) Two-Factor Authentication ("2FA"), which requires users to go through two layers of security before access is granted to the system; or (ii) the

5

assignment of unique user identifications to each person with computer access plus unique complex passwords, which are not vendor supplied default passwords.

The Department will activate audit logging for the records, files, and data containing the state's VRL/Data in order to identify abnormal use, as well as to track access control, on computers, servers and/or Devices containing the VRL/Data.

For all devices storing records, files, and data containing the VRL/Data: there is (i) up-to-date versions of system security agent software that includes endpoint protection and malware protection and reasonably up-to-date patches and virus definitions, or a version of such software that can still be supported with up-to-date patches and virus definitions, and is set to receive the most current security updates on a regular basis; and (ii) up-to-date operating system security patches designed to maintain the integrity of the personal information.

For all devices storing records, files, and data containing the VRL/Data: there is (i) controlled and locked physical access for the Device; and (ii) the prohibition of the connection of the Device to public or insecure home networks.

There will be no copying of records, files, or data containing the VRL/Data to unencrypted USB drives, CDs, or external storage.  In addition, the use of devices outside of moving the records, files, or data to the final stored device location shall be limited.

Any notes, lists, memoranda, indices, compilations prepared or based on an examination of VRL/Data or any other form of information (including electronic forms), that quote from, paraphrase, copy, or disclose the VRL/Data with such specificity that the VRL/Data can be identified, or by reasonable logical extension can be identified will not be shared by the Department. Any summary results, however, may be shared by the Department.

In addition to the Department's enforcement efforts, the Justice Department may use the information you provide for certain routine, or pre-litigation or litigation purposes including:

6

present VRL/Data to a court, magistrate, or administrative tribunal; a contractor with the Department of Justice who needs access to the VRL/Data information in order to perform duties related to the Department's list maintenance verification procedures. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. § 552a(m).

## X. LOSS OR BREACH OF DATA.

If a receiving party discovers any loss of VRL/Data, or a breach of security, including any actual or suspected unauthorized access, relating to VRL/Data, the receiving party shall, at its own expense immediately provide written notice to the producing party of such breach; investigate and make reasonable and timely efforts to remediate the effects of the breach, and provide the producing party with assurances reasonably satisfactory to the producing party that such breach shall not recur; and provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach. The receiving party agrees to cooperate with the producing party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate unauthorized access.

## XI. DESTRUCTION OF DATA.

The Department will destroy all VRL/Data associated with actual records as soon as the purposes of the list maintenance project have been accomplished and the time required for records retention pursuant to applicable law has passed. When the project is complete and such retention requirements by law expires, the Justice Department will:

1. Destroy all hard copies containing confidential data (e.g., shredding);

2. Archive and store electronic data containing confidential information offline in a secure location; and

3. All other data will be erased or maintained in a secured area.

## XII.    OTHER PROVISIONS.

A.  Conflicts. This MOU constitutes the full MOU on this subject between the Department and your state. Any inconsistency or conflict between or among the provisions of this MOU, will be resolved in the following order of precedence: (1) this MOU and (2) other documents incorporated by reference in this MOU (e.g., transaction charges).

B.  Severability. Nothing in this MOU is intended to conflict with current law or regulation or the directives of Department, or the your state. If a term of this MOU is inconsistent with such authority, then that term shall be invalid but, to the extent allowable, the remaining terms and conditions of this MOU shall remain in full force and effect.

C.  Assignment. Your state may not assign this MOU, nor may it assign any of its rights or obligations under this MOU.  To the extent allowable by law, this MOU shall inure to the benefit of, and be binding upon, any successors to the Justice Department and your state without restriction.

D.  Waiver. No waiver by either party of any breach of any provision of this MOU shall constitute a waiver of any other breach. Failure of either party to enforce at any time, or from time to time, any provision of this MOU shall not be construed to be a waiver thereof.

E.  Compliance with Other Laws. Nothing in this MOU is intended or should be construed to limit or affect the duties, responsibilities, and rights of the User Agency under the National Voter Registration Act, 52 U.S.C. § 20501 *et seq*., as amended; the Help America Vote Act, 52 U.S.C. § 20901 *et seq*., as amended; the Voting Rights Act, 52 U.S.C. § *10301 et seq.*, as amended; and the Civil Rights Act, 52 U.S.C. § 10101 et seq., as amended.

F.  Confidentiality of MOU.  To the extent allowed by applicable law, this MOU, its contents, and the drafts and communications leading up to the execution of this MOU are deemed

8

by the parties as "confidential."  Any disclosures therefore could be made, if at all,

pursuant to applicable laws or court orders requiring such disclosures.


**SIGNATURES**

VRL/Data Provider
State Agency Name:
Signature: _____ Date of Execution:_____

Authorized Signatory Name Printed:_____

Title: _____


Requester
Federal Agency Name:  Civil Rights Division, U.S. Department of Justice

Signature: _____ Date of Execution:_____

Authorized Signatory Name Printed:_____

Title: _____

# EXHIBIT 6

| | |
|---|---|
| **From:** | McGowan, Charlene <cmcgowan@sos.ga.gov> |
| **Sent:** | Tuesday, December 2, 2025 11:11 AM |
| **To:** | Neff, Eric (CRT) |
| **Cc:** | Evans, Blake |
| **Subject:** | FW: USDOJ contact re: Voter Registration List |
| **Attachments:** | RE: Response to August 7, 2025 Letter |

Mr. Neff,

Our office attempted to send the Department of Justice data files and other records in response to this request several months ago, as you will see in the attached communications. We requested the link and instructions to use the department's secure file transfer site, but received no response, perhaps because of the government shutdown. Can you please send us instructions so we can move forward with sending you with the records we prepared?

We are in the process of reviewing the MOU internally, and will also need to consult with our counsel at the Attorney General's office before providing feedback.


Sincerely,
Charlene


Charlene S. McGowan

*General Counsel*
*Georgia Secretary of State*
Direct: 470-690-0403
Mobile: 770-417-0755
cmcgowan@sos.ga.gov




---

**From:** Neff, Eric (CRT) <Eric.Neff@usdoj.gov>
**Sent:** Monday, December 1, 2025 8:29 AM
**To:** SOS Contact <soscontact@sos.ga.gov>; Evans, Blake <bevans@sos.ga.gov>
**Subject:** USDOJ contact re: Voter Registration List

**CAUTION:** This email originated from outside of the GA SOS organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!

Good morning:

I am the new contact for the letters with your office requesting Georgia's Voter Registration List with all fields. Our office communicated this request to you in letters from Aug. 7 and 14 (attached).

Also attached is our MOU that will cover any data sharing and privacy concerns.

We are anticipating active litigation with Fulton County over some of their records. As such, we are hoping to have cooperation at the State level effected as soon as possible.  Please let me know when you can have at least a preliminary discussion as to this request, preferably today.


Best,
Eric


**Eric Neff**
Trial Attorney
Civil Rights Division
Department of Justice
150 M St. NE, Ste. 8-139
Washington, DC 20002
Eric.Neff@usdoj.gov
Cell: 202-532-3628



| | |
|---|---|
| **From:** | McGowan, Charlene <cmcgowan@sos.ga.gov> |
| **Sent:** | Thursday, October 9, 2025 1:33 PM |
| **To:** | maureen.riordan2@usdoj.gov |
| **Cc:** | Evans, Blake |
| **Subject:** | RE: Response to August 7, 2025 Letter |

Ms. Riordan,

Following up this matter, we are preparing data files and other records that we expect to transmit to you by next week. Your letter references the department's secure file transfer site. Can you please send us the link and instructions for use?

Thank you.

Sincerely,
Charlene


Charlene S. McGowan

*General Counsel*
*Georgia Secretary of State*
Direct: 470-690-0403
Mobile: 770-417-0755
cmcgowan@sos.ga.gov



---

**From:** McGowan, Charlene
**Sent:** Friday, August 15, 2025 2:06 PM
**To:** maureen.riordan2@usdoj.gov
**Cc:** Evans, Blake <bevans@sos.ga.gov>
**Subject:** Response to August 7, 2025 Letter

Dear Ms. Riordan,

It was nice to speak with you a few weeks ago. I am writing in response to the letter dated August 7th from you and Mr. Gates, requesting records under the National Voter Registration Act. We are currently working on gathering responsive information, but require additional time to provide data that is as current and complete as possible.

The State of Georgia is in full compliance with the NVRA's list maintenance requirements and is recognized as a national leader in maintaining clean and accurate voter lists. Just last month, Secretary Raffensperger announced

continued 2025 list maintenance activities with the mailing of cancellation notices to over 477,000 registrants in Inactive status. These notices were sent in July, and those registrations will be cancelled if the registrants fail to respond within the 30-day response time. Additionally, notices were sent last month to over 218,000 registrants on the No Contact list, who will be moved to Inactive status if they fail to respond. Information regarding these list maintenance activities, as well as links to supporting records, is published for full transparency on the Secretary's website:

Secretary Raffensperger Continues Multi-Step List Maintenance Audit | Georgia Secretary of State

Raffensperger Announces Completion of "No Contact" Mailer; Multi-Phase Audit Continues | Georgia Secretary of State

In order to provide the Department of Justice with information that is current and reflective of our most recent list maintenance activities, we will respond to your request when we have completed processing these updates, which we expect will be by late September.

In the meantime, please feel free to reach out to me should you have any questions.

Kind regards,

Charlene S. McGowan

*General Counsel*
*Georgia Secretary of State*
Direct: 470-690-0403
Mobile: 770-417-0755
cmcgowan@sos.ga.gov



# EXHIBIT 7

| | |
|---|---|
| **From:** | Hayes, Chris (CRT) <Chris.Hayes2@usdoj.gov> |
| **Sent:** | Wednesday, December 3, 2025 11:17 AM |
| **To:** | McGowan, Charlene |
| **Cc:** | Evans, Blake; Neff, Eric (CRT) |
| **Subject:** | RE: USDOJ contact re: Voter Registration List |

> **CAUTION:** This email originated from outside of the GA SOS organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!

Charlene,
Good morning!  Once you review and sign the MOU, I can send you an upload-only link to our system. The link lets the receiver to upload files but doesn't allow downloading or viewing anything else.

Let me know if you have any questions.

Thanks,

Thanks,
*Chris Hayes*
*IT Specialist, ADMIN*
*U.S. Department of Justice, Civil Rights Division*
*150 M st NE Suite 9.926*
*Washington, DC 20002*
*Tel: 202 532-3879*
*Chris.Hayes2@usdoj.gov*



---

**From:** Neff, Eric (CRT) <Eric.Neff@usdoj.gov>
**Sent:** Wednesday, December 3, 2025 10:56 AM
**To:** McGowan, Charlene <cmcgowan@sos.ga.gov>; Hayes, Chris (CRT) <Chris.Hayes2@usdoj.gov>
**Cc:** Evans, Blake <bevans@sos.ga.gov>
**Subject:** RE: USDOJ contact re: Voter Registration List

Charlene,

I am roping Chris Hayes into this conversation.  He is our excellent Litigation Support specialist.  Chris, can you help them with instructions on how to file share through the JEFS program?

Eric

**From:** Neff, Eric (CRT)
**Sent:** Tuesday, December 2, 2025 11:19 AM
**To:** 'McGowan, Charlene' <cmcgowan@sos.ga.gov>
**Cc:** Evans, Blake <bevans@sos.ga.gov>
**Subject:** RE: USDOJ contact re: Voter Registration List

Absolutely and we understand regarding needing time to review.

I'm in the middle of a few deadlines at the moment, but I will have the instructions to you shortly.

Eric

**From:** McGowan, Charlene <cmcgowan@sos.ga.gov>
**Sent:** Tuesday, December 2, 2025 11:11 AM
**To:** Neff, Eric (CRT) <Eric.Neff@usdoj.gov>
**Cc:** Evans, Blake <bevans@sos.ga.gov>
**Subject:** [EXTERNAL] FW: USDOJ contact re: Voter Registration List

Mr. Neff,

Our office attempted to send the Department of Justice data files and other records in response to this request several months ago, as you will see in the attached communications. We requested the link and instructions to use the department's secure file transfer site, but received no response, perhaps because of the government shutdown. Can you please send us instructions so we can move forward with sending you with the records we prepared?

We are in the process of reviewing the MOU internally, and will also need to consult with our counsel at the Attorney General's office before providing feedback.

Sincerely,
Charlene


Charlene S. McGowan

*General Counsel*
*Georgia Secretary of State*
Direct: 470-690-0403
Mobile: 770-417-0755
cmcgowan@sos.ga.gov



**From:** Neff, Eric (CRT) <Eric.Neff@usdoj.gov>
**Sent:** Monday, December 1, 2025 8:29 AM
**To:** SOS Contact <soscontact@sos.ga.gov>; Evans, Blake <bevans@sos.ga.gov>
**Subject:** USDOJ contact re: Voter Registration List

> **CAUTION:** This email originated from outside of the GA SOS organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!

Good morning:

I am the new contact for the letters with your office requesting Georgia's Voter Registration List with all fields. Our office communicated this request to you in letters from Aug. 7 and 14 (attached).

Also attached is our MOU that will cover any data sharing and privacy concerns.

We are anticipating active litigation with Fulton County over some of their records. As such, we are hoping to have cooperation at the State level effected as soon as possible.  Please let me know when you can have at least a preliminary discussion as to this request, preferably today.

Best,
Eric

**Eric Neff**
Trial Attorney
Civil Rights Division
Department of Justice
150 M St. NE, Ste. 8-139
Washington, DC 20002
Eric.Neff@usdoj.gov
Cell: 202-532-3628



# EXHIBIT 8

| | |
|---|---|
| **From:** | McGowan, Charlene <cmcgowan@sos.ga.gov> |
| **Sent:** | Monday, December 8, 2025 1:48 PM |
| **To:** | voting.section@usdoj.gov; Eric.Neff@usdoj.gov |
| **Cc:** | Evans, Blake; Hayes, Chris (CRT) |
| **Subject:** | Response to Request for Information under the NVRA |
| **Attachments:** | Ltr to H Dhillon 12.8.25.pdf |

On behalf of the Georgia Secretary of State, please see the attached correspondence to Ms. Dhillon in response to the Department of Justice's request for information regarding Georgia's compliance with the statewide voter registration list maintenance provisions of the National Voter Registration Act. Per your request, the attached letter provides detailed information showing Georgia's substantial voter list maintenance efforts in compliance with the NVRA.

Along with the information in the attached letter, you will receive a separate email from Elections Director Blake Evans transmitting requested records documenting Georgia's NVRA compliance, including:

- Contact information for the County Registrars responsible for voter registration in Georgia;
- A sample of public announcements documenting the Secretary of State's list maintenance activities;
- A list of registrations canceled between September 2023 to October 2025;
- Sample list maintenance notices mailed to voters during the list maintenance process; and
- Georgia's complete voter registration list, with confidential data fields redacted.

Links to the Voter History files that you requested and other voter registration data are also included in the letter.

Please note that we are currently updating our data in response to information received from the Department of Homeland Security as a result of our most recent SAVE batch upload. We expect that when these updates are complete, we will transmit an updated voter file by the end of the year.

Please feel free to reach out should you have any questions or need assistance accessing the files.

Sincerely,

Charlene S. McGowan

*General Counsel*
*Georgia Secretary of State*
Direct: 470-690-0403
Mobile: 770-417-0755
cmcgowan@sos.ga.gov





# Office of the Secretary of State

*Brad Raffensperger*
SECRETARY OF STATE

*Charlene McGowan*
GENERAL COUNSEL

December 8, 2025

Harmeet K. Dhillon
Assistant Attorney General, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530

      Re:    Request for Information under the National Voter Registration Act

Ms. Dhillon,

This is in response to the letters of August 7, 2025, and August 14, 2025, from the Department of Justice ("DOJ") requesting information regarding Georgia's compliance with the statewide voter registration list maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, *et seq*.

Secretary Raffensperger believes that clean voter lists are an essential component of trustworthy elections and takes every measure to ensure that only U.S. citizens and eligible residents can vote in Georgia's elections. We commend President Trump's commitment to citizenship verification and applaud this administration's efforts to provide states the necessary tools at the federal level to verify that only U.S. citizens are registered to vote.

Georgia is a recognized leader in citizenship verification that ensures only U.S. citizens vote in our elections. Because Georgia is 100% REAL ID compliant, everyone who has a driver's license or state identification card has proven their citizenship or legal immigration status to the Department of Driver Services. As an additional safeguard, Secretary Raffensperger was the first Secretary of State in the nation to conduct a full citizenship audit of the state's voter list, which was most recently completed prior to the 2024 presidential election.

Ms. Harmeet K. Dhillon
December 8, 2025
Page 2

As a regular part of the voter verification process, Georgia utilizes the Department of Homeland Security's SAVE database to verify the citizenship status of people who have been identified as potential non-citizens. Secretary Raffensperger is grateful for the swift action taken by DHS in response to his letter to Secretary Noem requesting certain improvements to the SAVE program to enhance its effectiveness as a voter verification tool. These requested improvements include the elimination of search fees for states, the addition of bulk upload capability, and integration of Social Security Administration data. Georgia was proud to be one of the first states to test these new SAVE enhancements.

In addition to citizenship verification, Georgia conducts rigorous voter list maintenance to the fullest extent permissible under state and federal law. Our elections division and county registrars are continuously updating Georgia's newly modernized and secure voter registration database using a wide variety of reliable data sources that detect when voters move to a new county, move out of state, receive felony sentences, or are deceased. Georgia's proactive, data-driven approach serves as a national model for effective list maintenance at the state level.

Georgia's success in maintaining a clean voter list stems from our use of every available list maintenance tool. The Secretary's office spearheads partnerships with a wide range of state and federal agencies, including the U.S. Postal Service, the Department of Homeland Security, and the Georgia Department of Driver Services to ensure that only eligible Georgians are registered and that the voter list is current and accurate. We also collaborate with over 26 states to share cross-state data and match records with the Social Security Death Master File and the USPS National Change of Address list and to identify potential double voters. Election officials receive information from state health agencies and the Social Security Death Master File, as well as other sources, to identify deceased registrants and remove them from the voter list. Additionally, we receive felony conviction notices from state law enforcement agencies and the Department of Justice, and non-citizen jury affidavits from our state courts. Recently, our office conducted an audit of registrants' residential addresses using DHS's Geospatial Management Office to confirm their accuracy.

In addition to this ongoing regular list maintenance, the Secretary's office conducts comprehensive statewide voter list maintenance every year as required by state and federal law. As part of 2025's statewide list maintenance, the elections division sent out a total of **1,006,474 list maintenance notices, and that number will increase before the end of the year**.

Ms. Harmeet K. Dhillon
December 8, 2025
Page 3

These list maintenance notices included:

- cancellation notices to 477,883 registrants who had been in "Inactive" status for the past two general elections;
- cancellation notices to 18,563 registrants identified as having cancelled their Georgia driver's license due to a move out of state;
- 218,951 notices to registrants currently listed as having "Active" status but who have not had any voter or registration activity in five calendar years;
- 65,271 notices to registrants identified in National Change of Address (NCOA) registry data as having moved out of state;
- 80,754 notices to registrants identified in National Change of Address (NCOA) registry data as having moved out of county;
- 117,602 notices to registrants identified in National Change of Address (NCOA) registry data as having moved within county; and
- 27,450 notices to registrants identified through secure cross-state data sharing agreements as having moved out of state.

To date in 2025, **580,358 registrations have been canceled** and **298,421 registrations have been moved to "Inactive" status**.

This year's activity is a continuation of the rigorous list maintenance Secretary Raffensperger has completed since he took office. Since 2019, the elections division has issued over **4.4 million list maintenance notices**, including the following activity over the past 5 years:

| Type | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **NCOA Out of County** | 104,270 | 45,686 | 84,523 | 51,606 | 80,754 |
| **NCOA Within County** | 129,448 | 76,082 | 127,904 | 105,749 | 117,602 |
| **NCOA Out of State** | 168,178 | 32,820 | 100,685 | 38,866 | 65,271 |
| **Cross-State Data** | 417,957 | 272,728 | 119,362 | 62,114 | 27,450 |
| **No Contact** | 185,666 | 0 | 183,584 | 0 | 218,951 |
| **No General Election** | 101,789 | 16,127 | 191,473 | 0 | 477,883 |
| **DL Cancellations** | 0 | 0 | 66,711 | 0 | 18,563 |
| **Totals** | **1,107,308** | **443,443** | **874,242** | **258,335** | **1,006,474** |

Ms. Harmeet K. Dhillon
December 8, 2025
Page 4

We have also made it easier for voters to cancel their Georgia voter registration through the Secretary's online cancellation portal. Voters who move out of state or family members of deceased voters may cancel their registrations online via our website.

Supporting records showing Georgia's nation-leading list maintenance activities are being transmitted to you via secure transfer contemporaneously with this letter, along with Georgia's complete list of registered voters. The voter file includes the last date voted for each registrant, and additional voter history files are available on the Secretary's website.[1] We encourage you to review the wealth of data available at our Election Data Hub.[2]

Along with his commitment to maintaining clean voter rolls, the Secretary is committed to following the laws that protect the confidentiality of Georgia voters' personal information. Georgia law prohibits the disclosure of voters' full date of birth, social security number, and driver's license number. O.C.G.A. § 21-2-225(b).[3] Accordingly, in compliance with state law, and in consultation with the Georgia Attorney General's office, the voter list provided excludes "sensitive information that implicates special privacy concerns." *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1344 (N.D. Ga. 2016). Nevertheless, the records that we are submitting are more than sufficient to demonstrate Georgia's compliance with the NVRA.

Indeed, Georgia is the gold standard in voter list maintenance at the state level. But we face federal barriers to doing even more. As you know, the NVRA prohibits systematic list maintenance within 90 days of a federal election. This 90-day blackout period restricts us from conducting list maintenance in federal election years precisely when clean rolls are most important. Congress must modernize this outdated law, which was written before the mobility and digital capabilities of the modern era. Secretary Raffensperger has repeatedly called on Congress to reform the NVRA to allow for new technologies to be used to keep voter rolls as up to date as possible.

Secretary Raffensperger appreciates the support of the Trump administration in urging Congress to adopt common-sense reform. We welcome the opportunity to partner with this administration to advance our shared mission of ensuring that states maintain clean voters roles and only eligible U.S. citizens vote in our elections.

---

[1] Voter History Files
[2] Election Data Hub | Georgia Secretary of State
[3] While a limited exception allows for disclosure to government agencies, that only applies where "the agency is authorized to maintain such information and the information is used only to identify the elector on the receiving agency's data base," which is not the stated basis for the DOJ's request here.

Ms. Harmeet K. Dhillon
December 8, 2025
Page 5

Recommended opportunities for collaboration include:

- Continued collaboration between Georgia and USCIS to enhance use of SAVE;
- Continued joint law enforcement action between SOS and federal investigators to investigate and prosecute suspected cases of non-citizens attempting to vote or registering to vote;
- Streamlining the process by which the Department of Justice reports felony convictions to state election officials, which currently is sporadic and disjointed; and
- Jointly calling on Congress to reform and modernize the NVRA to permit states to conduct even more robust list maintenance.

Please feel free to reach out to our office if you would like to discuss further opportunities for collaboration.

Kind regards,

*Charlene S. McGowan*

General Counsel

# EXHIBIT 9

| From: | Evans, Blake <bevans@sos.ga.gov> |
|---|---|
| Sent: | Monday, December 8, 2025 1:49 PM |
| To: | McGowan, Charlene; voting.section@usdoj.gov; Eric.Neff@usdoj.gov |
| Cc: | Hayes, Chris (CRT) |
| Subject: | RE: Response to Request for Information under the NVRA |

Mr. Neff and Mr. Hayes,

You can both access the files that Mrs. McGowan referenced in her email below through this link:  Georgia Files for DOJ

I have set up the link so both of you can access the files. Please let me know if additional people need to have access. If you have any trouble, please let me know.

**Blake Evans**
*Elections Director*
Georgia Secretary of State
**Direct: 470-312-2777**
**Cell: 470-701-6901**

**From:** McGowan, Charlene <cmcgowan@sos.ga.gov>
**Sent:** Monday, December 8, 2025 1:48 PM
**To:** voting.section@usdoj.gov; Eric.Neff@usdoj.gov
**Cc:** Evans, Blake <bevans@sos.ga.gov>; Hayes, Chris (CRT) <Chris.Hayes2@usdoj.gov>
**Subject:** Response to Request for Information under the NVRA

On behalf of the Georgia Secretary of State, please see the attached correspondence to Ms. Dhillon in response to the Department of Justice's request for information regarding Georgia's compliance with the statewide voter registration list maintenance provisions of the National Voter Registration Act. Per your request, the attached letter provides detailed information showing Georgia's substantial voter list maintenance efforts in compliance with the NVRA.

Along with the information in the attached letter, you will receive a separate email from Elections Director Blake Evans transmitting requested records documenting Georgia's NVRA compliance, including:

- Contact information for the County Registrars responsible for voter registration in Georgia;
- A sample of public announcements documenting the Secretary of State's list maintenance activities;
- A list of registrations canceled between September 2023 to October 2025;
- Sample list maintenance notices mailed to voters during the list maintenance process; and
- Georgia's complete voter registration list, with confidential data fields redacted.

Links to the Voter History files that you requested and other voter registration data are also included in the letter.

Please note that we are currently updating our data in response to information received from the Department of Homeland Security as a result of our most recent SAVE batch upload. We expect that when these updates are complete, we will transmit an updated voter file by the end of the year.

Please feel free to reach out should you have any questions or need assistance accessing the files.

Sincerely,

Charlene S. McGowan

*General Counsel*
*Georgia Secretary of State*
Direct: 470-690-0403
Mobile: 770-417-0755
cmcgowan@sos.ga.gov

