# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:25-cv-00548-CAR |
| | : | |
| BRAD RAFFENSPERGER, in his | : | |
| Official Capacity as Secretary of State | : | |
| for the State of Georgia, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER DISMISSING CASE

After reviewing the Complaint, both parties' responses to this Court's Order to Show Cause, and the applicable law, this Court finds it lacks subject matter jurisdiction over this action and **DISMISSES** this action **without prejudice**.

District courts are courts of limited jurisdiction and may not hear a case where the court lacks jurisdiction over the subject matter of the dispute.[1] This Court must "inquire into subject matter jurisdiction *sua sponte* whenever it [appears jurisdiction] may be lacking[.]"[2] A "district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal

---

[1] *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005); *see also* Fed.R.Civ.P. 12(b)(1).
[2] *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

1

question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[3] Thus, "[s]ubject matter jurisdiction is conferred and defined by statute."[4] "It is well-established that a statute with a specific grant or limitation of jurisdiction takes precedence over a statute with a general grant or limitation of jurisdiction."[5] A district court must dismiss an action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction."[6] The party bringing the claim bears the burden of establishing subject matter jurisdiction.[7]

## BACKGROUND

On August 14, 2025, the Office of the Attorney General of the United States sent a written demand under 52 U.S.C. § 20703 to Defendant Brad Raffensperger, the Secretary of State for the State of Georgia, requesting Defendant email or upload an electronic copy of Georgia's complete and current statewide voter registration list, "contain[ing] *all fields*, . . . includ[ing] either the registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security

---

[3] *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).
[4] *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).
[5] *Sharadanant v. U.S. Citizenship & Immigr. Servs.*, 543 F. Supp. 2d 1071, 1073–74 (D.N.D. 2008) (citing *Pulido v. Bennett*, 848 F.2d 880, 886 (8th Cir.1988)); *see also Vinieratos v. U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 774 (9th Cir. 1991) ("A general statute cannot confer jurisdiction when a more specific statute explicitly denies it.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see also* In re *Prescription Home Health Care, Inc.*, 316 F.3d 542, 548 (5th Cir. 2002) ("[I]t is well established that a more specific statute controls over a more general one.").
[6] Fed. R. Civ. P. 12(h)(3); *see also Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992) ("[A] court *sua sponte* can raise a jurisdictional defect at any time, leading to dismissal of the relevant action.").
[7] *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

2

number[,]" to the Department of Justice.[8] The Attorney General mailed this written demand to "The Honorable Brad Raffensperger, Secretary of State, 214 State Capitol, Atlanta, GA 30334" and "Blake Evans, Director, Elections Division, Floyd West Tower, 2 MLK Jr. Dr. S.E., Suite 802, Atlanta, GA 30334."[9] On December 8, 2025, General Counsel for the Georgia Secretary of State's Office notified the Attorney General that Georgia law prohibits Defendant from complying with the written demand.[10]

On December 18, 2025, the Attorney General filed this action under 52 U.S.C. § 20703, requesting this Court to: (1) "[d]eclare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703[;]" and (2) "[o]rder Secretary Raffensperger to provide to the Attorney General the current electronic copy of Georgia's computerized statewide voter registration list, with all fields, . . . within 5 days of a Court order."[11] The Attorney General asserts a single claim – "Violation of the Civil Rights Act of 1960, 52 U.S.C. § 20703" – against Defendant.[12] Contemporaneously with the Complaint, the Attorney General filed its "Motion for Order to Compel Records Demanded Pursuant to The Civil Rights Act of 1960" under 52 U.S.C. §§ 20701, 20703, 20705 to which the

---

[8] Mot. Order Compel Records, Ex. 2, Doc. 2-2 at 6-8 (emphasis in original).
[9] *Id.*
[10] Mot. Order Compel Records, Ex. 3, Doc. 2-2 at 10-14.
[11] Compl., Doc. 1 at 9.
[12] *Id.* at 8-9.

3

Attorney General attached the parties' prior correspondence, including the written demand dated August 14, 2025.[13]

Four days later, this Court ordered the Attorney General to show cause how this Court has subject matter jurisdiction over this action and directed Defendant to file a response.[14] After the Attorney General filed its brief,[15] Defendant moved to dismiss this action for lack of subject matter jurisdiction among other grounds and attached to the motion the declaration of Charlene S. McGowan, General Counsel for Secretary of State Raffensperger.[16]

## DISCUSSION

This Court lacks subject matter jurisdiction under the specific grant of 52 U.S.C. § 20705 because the Attorney General's demand was not made, and the demanded records are not located, in the Middle District of Georgia.

In the Complaint, the Attorney General alleges this Court has jurisdiction over this action under the following statutes: (a) 28 U.S.C. § 1331; (b) 28 U.S.C. § 1345; (c) 28 U.S.C. § 2201(a); and (d) 52 U.S.C. § 20705.[17] 28 U.S.C. §§ 1331, 1345, 2201(a) are general grants of jurisdiction whereas 52 U.S.C. § 20705 is a specific grant of jurisdiction. Because "a

---

[13] Mot. Order Compel Records, Doc. 2.
[14] O.S.C., Doc. 9.
[15] Resp. O.S.C., Doc. 41.
[16] Def.'s Mot. Dismiss Pl.'s Compl., Docs. 46; Def.'s Br. Supp. Mot. Dismiss, Doc. 46-1; Ex. A, McGowan's Decl., Doc. 46-2.
[17] Compl., Doc. 1 ¶ 5.

4

statute with a specific grant or limitation of jurisdiction takes precedence over a statute with a general grant or limitation of jurisdiction[,]"[18] this Court will have subject matter jurisdiction over this action brought under 52 U.S.C. § 20703 only if the specific statutory grant of 52 U.S.C. § 20705 is satisfied.

Entitled "Demand for records or papers by Attorney General or representative; statement of basis and purpose[,]" 52 U.S.C. § 20703 provides as follows:

> Any record or paper required by [52 U.S.C. § 20701] to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative. This demand shall contain a statement of the basis and the purpose therefor.[19]

Entitled "Jurisdiction to compel production of records or papers[,]" 52 U.S.C. § 20705 provides as follows: "The United States district court for the district in which a demand is made pursuant to [52 U.S.C. § 20703], or in which a record or paper so demanded is

---

[18] *Sharadanant*, 543 F. Supp. 2d at 1073–74.
[19] 52 U.S.C. § 20703.

5

located, shall have jurisdiction by appropriate process to compel the production of such record or paper."[20]

A plain reading of § 20705 together with §§ 20701, 20703 indicates a district court has jurisdiction over a § 20703 proceeding only if: (1) the Attorney General sent a written demand to an officer of election or custodian (of papers or records required to be retained and preserved under 52 U.S.C. § 20701) located in the court's judicial district; or (2) a paper or record (requested for inspection, reproduction, and copying at the principal office of that officer of election or custodian in that written demand) is located in the court's judicial district. As this Court stated in its Order to Show Cause, it appears both are located in Atlanta, and thus, in the Northern District of Georgia, not here.

In its brief, the Attorney General contends this Court has subject matter jurisdiction over this action under § 20705 because (1) a record is "located" within the meaning of § 20705 where it can be accessed; (2) the current electronic copy of Georgia's computerized statewide voter registration list, containing all fields, can be accessed online in the Defendant's Macon Office within the Middle District of Georgia; and thus, (3) the electronic "record[s] so demanded [are] located" in the Middle District of

---

[20] 52 U.S.C. § 20705. 52 U.S.C. § 20705 has been held to vest exclusive jurisdiction in the federal district courts for the settlement of disputes arising under 52 U.S.C. § 20703. See *State of Ala. ex rel. Gallion v. Rogers*, 187 F. Supp. 848, 852 (M.D. Ala. 1960), *aff'd sub nom. Dinkens v. Att'y Gen. of U.S.*, 285 F.2d 430 (5th Cir. 1961), *cert. denied* 366 U.S. 913.

6

Georgia.[21] But the Attorney General's construction of "located" makes today's electronic records "located" in every judicial district across the nation because they can be accessed online virtually everywhere with an internet connection. As a result, Plaintiff's construction renders § 20705's specific jurisdictional limitation to be of no limit at all: reducing the entire provision to mere surplusage.[22] "Principles of statutory construction require 'a court to construe all parts to have meaning' and, accordingly, avoid constructions that would reduce some terms to mere surplusage."[23] Accordingly, this Court will not construe a provision's terms to make the entire provision meaningless.[24]

Here, only the Northern District of Georgia would have subject matter jurisdiction over this action under § 20705. First, the record shows the Attorney General's written demand was mailed and emailed to Defendant Brad Raffensperger, Secretary of State, and Blake Evans, Director of the Elections Division of the Secretary of State's Office, at their principal offices which are located in the Northern District of Georgia.[25] Second, the record shows the Secretary's administration of the statewide voter registration database

---

[21] Resp. O.S.C., Doc. 41.
[22] *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 26 (explaining "surplusage canon[]" provides that "[i]if possible, every word and every provision is to be given effect" and that no provision should "needlessly be given an interpretation that causes it to . . . have no consequence").
[23] In re *Total Realty Mgmt., LLC*, 706 F.3d 245, 251 (4th Cir. 2013) (quoting *PSINet, Inc. v. Chapman*, 362 F.3d 227, 232 (4th Cir. 2004)).
[24] *See Grantham v. Cory*, No. 2:12-CV-00096-KJD, 2012 WL 3206409, at *2 (D. Nev. Aug. 2, 2012) ("Courts are not to find any of the terms of a statute meaningless, a prohibition known as the Rule Against [Surplusage].").
[25] Mot. Order Compel Records, Ex. 2, Doc. 2-2 at 6-8; Ex. A, McGowan's Decl., Doc. 46-2.

7

takes place in Northern District of Georgia, and all orders for copies of Georgia voter lists are processed in the Elections Division in Northern District of Georgia.[26] All Elections Divisions staff work out of the Elections Division's principal and only office located at 2 Martin Luther King Jr. Drive, Suite 802, Floyd West Tower, Atlanta, Georgia 30334 in the Northern District of Georgia.[27] Thus, the administrative task of producing a copy of the demanded electronic records would be performed by the Elections Division at its principal office located in the Northern District of Georgia. Accordingly, the demanded record of the current electronic copy of the computerized statewide voter registration list is located in the Northern District of Georgia for the purposes of § 20705. Because the Attorney General's demand was not made in, and the demanded records are not located in, the Middle District of Georgia, the specific grant of jurisdiction under 52 U.S.C. § 20705 is not satisfied here.

## CONCLUSION

For the reasons explained above, this Court finds it lacks subject matter jurisdiction over this action and **DISMISSES** this action **without prejudice**.

**SO ORDERED,** this 23rd day of January, 2026.

                                                  s/ C. Ashley Royal_____
                                                  C. ASHLEY ROYAL, SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT

---

[26] Ex. A, McGowan's Decl., Doc. 46-2; see also Georgia Secretary of State, Order Voter Registration Lists and Files, https://sos.ga.gov/page/order-voter-registration-lists-and-files (last visited Jan. 22, 2026).

[27] *See* Georgia Secretary of State, *About the Elections Division*, https://sos.ga.gov/page/about-elections-division (last visited Jan. 22, 2026); Ex. A, McGowan's Decl., Doc. 46-2 at 3.