**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official<br>capacity as Secretary of State for the<br>State of Georgia,<br><br>*Defendant*. | Civil Action No. 1:26-cv-00485-ELR |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of his Motion to Dismiss, (Doc. 16), the Secretary respectfully submits the Opinion and Order from the U.S. District Court for the District of Oregon from *United States v. State of Oregon*, Case No. 6:25-cv-01666-MTK, Doc. 73 (Feb. 5, 2026), attached as Ex. A.

In the Oregon case, the DOJ sought an unredacted copy of Oregon's voter-registration list pursuant to the National Voter Registration Act (NVRA), the Help America Vote Act (HAVA), and the Civil Rights Act (CRA). Ex. A at 1–2. The district court granted the State's motion to dismiss the case and did not grant the DOJ leave to amend. *Id*. at 26.

In rejecting the DOJ's CRA claim, the district court determined that the "special statutory proceeding" approach urged by the DOJ—which dispenses with

the Federal Rules of Civil Procedure—did not apply. The district court relied on a U.S. Supreme Court case involving a similar statute that determined regular procedural rules applied to proceedings to enforce federal document demands. Ex. A at 15 (quoting *United States v. Powell*, 379 U.S. 48, 58 and n.18 (1964)).

It next determined that the DOJ letter to the Oregon Secretary of State did not include a "statement of a factual basis for believing Oregon violated the NVRA or HAVA." Ex. A at 17. Finally, the district court concluded that the CRA did not authorize a purpose beyond "investigating violations of individuals' voting rights" and that the DOJ's stated purpose "lacked any reference or relation to the purpose for which Title III was enacted." Ex. A at 20. As a result, the district court found that the DOJ failed to state a claim under the CRA. *Id.*

The district court also considered whether the CRA required Oregon to disclose information that was protected by Oregon law. Like Georgia, Oregon law restricts the Secretary and county officials from releasing "the birth day, month, social security number, and driver license number in voter registration files . . . unless otherwise required by law." Ex. A at 23 (quoting ORS 247.948(2)). The district court found that the CRA did not preempt the Oregon protections for the private information of voters and thus did not require production of an unredacted voter file to the DOJ. Ex. A at 23. This conclusion provided the district

2

court with an independent reason for granting the motion to dismiss, because the CRA does not require the disclosure of unredacted voter information. *Id.* at 24.

The Oregon district court's ruling demonstrates why this Court should grant the Secretary's motion to dismiss. (Doc. 16). First, like the Oregon letter, the DOJ's letter to Georgia lacked any *basis* for why the DOJ believed there was a violation of the NVRA or HAVA. (Doc. 16-2 at 15[1]). Further, the DOJ cannot proceed under the CRA to investigate compliance with other federal laws that are unrelated to voting discrimination, because that is not a proper purpose of the CRA. (Doc. 16-1 at 22–23). The CRA also does not preempt the protections of Georgia law, which are similar to those in Oregon, meaning that Georgia is not required to produce an unredacted copy of its voter list in response to the DOJ's demand. (Doc. 16-1 at 19–22).

The Oregon district court's decision demonstrates that the Secretary has fully complied with everything the CRA requires—because he has provided a redacted copy of Georgia's voter-registration list. He has also provided additional documentation regarding compliance with NVRA and HAVA list maintenance processes to the extent the DOJ wishes to investigate Georgia's compliance with those other federal laws. This Court should grant the Secretary's motion to dismiss

---

[1] All page number references to entries on the docket are to the blue ECF pages at the top of each page.

because the CRA does not require anything further of the State of Georgia beyond what it has already done.

Respectfully submitted this 9th day of February, 2026.

/s/ Bryan P. Tyson
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**
3630 Peachtree Road NE
Suite 700
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for Defendant Secretary of State Brad Raffensperger*

4

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing brief was prepared in Book Antiqua 13, a font and type selection approved by the Court in L.R. 5.1(C).

*/s/ Bryan P. Tyson*
Bryan P. Tyson