# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,

    *Defendant*.

Case No. 1:26-cv-00485-ELR

## MEMORANDUM IN SUPPORT OF THE DEMOCRATIC NATIONAL COMMITTEE'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF

The Democratic National Committee (DNC) respectfully moves for leave to submit a brief in this matter as amicus curiae. The DNC is the oldest continuing party committee in the United States, and its purposes and functions are to communicate the Democratic Party's position on issues, protect voters' rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to register as Democrats and vote in favor of Democratic candidates. The DNC represents millions of voters, including hundreds of thousands of registered voters who participate in Democratic primaries in Georgia.

This Court should exercise its discretion to allow the DNC to file an amicus brief. "Unlike the Supreme Court Rules and the Federal Rules of Appellate

Procedure, the Federal Rules of Civil Procedure do not specifically provide for the filing of *amicus curiae* briefs at the district court level." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). Nevertheless, district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *Id.* "Courts typically grant amicus status where the parties contribute to the court's understanding of the matter in question by proffering timely and useful information." *Fair Fight, Inc. v. True the Vote*, No. 2:20-cv-302, 2023 WL 11909697, at *1 (N.D. Ga. Feb. 1, 2023) (internal citation and quotation marks omitted). Ultimately, the "decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court." *Dejulio v. Georgia*, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001).

In this case, the U.S. Department of Justice demands a copy of the State of Georgia's complete, unredacted voter file, which includes the personal identifying information of hundreds of thousands of Democrats. This demand forces Democrats to choose between democratic participation and data privacy. Conditioning the right to vote on the release of private information "creates an intolerable burden on that right." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). In turn, the DNC has a significant protectable interest in the success for Democratic candidates, and pressure on Democrats to avoid registration or to remove themselves

from the voter rolls would impose an intolerable burden on that interest. *See, e.g.*, *Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365, at *2-3 (D. Nev. Apr. 28, 2020); *cf. Bost v. Ill. State Bd. of Elections*, 146 S. Ct. 513, 519-21 (2026) (describing candidates' "interest in a fair process").

The DNC would also bring substantial expertise concerning the statutes at issue: Title III of the Civil Rights Act of 1960 (Title III), 52 U.S.C. §§ 20701-06, the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. §§ 20501-11, and the Help America Vote Act of 2002 (HAVA), 52 U.S.C. §§ 20901-21145. The DNC routinely litigates matters under both the NVRA and HAVA. *See, e.g.*, *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No. 5:24-cv-547 (E.D.N.C.) (HAVA); *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.) (NVRA). More broadly, the DNC regularly works with state election officials to ensure that elections are conducted in a free, fair, and lawful manner and relies on the document retention requirements at the heart of Title III. Thus, several courts have granted the DNC leave to file amicus briefs in related litigation, and none have denied the DNC amicus status. *See, e.g.*, Order, *United States v. Oregon*, No. 6:25-cv-1666 (D. Or. Nov. 21, 2025), ECF No. 38.

For these reasons, this Court should grant the Democratic National Committee's motion for leave to file an amicus brief. The proposed brief, a copy

of which is attached as an exhibit, complies with the requirements set forth in Local Rule 5.1 and Local Rule 7.1.

| Respectfully submitted, | February 20, 2026 |
|---|---|

/s/ Kurt G. Kastorf
Kurt G. Kastorf
GA Bar No. 315315
Kastorf Law
1387 Iverson Street NE, Suite 100
Atlanta, GA 30307
(404) 900-0330
kurt@kastorflaw.com

*/s/ Daniel J. Freeman*
Daniel J. Freeman*
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 863-8000
freemand@dnc.org

\* Pro Hac Vice Application Forthcoming