# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *Plaintiff*, v. BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia, *Defendant*. | Civil Action No. 1:26-cv-00485-ELR |

**DEFENDANT RAFFENSPERGER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION**

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................... ii

TABLE OF AUTHORITIES ................................................................................. iii

ARGUMENT AND CITATION OF AUTHORITY ............................................. 1

    I.   Georgia's voter-registration system .......................................................... 1

    II.  The Secretary does not send unredacted voter registration information to ERIC or other states. ............................................................... 2

CONCLUSION ........................................................................................................ 3

# TABLE OF AUTHORITIES

## Cases

*Aldridge v. Travelers Home & Marine Ins. Co.*,
1:16-CV-01247-SCJ, 2019 WL 8439150 (N.D. Ga. Feb. 21, 2019) .............................. 1

*Coal. for Open Democracy v. Scanlan*,
24-CV-312-SE, 2025 WL 1503937 (D.N.H. May 27, 2025) ........................................ 3

## Statutes

O.C.G.A. § 21-2-225 ........................................................................................ 2, 3

## Regulations

Ga. Comp. R. & Regs. 590-8-3-.01 .......................................................................... 2

## ARGUMENT AND CITATION OF AUTHORITY

As the Secretary of State's motion to dismiss explained, this Court lacks jurisdiction to hear this case. But in addition to responding to the Secretary's motion to dismiss, the DOJ also filed a cross-motion to compel. Doc. 31. Because of the overlapping nature of the arguments and to comply with the Local Rules, the Secretary incorporates by reference the arguments in his brief in support of his motion to dismiss, Doc. 16-1, in response to the DOJ's cross-motion.

In addition to those 22 pages, the Secretary also submits three more pages to provide the Court with information about the voter-registration system and briefly respond to an additional point raised by the DOJ. *See Aldridge v. Travelers Home & Marine Ins. Co.*, 1:16-CV-01247-SCJ, 2019 WL 8439150, at *1 (N.D. Ga. Feb. 21, 2019) (counting incorporated pages as part of page limit for the Local Rules).

**I.   Georgia's voter-registration system.**

Georgia's current voter-registration system, called GARVIS, was launched in 2023 and is a large and complex database. Declaration of Blake Evans, attached as Ex. A (Evans Dec.) at ¶ 6. GARVIS houses more than 12 million past and current voter records (including active, inactive, pending, and cancelled) and more than 100 million individual voter history records. *Id*. GARVIS operates on servers that meet the highest security standards, called the Federal Risk and Authorization Management Program (FedRAMP), and utilizes an array of security elements to

protect data. *Id.* at ¶¶ 7–8. Access to GARVIS is carefully controlled by the Secretary's office in accordance with Georgia law. *Id.* at ¶ 9. Further, because of its complexity and size, withdrawing information from GARVIS requires running reports and/or programming requests to extract the relevant data. *Id.* at ¶ 10.

Georgia statutes specifically limit what information is accessible from the database and to whom and access is monitored. O.C.G.A. § 21-2-225; Evans Dec. at ¶ 10. And Georgia regulations specify a variety of security requirements related to how users are able to access the system. Ga. Comp. R. & Regs. 590-8-3-.01.

## II.     The Secretary does not send unredacted voter registration information to ERIC or other states.

The DOJ claims that Georgia is acting inconsistently by refusing to provide unredacted records to it, because Georgia shares "the same" data sought by the DOJ "through the Electronic Registration Information Center ('ERIC')." Doc. 31-1 at 45. But that is wrong.

Georgia is a member of ERIC, a multi-state organization that provides a number of services to its member states, including National Change of Address (NCOA) information from the U.S. Postal Service it uses for list maintenance. Evans Dec. at ¶¶ 12–13; *see also* O.C.G.A. § 21-2-225(d). But Georgia never transmits unredacted private voter information to ERIC. *Id.* at ¶ 14. Instead, Georgia applies a one-way cryptographic hashing process to the data before transmittal which makes the confidential fields unreadable to anyone reviewing

2

them. *Id.* at ¶ 15. Georgia sends this hashed data to ERIC in an encrypted format. *Id.* at ¶ 16. ERIC then compares Georgia's hashed data to hashed data from other states to identify possible duplicate registrations. *Id.* at ¶¶ 16–17. If anyone accessed Georgia's encrypted data in transit to ERIC or while at ERIC, they would be unable to read it or otherwise reverse-engineer the private information of Georgia voters. *Id.* at ¶ 16. Further, the Secretary has explicit statutory authority to share voter data as a member of ERIC. O.C.G.A. § 21-2-225(d).

Likewise, when Georgia provides data to other state chief election officials pursuant to data-sharing agreements that are authorized by statute, it places strict requirements around that data to protect the confidential information of Georgia voters consistent with state law.[1] *Id.* at ¶¶ 12, 18. The fact that Georgia is conducting list maintenance using the information from ERIC demonstrates that Georgia is conducting as much list maintenance as federal law permits. *Id.* at ¶ 19.

## CONCLUSION

This Court should deny the DOJ's cross-motion to compel.

---

[1] The DOJ's citation of *Coal. for Open Democracy v. Scanlan*, 24-CV-312-SE, 2025 WL 1503937, at *5 (D.N.H. May 27, 2025) does not help its cause because there, "plaintiffs [were] willing to enter into a strict protective order" to obtain the confidential information.

3

Respectfully submitted this 5th day of March, 2026.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**
3630 Peachtree Road NE
Suite 700
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for Defendant Secretary of State Brad Raffensperger*

5

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing brief was prepared in Book Antiqua 13, a font and type selection approved by the Court in L.R. 5.1(B).

<div align="right">

*/s/ Bryan P. Tyson*
Bryan P. Tyson

</div>