UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | Case No: 1:26-cv-00485-ELR |

## UNITED STATES' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY (Dkt. 91)

The United States respectfully submits this response to the Supplementary Authority filed April 9, 2026. In *United States v. Galvin*, No. 25-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026) (*Galvin*), the District Court ruled that Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. § 20703, requires that the Attorney General's written demand for records must provide a "*factual* basis," not just a legal basis, to support a demand. *Galvin*, 2026 WL 972129 at *3 (emphasis added). *Galvin* acknowledged that in *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), the stated basis for the demand was merely that there was "information in the possession of the Attorney General tending to show that" the states were violating the law. *Id.* at 229 n.6. Nevertheless, *Galvin* ruled that the Attorney General's written demand letters did not provide a factual basis that satisfied *Lynd*. *See* 2026 WL 972129 at *4. The United States respectfully disagrees with *Galvin*'s overly formalistic interpretation of CRA procedure. Another out-of-circuit district noted in a footnote that a similar pair of demand letters "collectively put [the State] on notice of the basis and purpose of its request, which is sufficient to comply with the CRA." *United States v. Benson*, No. 1:25-cv-01148-HYJ-PJG, 2026 WL 362789 at *8 n.3 (W.D. Mich. Feb. 10, 2026), *appeal*

*docketed*, No. 26-1225 (6th Cir. Feb. 27, 2026). If the Court is persuaded by *Galvin*'s formalistic approach, the United States requests that the Court provide leave for the United States to send Defendant a curing elaboration letter rather than dismiss on the merits to avoid unnecessary delay in resolution of the underlying legal issues.[1]

Dated: April 14, 2026.

Respectfully submitted:


HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General


/s/ *Eric Neff*
_____

ERIC V. NEFF
Acting Chief, Voting Section
BRITTANY E. BENNETT
CHRISTOPHER J. GARDNER
Trial Attorneys, Voting Section
150 M Street NE, Floor 8
Washington, D.C. 20530
Telephone: (202) 307-2767
Email: eric.neff@usdoj.gov
Brittany.bennett@usdoj.gov
Christopher.gardner@usdoj.gov

---

[1] Judge Kari A. Dooley, United States District Judge for the District of Connecticut, suggesting the requisite cure for any alleged deficiency in the written demand, said: "If . . . I find the [written demand] letter does not meet the requisites for a court order, aren't we just back here in six months after a new letter has been sent?" *United States v. Thomas*, No. 3:26-cv-00021-KAD, Tr. of Oral Arg. 85:19-22 (D. Conn. Mar. 19, 2026) (attached as Ex. 1).

2