**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia, <br><br> Defendant. | No. 1:26-cv-485-ELR |

**INTERVENOR-DEFENDANTS COMMON CAUSE AND ROSARIO
PALACIOS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Common Cause and Rosario Palacios submit this Notice of Supplemental Authority regarding a decision in one of the other cases in which the United States Department of Justice ("DOJ") is seeking production of states' full and unredacted voter files pursuant to Title III of the Civil Rights Act of 1960 ("CRA"). Today, the District Court for the District of Rhode Island issued an opinion in *United States v. Amore*, No. 1:25-cv-00639-MSM-PAS, denying the DOJ's motion to compel and dismissing its complaint seeking production of Rhode Island's statewide voter registration list. That opinion is attached as Exhibit 1.

*Amore* rejected DOJ's attempt to conduct a "fishing expedition," unmoored from any factual basis or legally proper purpose. Ex. 1 at 14. As a matter of process,

it held that "DOJ is not entitled to any sort of summary or abbreviated procedures for obtaining the information it seeks." *Id.* at 8. In so holding, the court rejected DOJ's reliance on *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962)—which it noted "is steeped in the context of 1960s racial discrimination in voter registration"—in light of *United States v. Powell*, 379 U.S. 48 (1964), and DOJ's decision to file a complaint. Ex. 1 at 8–9 & n.1. Applying the familiar standard of Federal Rule of Civil Procedure 12, the court further held that the CRA's requirement that DOJ provide a written statement of "the basis" of its request refers to "a factual, not legal basis." *Id.* at 11. Because DOJ did not do so—in a letter meaningfully identical to DOJ's letter to Georgia officials, *compare id.* at 5–7, *with* Dkt. Nos. 31-3, 31-4—it failed to satisfy the CRA. Nor was a "curing elaboration letter"—which DOJ requested there as here, *see* Dkt. No. 93, at 2—possible, because it would not be able to provide any statutorily-sufficient statement of its purpose. Ex. 1 at 13–14. Therefore, the court denied the motion to compel and dismissed the case. *Amore*'s reasoning applies with equal force here, and provides further support for denying the DOJ's motion to compel and dismiss the Complaint.

In addition, Intervenor-Defendants note the President's recent executive order, "Ensuring Citizenship Verification and Integrity in Federal Elections." Exec. Order No. 14399, 91 Fed. Reg. 17125 (Mar. 31, 2026), attached as Exhibit 2. The order calls for the Department of Homeland Security ("DHS") to "compile and

2

transmit to the chief election official of each State a list of individuals confirmed to be United States citizens" who reside in the state and will be over eighteen at the time of the next federal election. Ex. 2, § 2(a). DHS is to use "Federal citizenship and naturalization records, SSA records, SAVE data, and other relevant Federal databases," in doing so. *Id.* The order also directs the United States Postal Service to provide each state with a list of voters "who are enrolled with the USPS . . . for mail-in or absentee ballots," and, remarkably, to refuse to transmit a ballot "from any individual unless those individuals have been enrolled on a State-specific list." *Id.* § 3(b)(iii)-(iv). The order further directs the Attorney General to prioritize the investigation and prosecution of state and local elections officials who issue ballots "to individuals not eligible to vote in a Federal election," as well as third-parties who "aid[] and abet[]" such conduct. *Id.* § 2(b). The Executive Order severely undercuts DOJ's representations in this case that the United States does "not intend[] to create a national voter database, and to otherwise use untested forms of database matching to scrutinize state voter rolls." U.S. Consol. Mem. In Supp. of Cross-Mot. to Compel & In Opp. to Mots. to Dismiss, at 40, Dkt. No. 31-1 (quotation marks omitted).

These authorities reinforce that DOJ's motion to compel production of records, *see* Dkt. No. 31, should be denied and the motions to dismiss, *see* Dkt. Nos. 16, 22, 23, 80, should be granted.

Dated: April 17, 2026

William Hughes†
Theresa J. Lee†
Jonathan Topaz†
Sophia Lin Lakin†
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
whughes@aclu.org
tlee@aclu.org
jtopaz@aclu.org
slakin@aclu.org

Carlos A. Andino*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
carlos.andino@splcenter.org

Respectfully submitted,
/s/William Hughes

Cory Isaacson, Bar No. 983797
Akiva Freidlin, Bar No. 692290
Briana Futch, Bar No. 007314
AMERICAN CIVIL LIBERTIES UNION OF
GEORGIA
P.O. Box 570738
Atlanta, GA 30357
cisaacson@acluga.org
afreidlin@acluga.org
bfutch@acluga.org

Bradley E. Heard, Bar. No. 342209
Jack Genberg, Bar No. 144076
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 550
Washington, DC 20036
bradley.heard@splcenter.org
jack.genberg@splcenter.org

† *admitted pro hac vice*
* *application for admission pro hac vice
forthcoming*

4