UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br><br>BRAD RAFFENSPERGER, in his Official Capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | CASE NO: 1:26-CV-485-ELR |

## RESPONSE TO NOTICE OF SUPPLEMENTARY AUTHORITY DKT. 94

The United States respectfully submits this response to the Notice of Supplementary Authority filed by intervenor-defendants Common Cause and Rosario Palacios on April 17, 2026. In *United States v. Amore*, No. 25-cv-00639-MSM-PAS, 2026 WL 1040637 (D.R.I. Apr. 17, 2026), the district court agreed with the district court in *United States v. Galvin*, No. 1:25-cv-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026) that the Attorney General's written demand under Title III, Section 303, of the Civil Rights Act of 1960, 52 U.S.C. § 20703, must provide a factual basis to support the demand. 2026 WL 1040637 at *5. The United States disagrees with that conclusion for reasons already explained to this Court, and if the Court disagrees with the United States on this point, the United States respectfully requests an opportunity to send a curing elaboration letter, thus avoiding

a dismissal of this case on the merits and an unnecessary delay in resolution of the underlying legal issues. *See* United States' Resp. to Notice of Suppl. Auth., Apr. 14, 2026, Dkt. No. 93.

The *Amore* court, however, went further. The court held that, even if the Attorney General's demand in that case had specified a factual basis, it would still have been inadequate. *Amore* at *6. The court ruled that "Title III's purpose is to enable the federal government to detect voting-related *racial* discrimination." *Id*. at *4 (emphasis added), and the court further concluded that the purpose stated in a demand under Section 303 must "plausibly relate to individual voting rights." *Id*. at *6. In the view of the *Amore* court, the purpose of enforcing the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. § 20501 *et seq*., and the Help America Vote Act of 2002 (HAVA), 52 U.S.C. § 20901 *et seq*., does not do so. *Id*. The *Amore* court was wrong.

First, nothing in Title III "cabin[s] its application solely" to "voting-related racial discrimination." *Amore*, 2026 WL 1040637 at *4-5; *accord United States v. Benson*, 2026 WL 362789 at *8 (W.D. Mich. Feb. 10), *appeal docketed*, No. 26-1225 (6th Cir. Feb. 27, 2026). On the contrary, where Congress intends the application of a law to depend on racial discrimination, it says so expressly, as it did, for example, in Title VI of the same act. See 52 U.S.C. § 10101(e) (referring to deprivation of rights "on account of race or color").

Second, the enforcement of the NVRA and the HAVA unquestionably "relate[s] to individual voting rights," *Amore*, 2026 WL 1040637 at \*6, because such enforcement ensures accurate voting lists. Voting fraud "dilute[s] the right of citizens to cast ballots that carry appropriate weight," *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 672 (2021), and enforcement of the NVRA and the HAVA serves to reduce voting fraud. Moreover, such enforcement ensures that eligible voters are not erroneously removed from voting lists and thus prevented from casting votes, 52 U.S.C. § 21083(a)(4)(B); *see also* H.R. Rep. 107-329, pt. 1, at 36 (2001) (explaining that list maintenance and compliance with HAVA's identifying numbers helps protect an individual's right to vote by "reduc[ing] the incidence of voters appearing at a polling place only to discover that no record of their registration can be found."). Thus, the enforcement of the NVRA and the HAVA is integrally related to protecting individual voting rights. Accordingly, this Court should decline to adopt the unpersuasive theories set forth in *Amore*, and it should follow instead the plain terms of Section 303 and the well-reasoned Circuit Court precedents that are nearly cotemporaneous with its enactment.

Intervenor-Defendants also bring to this court's attention Executive Order No. 14399, 91 Fed. Reg. 17125 (Mar. 31, 2026). That executive order has no relation to the Attorney General's demand under Section 303. Section 303 is an investigatory tool that enables the Attorney General to fulfill his longstanding statutory obligation

to enforce the NVRA, see 52 U.S.C. § 20510, and the HAVA, see 52 U.S.C. § 21111. Without computerized access to state voter registration records, the Attorney General would have no way to verify compliance with those laws, and the Attorney General's enforcement power would be effectively negated. The United States also stands by its assertion that "the records the United States is seeking to compel under the CRA are not intended to create a national voter database." United States Consol. Mem. in Supp. of Cross-Mot. to Compel and in Opp'n to Mots. to Dismiss at 40, Feb. 19, 2026, Dkt. No. 31-1 (internal quotation marks omitted). Rather, the United States is seeking the records to verify compliance with the law. It is true that Executive Order No. 14399 directs the Secretary of Homeland Security to compile "a list of individuals confirmed to be United States citizens who will be above the age of 18 at the time of an upcoming Federal election…" 91 Fed. Reg. 17125, but that list can be compiled from data already in the possession of the Executive Branch, and the creation of such a list does not somehow repeal the provisions of the NVRA and the HAVA obligating the Attorney General to enforce those laws. Moreover, Executive Order No. 14399 expressly mandates compliance with all applicable laws, including the Privacy Act of 1974, 5 U.S.C. § 552a. The assertion that Executive Order No. 14399 somehow alters the states' obligations under Section 303 is merely a distraction that this Court should ignore.

4

Importantly, a proceeding such as this one to enforce a written demand under Section 303 is not "an ordinary, traditional civil action with all of its trappings," *Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962); rather, it is "a summary proceeding," *id*. at 226, that is only "investigative in nature." *Id*. at 228. "The Court, with expedition, should grant the relief sought or, if the respondent-custodian opposes the grant of such relief, the matter should be set down without delay for suitable hearing on the matters open for determination. These are, of course, severely limited." *Id*. In *Lynd*, the Circuit Court criticized the district court in one of the cases on appeal, commenting with exasperation that there was "no indication that this interminable proceeding would ever come to an end." *Id*. at 227. The Circuit Court added that "the disposition [of a Section 303 proceeding] would hardly be the prompt one which our decisions require if effective compliance is to be postponed five months." *Id*. at 231. In the present proceeding, the five-month mark will be reached on June 23, 2026, just a few weeks after the oral argument date this Court has set. Moreover, there are other district courts that are soon likely to rule on the issue now pending before the Court—courts whose decisions, like the decisions in *Galvin* and *Amore*, will not be binding in this court but will nonetheless lead to further briefing and delay. By contrast, *Lynd* is binding authority, and it clearly calls for an expedited proceeding that upholds that Attorney General's broad investigative authority. The United States, therefore, respectfully requests that the Court expeditiously grant its

Motion to Compel, thus allowing the Attorney General to fulfill his statutory obligation to verify state compliance with the NVRA and the HAVA, and ensure fair elections.

DATED: April 28, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section

/s/ *Christopher J. Gardner*
CHRISTOPHER J. GARDNER
GA Bar No. 163932
BRITTANY E. BENNETT
GA Bar No. 717377
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 812-2631
Email: Christopher.Gardner@usdoj.gov
Email: Brittany.Bennett@usdoj.gov

6

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1 (D), the undersigned hereby certifies that the foregoing

brief was prepared in Times New Roman, a font type selection approved by the

Court in L.R. 5.1(B).


/s/ *Christopher Gardner*
CHRISTOPHER J. GARDNER


**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2026, a true and correct copy of the

foregoing document was served via the Court's ECF system to all counsel of

record.


/s/ *Christopher Gardner*
CHRISTOPHER J. GARDNER
Trial Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Christopher.Gardner@usdoj.gov
Email: Brittany.Bennett@usdoj.gov


7