IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,<br><br>     Defendant. | No. 1:26-cv-485-ELR |

**INTERVENOR-DEFENDANTS COMMON CAUSE AND ROSARIO PALACIOS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Common Cause and Rosario Palacios respectfully submit this response to Plaintiff's May 15, 2026, Notice of Supplemental Authority. *See* Dkt. No. 101.

Unable to find a court that agrees with them, lawyers from the Department of Justice submit a non-binding memorandum opinion from other lawyers at the Department of Justice, claiming that the Department of Justice's legal arguments are correct. Even before the Supreme Court curtailed deference to federal agencies' legal interpretations, *see Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), it recognized that "[i]nterpretations such as those in opinion letters . . . which lack the force of law [] do not warrant *Chevron*-style deference," *Christensen v. Harris*

*Cnty.*, 529 U.S. 576, 587 (2000). The memorandum opinion—which was written only after six federal courts dismissed Plaintiff's materially-identical lawsuits seeking states' unredacted voter files—amounts to a surreply for which Plaintiff has not sought or been granted leave to file. Indeed, the opinion takes the form of a response brief, for example referring to "counterargument[s] we have seen" and then citing to motions filed by state defendants contesting Plaintiff's demands for their unredacted voter files. *See* Dkt. No. 96-1 at 23 & n.22; *see also id.* at 17 (referring to the *Benson* decision as "a court which has . . . disagreed with our advice"). The memorandum opinion states that its purpose is to "provide our best view of the law as to the Executive Branch," *id.* at 10 n.12; it is hard to understand how this is different from what Plaintiff's counsel has already done in this case.

The memorandum opinion offers nothing beyond a rehashing of arguments rejected by courts across the country. In arguing that Title III's basis and purpose requirements are not distinct, for example, the memorandum opinion cites law review articles and unrelated judicial opinions, rather than the many courts that have recently and directly addressed this argument and held otherwise. *See id.* at 22–23. This Court can safely ignore this self-serving memorandum opinion, written by Plaintiff's counsel's colleagues, that raises no new arguments and has no force of law.

Dated: May 18, 2026

Respectfully submitted,

/s/William Hughes

William Hughes†
Theresa J. Lee†
Jonathan Topaz†
Sophia Lin Lakin†
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
whughes@aclu.org
tlee@aclu.org
jtopaz@aclu.org
slakin@aclu.org

Carlos A. Andino*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
carlos.andino@splcenter.org

Cory Isaacson, Bar No. 983797
Akiva Freidlin, Bar No. 692290
Briana Futch, Bar No. 007314
AMERICAN CIVIL LIBERTIES UNION OF
GEORGIA
P.O. Box 570738
Atlanta, GA 30357
cisaacson@acluga.org
afreidlin@acluga.org
bfutch@acluga.org

Bradley E. Heard, Bar. No. 342209
Jack Genberg, Bar No. 144076
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 550
Washington, DC 20036
bradley.heard@splcenter.org
jack.genberg@splcenter.org

† *admitted pro hac vice*
\* *application for admission pro hac vice
forthcoming*

3