**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia, *Defendant.* | Case No. 1:26-cv-00485-ELR |

**BVMF INTERVENORS' RESPONSE TO DOJ'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

Intervenors Black Voters Matter Fund, Communication Workers of America Local 3204, and Communication Workers of America Local 3204 Retired Members Council (collectively, "BVMF Intervenors") respectfully respond to DOJ's recent notice of supplemental authority concerning a DOJ Office of Legal Counsel ("OLC") opinion. *See* Dkt. No. 101.

The OLC opinion is effectively an unauthorized surreply in which one DOJ office opines that another DOJ office's litigation position is correct. The timing is revealing: Though DOJ first sued Georgia on December 18, 2025, the OLC opinion is dated May 12, 2026—on the eve of oral arguments in three appeals stemming from the dismissal of DOJ's parallel claims for other States' unredacted voter

1

lists. *See United States v. Benson*, No. 26-01225 (6th Cir., argued May 13, 2026); *United States v. Oregon*, No. 26-01231 (9th Cir., to be argued May 19, 2026); *United States v. Weber*, No. 26-01232 (9th Cir., to be argued May 19, 2026). And unlike a typical OLC opinion, this one explicitly concerns arguments advanced in active litigation, citing and responding to briefs filed by counsel for BVMF Intervenors in other matters. Dkt. No. 101-1 at, *e.g.*, 7 n.7, 8 n.9; *see also* Off. of Legal Couns., *Memorandum for Attorneys of the Office Re: Best Practices for OLC Legal Advice and Written Opinions* at 3 (July 16, 2010), https://perma.cc/2DWR-ALS7 ("As a prudential matter, OLC generally avoids opining on questions likely to arise in pending or imminent litigation involving the United States as a party."). Even setting aside the default rule that agency opinion letters are afforded no legal deference, *see Christensen v. Harris County*, 529 U.S. 576, 587–88 (2000), this legal brief dressed up as an OLC opinion should be given no weight.

On the merits, the OLC opinion adds nothing to bolster DOJ's position in this litigation—in fact, it often supports *BVMF Intervenors'* position. As just one example, OLC admits the CRA requires DOJ to "offer a 'basis'" for its demand, which it (correctly) defines as "foundation" or "support." ECF No. 101-1 at 22. But here, DOJ failed to offer *any* foundation or support—that is, any basis—for its demand to Secretary Raffensperger. That concession alone requires dismissal,

including under OLC's definition of "basis." *See, e.g., United States v. Galvin*, No. 25-13816, 2026 WL 972129, at *6 (D. Mass. Apr. 9, 2026) (dismissing DOJ's claim in parallel litigation on this ground); *see also* BVMF Intervenors' Br. Supp. Mot. Dismiss at 14–15, Dkt. No. 23-1; BVMF Intervenors' Reply Supp. Mot. Dismiss at 7–8, Dkt. No. 70.

Dated: May 18, 2026

Respectfully submitted,

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Branden D. Lewiston*
Marcos Mocine-McQueen*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
mmcqueen@elias.law
maccardi@elias.law
Tel: (202) 968-4652

Adam M. Sparks
Ga. Bar. No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

*Counsel for BVMF Intervenors*

*Appearing pro hac vice

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, NDGa, the undersigned counsel hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1C, NDGa. This document was prepared on a computer using Times New Roman font (14 point).

This 18th day of May, 2026.

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta

4