# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | No. 1:26-cv-485-ELR |

## INTERVENOR-DEFENDANTS COMMON CAUSE AND ROSARIO PALACIOS' NOTICE OF SUPPLEMENTAL AUTHORITY

Intervenor-Defendants Common Cause and Rosario Palacios submit this Notice of Supplemental Authority regarding decisions in two of the other cases in which the United States Department of Justice ("DOJ") is seeking production of states' full and unredacted voter files pursuant to Title III of the Civil Rights Act of 1960 ("CRA"). Today, the District Court for the District of Maine issued an opinion and order in *United States v. Bellows*, No. 1:25-cv-468-LEW, attached as Exhibit 1, and the District Court for the Western District of Wisconsin issued an opinion and order in *United States v. Wisconsin Elections Commission*, No. 25-cv-1036-JDP, attached as Exhibit 2. The decisions rejected DOJ's attempts to compel production of Maine and Wisconsin's statewide voter files, respectively, and

dismissed the United States' complaints, which are meaningfully identical to the Complaint in this case. *Bellows* and *WEC* join the chorus of now eight District Courts to reject the United States' improper attempts to seize statewide voter files—with none going the other way. *See* Ex. 1; Ex. 2; *United States v. Fontes*, No. CV-26-66-PHX-SMB, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026); *United States v. Amore*, No. 25-CV-639-MSM-PAS, 2026 WL 1040637 (D.R.I. Apr. 17, 2026); *United States v. Galvin*, No. 25-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Benson*, No. 1:25-cv-1148-HYJ-PJG, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026); *United States v. Oregon*, No. 6:25-cv-1666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026).

*Bellows* held that a statewide voter file is not a record that "comes into the possession of state officials," meaning it is outside the scope of the CRA. Ex. 1, at 14. *Bellows* additionally held that "Title III's requirement that the Attorney General provide a written 'statement of the basis and the purpose' of its demand contemplates assessment of the sufficiency of the basis and purpose asserted." *Id.* at 15 (quoting 52 U.S.C. § 20703). Performing this assessment, the Court concluded that the level of granular list maintenance DOJ intends to conduct was not a permissible purpose, because "each individual state, and not the [DOJ], is the master of its voter list, entrusted with its administration and maintenance." *Id.* at 16. Holding otherwise would contravene HAVA and the NVRA—which contain

their own pre-suit investigation and enforcement mechanisms—and "traditional principles of federalism." *Id.* at 17–19; *see also id.* at 22 ("[T]he United States has filed a HAVA action in search of a HAVA violation, which is not the preferred order of things in the course of civil litigation."). The *Bellows* Court added that DOJ's "efforts to assuage" concerns that the United States is seeking states' unredacted voter files to build an unlawful national voter database "were almost immediately undermined by the issuance of an executive order directing the Department of Homeland Security to compile a 'State Citizenship List' in order to 'assist in verifying identity and Federal election voter eligibility.'" *Id.* at 7 n.6 (quoting Exec. Order No. 14,399, Ensuring Citizenship Verification and Integrity in Federal Elections, 91 Fed. Reg. 17125 (Apr. 3, 2026)).

*WEC* similarly held that "a voter registration list is not a record subject to production under Title III." Ex. 2, at 5. The Court read the statutory language, allowing DOJ to demand records that "come into [elections officials'] possession," 52 U.S.C. § 20701, not to cover "records created by the state itself." Ex. 2, at 6. The Court held that even if Plaintiff was correct "that Title III actions are subject to a summary proceeding," Plaintiff could still not properly demand the records under Title III. *Id.* at 5. Because the DOJ's request failed as a matter of law, the Court held "there is no way that [DOJ] could amend its complaint to state a claim for relief." *Id.* at 9–10. Accordingly, the case was dismissed with prejudice.

3

*Bellows* and *WEC* provide further support that DOJ's motion to compel production of records, *see* Dkt. No. 31, should be denied and the motions to dismiss, *see* Dkt. Nos. 16, 22, 23, 80, should be granted.

Dated: May 22, 2026

Respectfully submitted,
/s/William Hughes

<table>
<tr><td>

William Hughes†
Theresa J. Lee†
Jonathan Topaz†
Sophia Lin Lakin†
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
whughes@aclu.org
tlee@aclu.org
jtopaz@aclu.org
slakin@aclu.org

Carlos A. Andino*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
carlos.andino@splcenter.org

</td><td>

Cory Isaacson, Bar No. 983797
Akiva Freidlin, Bar No. 692290
Briana Futch, Bar No. 007314
AMERICAN CIVIL LIBERTIES UNION OF
GEORGIA
P.O. Box 570738
Atlanta, GA 30357
cisaacson@acluga.org
afreidlin@acluga.org
bfutch@acluga.org

Bradley E. Heard, Bar. No. 342209
Jack Genberg, Bar No. 144076
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 550
Washington, DC 20036
bradley.heard@splcenter.org
jack.genberg@splcenter.org

† *admitted pro hac vice*
* *application for admission pro hac vice
forthcoming*

</td></tr>
</table>