**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia, <br><br> *Defendant.* | Civil Action No. 1:26-cv-00485-ELR |

**RESPONSE TO UNITED STATES'
NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States, through the Department of Justice's Civil Rights Division, asks this Court to treat a 41-page memorandum from lawyers in another part of the DOJ as authority. Doc. 101. This Court should decline that invitation.

First, the Office of Legal Counsel (OLC) memorandum is dated May 12, 2026, but purports to memorialize advice provided in "early September 2025." Doc. 101-1 at 2.[1] As the record reflects, that means the Civil Rights Division only received advice from OLC about the legal standards after sending its demand

---

[1] All page numbers for documents filed on the docket refer to the blue PDF page number at the top of each page.

letter to the Secretary. Doc. 16-2 at 14–16. As a result, the DOJ could not have relied on the OLC advice at the time it made the original demand to the Secretary.

Second, the OLC memorandum states that the purpose for which the Civil Rights Division is seeking state voter lists is its desire to share state voter lists with the Department of Homeland Security (DHS) to identify illegal aliens who may be registered to vote. Doc. 101-1 at 6–7. This was not a purpose identified in any letter to the Secretary. Further, the OLC memorandum indicates the Civil Rights Division plans to search for illegal aliens by "access[ing] an account on DHS's Systematic Alien Verification for Entitlements [SAVE] system." Doc. 101-1 at 30. But the Secretary's office already uses SAVE to conduct list maintenance in Georgia, as this Court is aware. *See* Doc. 16-2 at 52; *Fair Fight Action, Inc. v. Raffensperger*, 634 F. Supp. 3d 1128, 1161–62 (N.D. Ga. 2022); *Ga. Coalition for the People's Agenda v. Raffensperger*, Case No. 1:18-cv-04727-ELR (N.D. Ga. 2024).

Third, the OLC memorandum does not have the force of law. The function of OLC is to provide legal advice to the executive branch, which includes "'frequently' weigh[ing] in 'on issues of first impression that are unlikely to be resolved by the courts.'" *Campaign for Accountability v. United States Dep't of Just.*, 155 F.4th 724, 728 (D.C. Cir. 2025) (quoting Memorandum from David J. Barron, Acting Assistant Attorney General, to Attorneys of the Office of Legal Counsel at 1 (July 16, 2010)). And "an OLC opinion offers advice" to an executive-branch

agency, but does not direct that agency's conduct, nor does the agency "necessarily adopt every opinion as its own working law." *Id.* at 736, 738–39. All of this demonstrates that the OLC memorandum is advice to the DOJ, but is not binding on this Court in any way. That is even more true when "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024).

Finally, the OLC memorandum covers many of the arguments DOJ already made in this case, but also covers additional issues and arguments without leave of court. Earlier in this case, the United States ignored this Court's page limits when responding to the Secretary's Motion to Dismiss. *See* Doc. 68 at 5 n.1. It now asks this Court to consider another division's additional arguments months after the pending motions had been fully briefed.

This Court should decline to consider the OLC memorandum as supplemental authority with regard to any of the pending motions.

Respectfully submitted this 29th day of May, 2026.

> */s/ Bryan P. Tyson*
> Bryan P. Tyson
> Georgia Bar No. 515411
> btyson@tysonyounker.law
> David J. Younker
> Georgia Bar No. 940387
> dyounker@tysonyounker.law
> **Tyson Younker LLC**

3

1225 Johnson Ferry Road
Suite 600-A
Marietta, GA 30068
678.223.3160 (phone)

*Counsel for Defendant Secretary of State Brad Raffensperger*

4

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Response was prepared in Book Antiqua 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson