UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his Official Capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | CASE NO: 1:26-CV-485-ELR |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISQUALIFY**

The United States respectfully requests that Judge Eleanor Ross recuse herself from the above-captioned matter.  The Eleventh Circuit's Judicial Council found that a "Subject Judge" committed judicial misconduct by attending a partisan and political event.  That event reportedly honored Fulton County District Attorney Fani Willis, who rose to nationwide fame for her failed prosecution of President Trump for alleged crimes related to the 2020 election.  Public reporting has identified the Subject Judge as Judge Ross.

This reported misconduct necessitates Judge Ross's recusal because, if Judge Ross is indeed the Subject Judge, it creates the appearance of bias.  A judge who attended a party celebrating the election of a Democrat best known for prosecuting

1

a Republican President for alleged election interference cannot then preside over a case concerning that President's efforts to ensure election integrity.

## Background

1.  This lawsuit concerns Georgia Secretary of State Brad Raffensperger's refusal to provide the United States with election records, in violation of the Civil Rights Act of 1960, 52 U.S.C. § 20703.  According to the Complaint, the Attorney General requested that Secretary Raffensperger produce information necessary to ascertain Georgia's compliance with federal election law.  Specifically, the Attorney General requested that Secretary Raffensperger provide a copy of Georgia's statewide voter registration list containing all fields required under Section 303 of the Help America Vote Act.  However, Secretary Raffensperger declined to produce a full and unredacted list, citing Georgia law.  *See generally* Compl.  The United States filed its Complaint on January 23, 2026, and the case was assigned to Judge Ross.

Several organizations and individuals have intervened as defendants. Secretary Raffensperger and the intervenor-defendants moved to dismiss.  The United States opposed the motion, and a hearing is scheduled for June 3, 2026.

2.  On December 10, 2025, the Judicial Council of the Eleventh Circuit adopted an amended final report regarding misconduct by an unidentified "Subject Judge."  Order, Judicial Complaint No. 11-25-90212, at 1 (11th Cir. Judicial Council

Feb. 11, 2026) ("Order") (adopting Amended Final Report of the Special Committee ("Final Report")). The Final Report concluded that "the Subject Judge engaged in judicial misconduct by attending a partisan political event. Specifically, the Subject Judge went to an event hosted by a District Attorney's campaign." Final Report at 16. Upon arriving at the event, "the judge had to pass through a lobby area adorned with campaign signs." *Id.* at 11. The event "was sponsored by the District Attorney's campaign or donors to that campaign," and its "overarching purpose … was to promote [the] District Attorney's political campaign." *Id.* at 17. The "Subject Judge conceded that the District Attorney event could reasonably be considered a political function." *Id.* at 11.

After the event, "someone sent the judge a photograph in which the judge can be seen holding [a] martini glass in which [an] appetizer was served … [T]he next day, the judge showed the photograph to some of the judge's staff members." *Id.* at 12. "Three former clerks recalled the Subject Judge saying that the judge had consumed martinis at a victory party for a District Attorney." *Id.* at 8; *see also id.* at 3 ("Immediately after you presided over … a criminal hearing, you told an intern that you had too many martinis the night before at what may have been a political event for a District Attorney.").

The Final Report concluded that the Subject Judge's attendance at the event violated Canon 5 of the Code of Conduct for United States Judges, which states that

3

a "judge should refrain from political activity."  *Id.* at 16-17 (quoting Canon 5(A)(1)(3)).  The "Subject Judge's attendance at the political event—where someone photographed the judge—had the potential to erode public confidence in the independent and non-partisan nature of the judiciary."  *Id.* at 17.  The Final Report added that "it appears to be a mere matter of good fortune that the Subject Judge's attendance did not garner media attention."  *Id.*  The Final Report also found other instances of misconduct—namely, "improper sexual activity in chambers with a law enforcement officer" and "lack of candor" during the investigation of the Judicial Complaint, *id.* at 15, 17 (boldface and capitalization omitted)—but those are not the subject of this Motion.

The Eleventh Circuit "issued a private reprimand" to the Subject Judge.  Order at 1.  "In addition, the subject judge has agreed to (1) issue letters of apology to six former law clerks interviewed by investigation counsel; (2) forego service as chief judge should the Subject Judge be otherwise eligible to serve in that capacity; and (3) indefinitely refrain from service on any Judicial Conference committee."  *Id.* at 1-2.  The Committee on Judicial Conduct and Disability of the Judicial Conference of the United States later affirmed the Eleventh Circuit's order.  *In re Judicial Complaint*, C.C.D. No. 26-01 (Comm. on Judicial Conduct and Disability of the Jud. Conf. of the U.S., May 22, 2026).

**3.** The week of May 25, 2026, various news outlets identified Judge Ross as the Subject Judge. *See, e.g.*, Suzanne Monyak, et. al, *Eleanor Ross is US Judge Reprimanded for Sex in Chambers (1)*, Bloomberg Law (May 28, 2026), https://tinyurl.com/yepbcpe9. Although the Eleventh Circuit and Judge Ross have neither confirmed nor denied this reporting, there is strong evidence that the reporting is accurate. The Final Report indicates that the Subject Judge attended the District Attorney's political event "on the judge's summer interns' first day." Final Report at 8.

> Florida does not have District Attorneys; they are called State Attorneys. So we are down to Alabama and Georgia. In 2024, the Alabama primary was on March 4 and the primary runoff was on April 16. Those dates don't match with when a summer intern would start. In Georgia, the primary was on May 21, 2024. That date matches up well with the start of a summer internship.

Josh Blackman, *Who Is the District Judge Who Was Privately Reprimanded For Having Loud Sex In Her Chambers With A Law Enforcement Officer From Her District?*, Reason (May 27, 2026), https://tinyurl.com/3mubfjxd. And based on the Final Report's discussion of the layout of the Subject Judge's chambers, at least one legal expert has concluded that is "very likely that the subject judge is stationed in Atlanta." *Id.*

Further, "there was a very high profile District Attorney race in Atlanta that was settled on May 21, 2024: Fani Willis won the Democratic primary for the Fulton County District Attorney." *Id.* Judge Ross "served as a senior assistant district

attorney in Fulton County, Georgia.  That would have given her a chance to work with Fani Willis, who was an assistant district attorney during that time." *Id.*  The Final Report also indicates that the day after the political event, the "Subject Judge presided over a criminal revocation proceeding."  Final Report at 8.  Judge Ross presided over a criminal revocation proceeding on May 22, 2024. *United States v. Chambers*, No. 1:23-cr-00350-ELR, Dkt. 7.

**4.**  As the District Attorney of Fulton County, Fani Willis indicted then-former President Trump, alleging "violations of the Georgia Racketeer Influenced and Corrupt Organizations ('RICO') Act and other crimes in connection with an alleged conspiracy to unlawfully change the outcome of the 2020 presidential election." *Roman v. State*, 910 S.E.2d 609, 611 (Ga. App. 2024).  Willis appointed Nathan Wade as a Special Assistant District Attorney ("SADA") to prosecute President Trump.  President Trump's co-defendant moved to disqualify Willis, Wade, and the Fulton County District Attorney's Office due to "an appearance of impropriety" and "a personal relationship between DA Willis and SADA Wade." *Id.* at 612.  The Georgia Court of Appeals accordingly disqualified Willis and her office from prosecuting President Trump. *Id.* at 617.  The case eventually was dismissed.

## Argument

Based on reports identifying Judge Ross as the Subject Judge, and out of an abundance of caution, the United States urges Judge Ross's recusal.  Upon belief,

6

the Subject Judge attended a partisan political event in support of the district attorney who attempted to prosecute President Trump for alleged election-related conduct. If Judge Ross is indeed the Subject Judge, that conduct gives rise to an appearance of bias, which requires Judge Ross to recuse herself from this election-related case.

"Any justice, judge, or magistrate judge of the United States *shall* disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (emphasis added). "Under section 455, a judge has a self-enforcing obligation to recuse himself where the proper legal grounds exist." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (citation and quotation marks omitted). A judge must recuse if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). "Most important, the benefit of the doubt must be resolved in favor of recusal." *Murray*, 253 F.3d at 1310; *see also id.* (noting that when Congress amended Section 455 to its current form, it "liberalize[d] greatly the scope of disqualification in the federal courts" (citation omitted)).

Judge Ross's reported attendance at Willis's election party gives rise to an appearance of bias necessitating her recusal.

**First**, an objective reasonable observer would construe Judge Ross's attendance at Willis's party as an endorsement of Willis's election and the

Democratic Party. "[S]igns of partisanship … detract from the appearance of impartiality that is important to the administration of justice." *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). Though it is an "inescapable part of our system of government that judges are drawn primarily from lawyers who have participated in public and political affairs," *United States v. State of Alabama*, 828 F.2d 1532, 1543 (11th Cir. 1987) (citation omitted), this case is not about a judge's *pre-judicial* political activities. While issues concerning a judge's political involvement in a former life can be gray, the issue in this case is black and white. *Cf. Mason*, 916 F.2d at 386 ("Courts that have considered whether *pre-judicial* political activity is … prejudicial regularly conclude that it is not. … In large measure this is so out of necessity." (emphasis added)).

Judge Ross's reported actions appear to find no precedent in reported decisions. The United States has found no reported decision involving a sitting federal judge attending an election party celebrating the victory of a candidate for partisan office. In any event, Judge Ross must recuse herself from any case that an objective reasonable observer would construe as implicating partisan or electoral politics, including this case.[1]

---

[1] The United States has brought this suit to enforce the letter of the law and not for partisan reasons. However, cases involving voting and elections inevitably implicate politics—as demonstrated by the Democratic National Committee's *amicus curiae* brief in this case.

**Second**, an objective reasonable observer would construe Judge Ross's reported actions as an endorsement of Willis's reelection and Willis's actions while in office. That includes Willis's failed prosecution of President Trump. An objective reasonable observer would conclude that Judge Ross, having reportedly celebrated the prosecutor who charged President Trump with crimes related to election fraud, cannot impartially decide a case in which President Trump's Department of Justice seeks voter rolls in an effort to ensure election integrity.

Willis framed her failed prosecution of President Trump as an election-integrity case. Her indictment alleged that President Trump "willfully joined a conspiracy to unlawfully change the outcome of the [2020] election in favor of Trump." Indictment at 14, *State v. Trump*, No. 23SC188947 (Fulton Cty. Sup. Ct. Aug. 14, 2023). She repeatedly alleged that, "in furtherance of the conspiracy," President Trump "falsely claimed voter fraud." *E.g.*, *id.* at 20. She also alleged that President Trump falsely claimed that felons, minors, dead people, and unregistered voters illegally case ballots in the 2020 election. *Id.* at 49.

Nationwide media coverage described Willis's prosecution of President Trump as an election-fraud case. *See, e.g.*, Kate Brumback and Eric Tucker, *Trump and 18 allies charged in Georgia election meddling as former president faces 4th criminal case*, Associated Press (Aug. 15, 2023), https://tinyurl.com/3sc4crxf; Holly Bailey and Amy Gardner, *Trump charged in Georgia 2020 election probe,*

*his fourth indictment*, Washington Post (Aug. 15, 2023), https://tinyurl.com/mu424kv6. Defendant-Intervenor Common Cause praised Willis for "show[ing] accountability for election lies." Common Cause, *Press Release* (Aug. 14, 2023), https://tinyurl.com/2rh4p5tm.

This case, too, is about election integrity. One of the statutes at issue—the National Voter Registration Act—was passed explicitly for the "purpose[]" of "protect[ing] the integrity of the electoral process." 52 U.S.C. § 20501(b)(3).

Though Defendant-Intervenors cast many aspersions against the United States in this suit, they agree that this case involves election integrity. Defendant-Intervenors Common Cause and Rosario Palacios argue that "the purpose" of this lawsuit is to further President Trump's "desire to nationalize elections in certain states." Dkt. 22-1 at 8-9 (quotation marks omitted). They accuse the Department of Justice of collaborating with "self-proclaimed election integrity advocates within … the government who have previously sought to disenfranchise voters and overturn elections." *Id.* at 6-7. Common Cause's website describes this lawsuit as "a move that threatens the integrity of our elections." Common Cause, *U.S. v. Raffensperger*, https://tinyurl.com/3edfdjym.

The "objective, disinterested, lay observer fully informed of the facts" channeled above would "entertain a significant doubt about [Judge Ross's] impartiality" in this case if reports that she is the Subject Judge are accurate. *See*

*McWhorter*, 906 F.2d at 678.  Judge Ross reportedly attended a political function for a District Attorney who made a national name for herself prosecuting President Trump for his concerns about election integrity in Georgia.  Attendance at that event, if true, creates the appearance of an inability to be impartial in this suit brought by President Trump's administration to ensure election integrity in the State of Georgia.

## Conclusion

For the foregoing reasons, the United States respectfully requests that Judge Ross recuse herself from this case.

DATED: May 29, 2026,    Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ *WILLIAM MOHRMAN*
WILLIAM MOHRMAN
Senior Counsel, Voting Section

11

MN Bar No. 0168816
JOHN CASALI
MA Bar No. 710821
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.135
Washington, D.C. 20002
Telephone: (202) 368-6597
Email: William.Mohrman@usdoj.gov
Email: John.Casali@usdoj.gov

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing motion was prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).

/s/ *WILLIAM MOHRMAN*
WILLIAM MOHRMAN
MN Bar No. 0168816
Senior Attorney, Voting Section
JOHN CASALI
MA Bar No. 710821
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.135
Washington, D.C. 20002
Telephone: (202) 368-6597
Email: William.Mohrman@usdoj.gov
Email: John.Casali@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, a true and correct copy of the foregoing

document was served via the Court's ECF system to all counsel of record.

/s/ *WILLIAM MOHRMAN*
WILLIAM MOHRMAN
MN Bar No. 0168816
Senior Attorney, Voting Section
JOHN CASALI
MA Bar No. 710821
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.135
Washington, D.C. 20002
Telephone: (202) 368-6597
Email: William.Mohrman@usdoj.gov
Email: John.Casali@usdoj.gov