UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his Official Capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | CASE NO: 1:26-CV-485-ELR |

## MOTION FOR EMERGENCY RULING

In accordance with Local Rule 7.2(B), the United States submits that its Motion to Disqualify (Dkt. 112) is an emergency motion and respectfully requests a ruling by Friday, June 12, 2026.

## Procedural History

This lawsuit concerns Georgia Secretary of State Brad Raffensperger's refusal to provide the United States with election records, in violation of the Civil Rights Act of 1960, 52 U.S.C. § 20703. According to the Complaint, the Attorney General requested that Secretary Raffensperger produce information necessary to ascertain Georgia's compliance with federal election law. The Attorney General requested that Secretary Raffensperger provide a copy of Georgia's statewide voter registration list containing all fields required under Section 303 of the Help America Vote Act.

1

However, Secretary Raffensperger declined to produce a full and unredacted list, citing Georgia law.  *See generally* Compl.

On January 23, 2026, the United States filed its Complaint against Secretary Raffensperger, asserting one claim under the Civil Rights Act of 1960. The United States requested an order directing the Secretary to produce an unredacted copy of Georgia's statewide voter registration list. Compl. at 9. Defendant and Defendant-Intervenors filed motions to dismiss the Complaint in February and March. Dkts. 16, 22, 23, 80. The United States opposed the motions, and the Court scheduled a hearing on June 3, 2026.

On May 29, 2026, the United States filed a Motion to Disqualify (Dkt. 112), in which it argued that Judge Ross must recuse herself from this case. The Motion to Disqualify was based on conduct of a "Subject Judge" recited by the Judicial Council of the Eleventh Circuit in a report issued on December 10, 2025.  Dkt. 112-1 ¶ 2. The Judicial Council's order was affirmed by the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States on May 22, 2026. *Id.* And during the week of May 25, 2026, various news outlets identified Judge Ross as the Subject Judge of the Judicial Council's order. *Id.* ¶ 3.

The United States simultaneously filed a Motion to Continue the June 3, 2026, hearing. On June 1, 2026, the Court granted the Motion to Continue and continued "the June 3 Hearing pending its ruling on the Motion to Disqualify." Dkt. 115.

"Any party opposing" the United States' Motion to Disqualify has until Friday, June 12 to file a response in opposition.  Local Rule 7.1(B).  At the time of this filing, no party has filed an opposition to the United States' Motion to Disqualify.

## Argument

"Upon written motion and for good cause shown, the Court may waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure. The motion shall set forth in detail the necessity for such expedited procedure." Local Rule 7.2(B).

Good cause necessitating expedited proceedings exists here. Georgia's next federal election is rapidly approaching on November 3, 2026. Advanced voting begins weeks earlier on October 13, 2026. *See 2026 Election Calendar and Highlights*, Office of the Secretary of State, Elections Division.[1] Prior to that date, Georgia voters need to know that their elections are secure and that noncitizens, deceased individuals, and voters with multiple records are not registered to vote in Georgia elections. Fairness to all requires a prompt resolution of this case. Georgia's voters and election officials need answers as soon as practicable.

---

[1]   https://sos.ga.gov/sites/default/files/forms/2026%20Short%20Calendar%20.pdf (last visited June 3, 2026).

Through no fault of the United States, its discovery of the judicial misconduct detailed in the Motion to Disqualify has already delayed this litigation. Out of practical necessity, the United States sought to continue the hearing on the Motions to Dismiss so that this Court would have time to evaluate the Motion to Disqualify. And this Court granted that relief. Should the Court grant the Motion to Disqualify, litigation will necessarily be further delayed by the reassignment of this case and the time it takes the new court to familiarize itself with the pleadings, issues, and pending motions. If the Court denies the Motion, delays may nonetheless continue, should the United States exercise its right to immediately challenge that decision through a petition for a writ of mandamus. *See In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 961 n.4 (5th Cir. 1980) ("Courts not infrequently reach the merits of disqualification issues on a consideration of whether mandamus will issue"); Wright & Miller, 13D Fed. Prac. & Proc. Juris. § 3553 (3d ed.) ("The principal device for seeking interlocutory review of refusals to disqualify is mandamus from a higher court."); *see also, e.g.*, *In re Boston's Children First*, 244 F.3d 164, 164-165 (1st Cir. 2001) (granting writ of mandamus because "judge should have recused herself after commenting publicly on a pending matter"); *In re Creech*, 119 F.4th 1114, 1116 (9th Cir. 2024) (granting writ of mandamus requiring recusal where the judge was close friends with the defendant). The United States does not lose its right to an impartial tribunal simply because time is of the essence—

nor does its insistence for an impartial tribunal mitigate the need for prompt resolution of the merits.

## <u>Conclusion</u>

Because good cause necessitates expedited proceedings, the United States respectfully requests that the Court grant this motion and rule on the pending Motion to Disqualify (Dkt. 112) by Friday, June 12, 2026.

DATED: June 3, 2026,

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ *JOHN CASALI*
WILLIAM MOHRMAN
Senior Counsel, Voting Section
MN Bar No. 0168816
JOHN CASALI
MA Bar No. 710821
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.135
Washington, D.C. 20002
Telephone: (202) 316-8087
Email: John.Casali@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing motion was prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).

/s/ *JOHN CASALI*
WILLIAM MOHRMAN
MN Bar No. 0168816
Senior Counsel, Voting Section
JOHN CASALI
MA Bar No. 710821
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.135
Washington, D.C. 20002
Telephone: (202) 316-8087
Email: John.Casali@usdoj.gov