**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia, <br><br> *Defendant.* | Case No. 1:26-CV-00485-ELR |

**BVMF INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR EMERGENCY RULING**

DOJ's own conduct belies any need for an "emergency ruling" on its recusal motion—which BVMF Intervenors intend to oppose in due course. Up until now, DOJ's approach to this litigation has been nothing short of lackadaisical. To start, it first demanded Georgia's unredacted voter list in July of last year but then spent *months* ignoring the Secretary's attempts to respond to the demand. *See* McGowan Decl. ¶¶ 3–13, 19, Dkt. No. 16-2 (recounting how the Secretary "attempt[ed] to send records [to DOJ] for several months, but had received no response"). When DOJ eventually sued the Secretary for the unredacted list on December 18, it filed in the wrong district, causing further delay. *See* Order, *United States v. Raffensperger*, No. 5:25-CV-00548 (M.D. Ga. Jan. 23, 2026), Dkt. No. 49. And then once litigation

1

finally began before this Court, DOJ never moved to expedite consideration of the four pending motions to dismiss or its motion to compel and never sought to move up the hearing on those motions previously scheduled for June 3.

DOJ has taken the same leisurely approach to litigating parallel cases in which it has demanded other States' unredacted voter lists. For instance, after the district court in Massachusetts dismissed DOJ's suit for that State's list, DOJ took *53 days* to appeal. *See* Notice of Appeal, *United States v. Galvin*, No 25-CV-13816 (D. Mass. June 1, 2026), Dkt. No. 95. And in the Washington litigation, it took the district court issuing an order to show cause why DOJ failed to effect service to finally prompt DOJ to serve the defendant—over *100 days* after DOJ sued. *See* Order, *United States v. Hobbs*, No. 25-6078-KKE (W.D. Wash. Mar. 26, 2026), Dkt. No. 22. Those delays cannot be squared with DOJ's new-founded insistence that "time is of the essence." DOJ Mot. for Emergency Ruling at 4.

There is also deep irony in DOJ moving to expedite its recusal motion just days after moving to continue the long-scheduled hearing that could have resolved this matter. If this action is truly so urgent, DOJ would surely have been eager to get a ruling from this Court on the merits. And if this Court joined the growing chorus of *eight* district courts that have to date dismissed DOJ's parallel suits for unredacted

2

voter lists,[1] DOJ could have promptly appealed. The only explanations for DOJ's conduct here are gamesmanship and judge-shopping. The truth is that neither this case nor the motion to recuse require expedited consideration, and DOJ knows it.

Conduct aside, DOJ's basis for expediting falls apart under the barest scrutiny. This case is not about whether Georgia's "elections are secure," and DOJ has never alleged that "noncitizens, deceased individuals, and voters with multiple records" are registered to vote in Georgia. DOJ Mot. for Emergency Ruling at 3. Nor has DOJ alleged any facts to suggest that Georgia has failed to meet its list maintenance obligations under federal law or requested any relief that would result in the removal of any voters from Georgia's rolls. In fact, one reason DOJ's complaint must be dismissed is precisely because DOJ failed to state any factual basis for its demand under Title III of the Civil Rights Act, as the statute requires. *See* BVMF Br. Supp.

---

[1] *United States v. Oregon*, No. 6:25-CV-01666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026), *appeal docketed*, No. 26-1231 (9th Cir. Mar. 3, 2026); *United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026), *appeal docketed*, No. 26-1232 (9th Cir. Mar. 3, 2026); *United States v. Benson*, No. 1:25-CV-1148, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal docketed*, No. 26-1225 (6th Cir. Feb. 27, 2026); *United States v. Galvin*, No. CV 25-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026), *appeal docketed*, No. 26-1657 (1st Cir., June 4, 2026); *United States v. Amore*, No. 25-CV-00639-MSM-PAS, 2026 WL 1040637 (D.R.I. Apr. 17, 2026), *appeal docketed*, No. 25-1665 (1st Cir. June 3, 2026); *United States v. Fontes*, No. CV-26-00066-PHX-SMB, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026); *United States v. Bellows,* No. 1:25-CV-00468-LEW, 2026 WL 1430481 (D. Me. May 21, 2026); *United States v. Wisconsin Elections Comm'n*, No. 25-CV-1036-JDP, 2026 WL 1430354 (W.D. Wis. May 21, 2026).

3

Mot. to Dismiss at 10–15, Dkt. No. 23-1; *see also, e.g.*, *Galvin*, 2026 WL 972129 at 3–6 (D. Mass. Apr. 9, 2026) (dismissing DOJ's claim on this ground).

DOJ's newfound urgency to inspect the voter rolls before the November general election also reflects a fundamental misunderstanding of the statute it claims to seek to enforce, the National Voter Registration Act ("NVRA"). For one, the statute tasks States—not the federal government—with the administration of voter registration and maintaining voter rolls. That assignment of responsibility, which DOJ continues to ignore, is part of the reason why eight federal courts across the country have dismissed DOJ's complaints in parallel cases, and none have found that DOJ stated a plausible claim.[2]

But even assuming DOJ had the authority it claims to invoke, the NVRA still prohibits election officials from conducting "any program the purpose of which is to systematically remove the names of ineligible voters" from the rolls within 90 days of a federal election. 52 U.S.C. § 20507(c). This 90-day bar is already in effect for the July 28, 2026 special election in the 13th Congressional District, and will kick in again by August 5 in advance of the general election in November. There is simply no way that DOJ can obtain the relief it seeks in this case, then attempt to identify ineligible voters by systematically comparing Georgia's unredacted voter list to databases held by the Department of Homeland Security (as DOJ now says is its

---

[2] *See supra* note 1.

plan, *see* Dkt. No. 101-1 at 1), and then force Georgia to remove those voters in advance of that election. Whatever DOJ plans to do with the voter list, that ship has sailed for this year's elections.

DOJ's demand for a June 12 ruling on its recusal motion—which DOJ filed mere days ago—would also deprive BVMF Intervenors and the Court of sufficient time to address and consider the issues raised in that motion. To be sure, DOJ's recusal motion is an obvious ploy with no grounding in law or fact. Indeed, it is difficult to see how any purported attendance at an event relating to the primary election of a district attorney could give rise to any "appearance of bias" here, because none of the actions of any district attorney are at issue in this case—not even tangentially. But BVMF Intervenors should have the opportunity to brief those issues in the normal course, and for the Court to weigh them on its timetable, not on DOJ's artificially rushed timeline.

Dated: June 4, 2026

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Branden D. Lewiston*
Marcos Mocine-McQueen*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
mmcqueen@elias.law
maccardi@elias.law
Tel: (202) 968-4652

Adam M. Sparks
Ga. Bar. No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
sparks@khlawfirm.com
Tel: (404) 888-9700
Fax: (404) 888-9577

*Counsel for Intervenors Black Voters Matter Fund,
CWA Local 3204, and
CWA Local 3204 Retired Members Council*

*Appearing pro hac vice

6

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, NDGa, the undersigned counsel hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1C, NDGa. This document was prepared on a computer using Times New Roman font (14 point).

This 4th day of June, 2026.

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta

7