**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:26-CV-00485-ELR |
| | * | |
| BRAD RAFFENSPERGER, in his | * | |
| Official Capacity as Secretary of State | * | |
| for the State of Georgia, | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

**ORDER**

_____

Presently before the Court is the United States's Motion to Disqualify, [Doc. 112].

The United States requests that the undersigned recuse herself from this case under 28 U.S.C. § 455 based on a finding in a report from the Judicial Council of the Eleventh Circuit that an unnamed judge, since identified as the undersigned, attended a "partisan political event . . . hosted by a District Attorney's campaign." [Doc. 112 at 1–3 (quoting Order, Judicial Complaint No. 11-25-90212 (11th Cir. Judicial Council Feb. 11, 2026)) ("Judicial Council Report")].

The Report concluded that the undersigned attended the event—a private mixer that was "part of a larger function that was undoubtedly partisan political in

nature." Judicial Council Report at 12. The Report further determined that the undersigned "attended only for the purpose of reuniting with former colleagues, did not speak publicly, did not make any donation, and did not otherwise engage in political activity while at the venue[,]" and that the attendance did not appear to be "part of a larger pattern of improper participation in partisan politics." Id. at 17. "Nevertheless, . . . the overarching purpose of the larger event—of which the 'mixer' was a part—was to promote a District Attorney's political campaign . . . and sponsored by the District Attorney's campaign or donors to that campaign" Id. And the undersigned's "attendance at the political event . . . had the potential to erode public confidence in the independent and non-partisan nature of the judiciary." Id.

Based on media accounts, the United States asserts that the undersigned attended an event likely hosted by Fani Willis, the now former Fulton County District Attorney. [Doc. 112 at 6]. According to the United States, considering Willis's affiliation with the Democratic Party and her role in prosecuting President Donald J. Trump for election fraud, the undersigned's attendance at an event hosted by the Willis campaign creates an appearance of bias in this proceeding. [Id. at 6–7].

Under § 455(a), a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Therefore, the key question is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a

2

significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (cleaned up). Because the relevant inquiry is an objective one, "what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548 (1994).

Based on this standard, the United States argues that recusal is required under § 455 for the following two reasons. First, a reasonable observer would objectively conclude that the undersigned attended Willis's event, which constitutes "endorsement of Willis's election and the Democratic Party." [Doc. 112-1 at 7–8]. Second, a reasonable observer would objectively construe the undersigned's attendance as an endorsement of Willis's actions while in office, which include the prosecution of President Trump for "crimes related to election fraud," and question the undersigned's impartiality to decide "a case in which [his] Department of Justice seeks voter rolls in an effort to ensure election integrity." [Id. at 9]. The Court takes up each of these arguments in turn below and concludes that recusal is appropriate for the second reason that the United States advances.

The Court declines to find that an objective, disinterested observer with knowledge of the above-described facts would significantly doubt the undersigned's impartiality based on partisanship. But even assuming that an objective observer would construe the undersigned's attendance at the mixer as favoring the Democratic Party, recusal on this basis is not required because this case concerns the

federal government's ability to enforce voting integrity laws, not partisan politics. Notably, the DOJ is seeking to enforce the Civil Rights Act in this action on behalf of a Republican administration, and Defendant Secretary of State, who is resisting that effort, is Republican and a member of a Republican administration. See About Secretary Raffensperger, Ga. Sec'y of State, https://sos.ga.gov/page/about-secretary-raffensperger (last visited June 15, 2026). And while the Democratic National Committee has filed an *amicus curae* brief in support of Secretary Raffensperger and Intervenor-Defendants, the *amici* in this case span political parties. Indeed, *amici*, all of whom appear in support of Defendant and Intervenor-Defendants, include former employees from the Department of Justice (DOJ), many of whom served during Republican administrations, [see Doc. 71-2 (listing *amici* former DOJ employees)], and the Bipartisan American Election Project, [see Doc. 85]. In short, an objective inquiry does not support recusal based on partisanship.

Nevertheless, the Court finds that recusal is appropriate based on the unique facts of this case. Specifically, this case concerns the Trump administration's efforts to obtain Georgia's unredacted voter registration list in furtherance of the administration's objective to uphold election integrity in Georgia, and Willis is known for her role in the prosecution of President Trump over his alleged interference in Georgia's elections. Both the Trump administration's present and

4

Willis's past efforts have become heavily polarized. Thus, the Court cannot discount the potential that the undersigned's attendance at an event sponsored by Willis's campaign, even if that attendance was "only for the purpose of reuniting with former colleagues[,]" Judicial Council Report at 17, would lead an objective observer to perceive that the undersigned supports Willis's position. And perceived support of Willis's position on election integrity could cause an objective observer to significantly doubt the undersigned's impartiality in this case. Therefore, out of an abundance of caution for the potential perception of bias, the undersigned will disqualify herself from further proceedings in this case. See Liteky, 510 U.S. at 548 ("[W]hat matters is not the reality of bias or prejudice but its appearance.").

Accordingly, the undersigned **GRANTS** the United States's Motion to Disqualify, [Doc. 112], and **RECUSES** from this case. Furthermore, the Court **DENIES AS MOOT** the United States's Motion for Emergency Ruling. [Doc. 117].

**SO ORDERED**, this 15th day of June, 2026.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia

5