# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

    v.

BRAD RAFFENSPERGER,
in his official capacity as
Secretary of State for the State of Georgia,

   Defendant.

Case No. 1:26-cv-00485-VMC

## UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
### (Dkt. 128)

The State Voter Registration List (SVRL) is not just any "record[] . . . requisite to voting," 52 U.S.C. § 20701, it is a federally mandated record that "serve[s] as the official voter registration list for the conduct of all elections for Federal office in the State." 52 U.S.C. § 21083(a)(1)(A)(viii). Federal elections cannot occur without the SVRL. Despite the SVRL's paramount necessity in voting, in *United States v. DeMarinis*, No. 1:25-cv-03934, 2026 WL 1780586 at *4 (D. Md. June 18, 2026), the court ruled that an SVRL is not a voting "record" for purposes of Title III of the Civil Rights Act of 1960 (CRA) because it is created by election

officials and therefore does not "come into [their] possession," 52 U.S.C. § 20701.[1] The court relied on flawed reasoning, interpreting the phrase "come into . . . possession" in a way that would have excluded the voter-registration lists of the 1960s—which, like SVRLs, were created by election officials—and thus would have avoided accountability for not registering black citizens, a result Congress could not have intended. The phrase "come into . . . possession" should be given a natural interpretation, encompassing not just records in an election official's current possession but also records that might, in the future, come into the official's possession, whether by creating or receiving them. *See, e.g.,* 8 U.S.C. § 1454 (using "come into possession" to express a continuing obligation).

The district court also wrongly reasoned that if an SVRL were a CRA "record," then updating the SVRL would be "alter[ing]" a record in violation of Title III's criminal provision. *See DeMarinis*, 2026 WL 1780586 at *5. This cramped reasoning ignores that Title III's criminal provision uses the word "willfully" followed by a series of verbs that clearly limit the provision to the willful spoliation of records, something that has nothing to do with updating an SVRL in accordance with the law. *See Bryan v. United States*, 524 U.S. 184, 191 (1998) ("As a general

---

[1] *See also United States v. Benson*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026).

matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'").

Dated: June 30, 2026              HARMEET K. DHILLON

                                  Assistant Attorney General
                                  Civil Rights Division

                                  JESUS A. OSETE
                                  Principal Deputy Assistant Attorney General

                                  ERIC V. NEFF
                                  Acting Chief, Voting Section

                                  /s/ John R. Casali
                                  John R. Casali
                                  William Mohrman
                                  Joseph W. Voiland
                                  Civil Rights Division
                                  150 M Street, 8th Floor
                                  Washington, D.C. 20002
                                  (202) 316-8087
                                  John.casali@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing motion was prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).

/s/ *JOHN CASALI*
WILLIAM MOHRMAN
MN Bar No. 0168816
Senior Counsel, Voting Section
JOHN CASALI
MA Bar No. 710821
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.135
Washington, D.C. 20002
Telephone: (202) 316-8087
Email: William.Mohrman@usdoj.gov
Email: John.Casali@usdoj.gov