**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

BRAD RAFFENSPERGER, in his
official capacity as Secretary of State
for the State of Georgia,

    *Defendant.*

Case No. 1:26-cv-00485-VMC

**INTERVENORS BLACK VOTERS MATTER FUND, CWA LOCAL 3204,
AND CWA LOCAL 3204 RETIRED MEMBERS COUNCIL'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Black Voters Matter Fund, CWA Local 3204, and CWA Local 3204 Retired Members Council ("BVMF Intervenors") hereby provide the Court notice that a federal district court in New Hampshire recently dismissed DOJ's parallel lawsuit seeking that State's unredacted voter registration list. *See United States v. Scanlan*, --- F. Supp. 3d ----, No. 25-cv-371-JL, 2026 WL 1864054 (D.N.H. June 29, 2026). DOJ's arguments have now been unanimously rejected by twelve federal courts, including one court of appeals.

*Scanlan* dismissed DOJ's claim under the Civil Rights Act of 1960 ("CRA") on two grounds. The court concluded that DOJ's demand was facially invalid because it failed to state a basis—an "evidentiary or factual predicate"—for its

1

request. *Scanlan*, 2026 WL 1864054, at \*7–8. The court held that DOJ's failure to identify any factual anomalies in New Hampshire's voter registration data or point to any complaint or pattern suggesting noncompliance with HAVA or the CRA was fatal—particularly given the Attorney General's own historical practice of providing a statement of factual basis in its CRA demand letters. *Id.*; *see also* Mem. in Supp. of Mot. to Dismiss at 10–15 (advancing this argument), ECF No. 23-1.

The court also held that because the CRA applies only to records or papers that "come into [election officials'] possession," it cannot reach records that officials themselves "have created and thus have always possessed." *Scanlan*, 2026 WL 1864054, at \*4. The court observed that reading the CRA to encompass statewide voter registration lists would also require election officials to "simultaneously preserve and modify the same record by creating a new, static version of the database with every single edit"—an approach that New Hampshire election officials emphasized would be "impractical to the point of impossible." *Id.* at \*5. This holding further supports dismissal here.

2

Dated: July 1, 2026


Adam M. Sparks
Ga. Bar. No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Branden D. Lewiston*
Marcos Mocine-McQueen*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
mmcqueen@elias.law
maccardi@elias.law
Tel: (202) 948-1135

*Counsel for BVMF Intervenors*

*Appearing *pro hac vice*

3

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, NDGa, the undersigned counsel hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1C, NDGa. This document was prepared on a computer using Times New Roman font (14 point).

This 1st day of July, 2026.

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta

4