**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff,*<br><br>v.<br><br>BRAD RAFFENSPERGER, in his<br>official capacity as Secretary of State<br>for the State of Georgia,<br><br>     *Defendant.* | Case No. 1:26-cv-00485-VMC |

**INTERVENORS BLACK VOTERS MATTER FUND, CWA LOCAL 3204,
AND CWA LOCAL 3204 RETIRED MEMBERS COUNCIL'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Black Voters Matter Fund, CWA Local 3204, and CWA Local 3204 Retired Members Council ("BVMF Intervenors") hereby provide the Court notice that two federal district courts recently dismissed DOJ's parallel lawsuits seeking their respective states' unredacted voter lists. *See United States v. Board of Elections of the State of New York*, --- F. Supp. 3d ----, No. 25-cv-1338, 2026 WL 1999921 (N.D.N.Y. July 10, 2026); Slip Op., *United States v. Warner*, No. 26-00156 (S.D.W.V. July 13, 2026), attached as Exhibit A. DOJ's arguments have now been unanimously rejected by fourteen federal courts, including one court of appeals.

In *Board of Elections*, the Northern District of New York rejected DOJ's argument that claims under the Civil Rights Act of 1960 ("CRA") are subject to

1

special procedural rules, instead holding—as Intervenors have argued in this case—that it should "apply the motion to dismiss standard as contemplated by the Federal Rules of Civil Procedure." *Id*. at *5. The court then observed numerous "deficiencies" in DOJ's CRA demand—including that it "states no basis" and DOJ's "purported 'purpose' . . . lacks any relation to the purposes for which Title III was enacted"—but concluded it was unnecessary to reach those defects because dismissal was required based on the plain text of the statute. *Id*. at *8; *see* ECF No. 23-1 at 10–21 (advancing this argument). Specifically, the court held that New York's voter list is not a "record[] subject to retention and preservation" under the CRA because it is "created by state officials," and therefore does not "come into their possession," as the CRA requires. *Board of Elections*, 2026 WL 1999921 at *8–9 (citations omitted). To conclude otherwise, the court reasoned, would "place Title III in conflict with the NVRA and HAVA" by creating inconsistent record-retention obligations for state officials. *Id*. at *9.

In *Warner*, the Southern District of West Virginia similarly dismissed DOJ's CRA claim. It held that, contrary to DOJ's argument, "[n]othing in the text of Title III of the CRA establishes a special statutory proceeding" for DOJ's claim, so the Federal Rules of Civil Procedure supply the applicable legal framework. *Warner*, Slip Op. at 3–5. On the merits, the court found that DOJ's demand for West Virginia's unredacted voter file "fails to include a factual basis, as required by Title

2

III," for DOJ's assertion that West Virginia is "noncompliant with the list maintenance requirements of HAVA or the NVRA." *Id*. at 7. The court also found that DOJ failed to articulate a valid purpose for its demand, and that its stated purpose of evaluating West Virginia's list maintenance obligations did not "fall within the bounds of Title III" or "relate[] to an investigation into potential violations of an individual's right to vote" as required by the statute. *Id*. at 14. Even if that were a valid purpose, the court held in the alternative that DOJ failed to "provide any reasonable explanation for why obtaining highly sensitive voter data" is necessary to achieve it. *Id*. The Court also questioned "what the real purpose was for the Justice Department to go to the trouble of filing civil actions like this one all around the nation" given the "lack of an adequate basis or purpose" expressed in its filings. *Id*. at 15 n.9.

The decisions in *Board of Elections* and *Warner* provide further support for dismissing DOJ's action in this case.

3

Dated: July 13, 2026


Adam M. Sparks
Ga. Bar. No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Branden D. Lewiston*
Marcos Mocine-McQueen*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
mmcqueen@elias.law
maccardi@elias.law
Tel: (202) 948-1135

*Counsel for BVMF Intervenors*

*Appearing *pro hac vice*

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, NDGa, the undersigned counsel hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1C, NDGa. This document was prepared on a computer using Times New Roman font (14 point).

This 13th day of July, 2026.

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta

5