**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia, <br><br> *Defendant.* | Case No. 1:26-cv-00485-VMC |

**INTERVENORS BLACK VOTERS MATTER FUND, CWA LOCAL 3204,**
**AND CWA LOCAL 3204 RETIRED MEMBERS COUNCIL'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Black Voters Matter Fund, CWA Local 3204, and CWA Local 3204 Retired Members Council ("BVMF Intervenors") hereby provide the Court notice that two more federal district courts recently dismissed DOJ's parallel lawsuits seeking their respective states' unredacted voter lists. *See United States v. Oliver*, No. 1:25-CV-01193-JCH-JFR, 2026 WL 2031479 (D.N.M. July 14, 2026); *United States v. Koski*, No. 3:26CV42 (RCY), 2026 WL 2032532 (E.D. Va. July 14, 2026).

In *Oliver*, the District of New Mexico rejected DOJ's argument that claims under the Civil Rights Act of 1960 ("CRA") are subject to special procedural rules. 2026 WL 2031479, at *7. Instead, the Court held that DOJ's claim is subject to "the

Federal Rules of Civil Procedure," including Rule 12(b)(6), which lays out the standards for motions to dismiss for failure to state a claim. *Id*. The court then held that DOJ's CRA claim must be dismissed because DOJ's demand for New Mexico's unredacted voter list "altogether lacks an identifiable 'basis'" given the absence of any "factual suggestion that New Mexico has violated the NVRA or HAVA" or any reason why the unredacted voter list "is necessary to evaluate compliance with the NVRA and HAVA." *Id*. at *10; *see also* ECF No. 23-1 at 10–21 (advancing this argument).

In *Koski*, the Eastern District of Virginia similarly rejected DOJ's argument that its CRA claim entitles it to a special process, finding that "the Federal Rules of Civil Procedure apply in this CRA Title III action." 2026 WL 2032532, at *1 n.2. The court then held that Virginia's unredacted voter list "is not a record subject to production under Title III of the CRA" because it did not "come into . . . possession" of Virginia's election officials; rather, it was *created* by election officials pursuant to their statutory obligations. *Id*. at *4–5. The court found that the contrary reading urged by DOJ would place the CRA in tension with other statutes, including the NVRA and HAVA with which DOJ suggests it seeks compliance, because those statutes "direct election officials to remove ineligible voters from voter registration lists" while the CRA "requires election officials to retain and preserve records and papers that come into their possession." *Id*. at *5.

2

Sixteen courts—including the Court of Appeals for the Sixth Circuit and fifteen district courts—have now found DOJ's claims for unredacted voter lists to be without merit. No court has held otherwise. The recent decisions in *Oliver* and *Koski* provide further support for dismissing DOJ's action in this case.

Dated: July 15, 2026

Adam M. Sparks
Ga. Bar. No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Branden D. Lewiston*
Marcos Mocine-McQueen*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
mmcqueen@elias.law
maccardi@elias.law
Tel: (202) 948-1135

*Counsel for BVMF Intervenors*

*Appearing pro hac vice*

3

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, NDGa, the undersigned counsel hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1C, NDGa. This document was prepared on a computer using Times New Roman font (14 point).

This 15th day of July, 2026.

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta

4