**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

BRAD RAFFENSPERGER, in his
official capacity as Secretary of State
for the State of Georgia,

    *Defendant*.

Case No. 1:26-cv-00485-VMC

**INTERVENORS BLACK VOTERS MATTER FUND, CWA LOCAL 3204,
AND CWA LOCAL 3204 RETIRED MEMBERS COUNCIL'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Black Voters Matter Fund, CWA Local 3204, and CWA Local 3204 Retired Members Council ("BVMF Intervenors") hereby provide the Court notice that another federal district court recently dismissed DOJ's parallel lawsuit seeking a state's unredacted voter list. *See United States v. Matthews*, No. 25-CV-3398, 2026 WL 2212877 (C.D. Ill. July 31, 2026).

In *Matthews*, the court held that "judicial review of Title III is governed by the Federal Rules of Civil Procedure" and rejected DOJ's argument that "a district court may not inquire into the legal sufficiency" of a demand made under Title III of the Civil Rights Act of 1960. *Id.* at *2; *see also* ECF No. 70 at 2–6 (similarly explaining why the Federal Rules of Civil Procedure apply to DOJ's claim). The

court then held that Illinois's unredacted voter list is not subject to Title III. 2026 WL 2212877, at *3. The court observed that Title III applies only to records that "come into [an election official's] possession," a phrase that does "not encompass records that state election officials *create* or merely *possess*," such as a state's voter list. *Id.* (citation omitted) (emphasis in original).

In the alternative, the court also held that DOJ's "written demand" did not satisfy the facial requirements of Title III because it failed to "include both a sufficient basis and legitimate purpose for requesting the unredacted voter registration list." *Id.* at *4; *see also* ECF No. 23-1 (explaining why this failure dooms DOJ's claims in this case). DOJ's demand letter, the court wrote, "did not provide any factual basis" for any "suspected noncompliance with federal law" and did not identify a "proper purpose" for DOJ's demand for the state's unredacted voter file. 2026 WL 2212877, at *5.

Twenty courts—including the Court of Appeals for the Sixth Circuit and nineteen district courts—have now found DOJ's claims for unredacted voter lists to be without merit. No court has held otherwise. The recent decision in *Matthews* provides further support for dismissing DOJ's action in this case.

Dated: August 3, 2026


Adam M. Sparks
Ga. Bar. No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

_/s/ Uzoma N. Nkwonta_
Uzoma N. Nkwonta*
Branden D. Lewiston*
Marcos Mocine-McQueen*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
mmcqueen@elias.law
maccardi@elias.law
Tel: (202) 948-1135

_Counsel for BVMF Intervenors_

*Appearing _pro hac vice_

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, NDGa, the undersigned counsel hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1C, NDGa. This document was prepared on a computer using Times New Roman font (14 point).

This 3rd day of August, 2026.

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta