# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br> *Plaintiff,*<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,<br><br> *Defendant*. | Case No. 1:26-cv-00485-VMC |

## INTERVENORS BLACK VOTERS MATTER FUND, CWA LOCAL 3204, AND CWA LOCAL 3204 RETIRED MEMBERS COUNCIL'S NOTICE OF SUPPLEMENTAL AUTHORITY

Intervenors Black Voters Matter Fund, CWA Local 3204, and CWA Local 3204 Retired Members Council ("BVMF Intervenors") hereby provide the Court notice that another federal district court recently dismissed DOJ's parallel lawsuit seeking a state's unredacted voter list. *See United States v. Griswold*, No. 25-CV-03967-PAB-TPO, 2026 WL 2235374 (D. Colo. Aug. 3, 2026).

*Griswold* rejected DOJ's argument that the Federal Rules of Civil Procedure do not apply to its claim under Title III of the Civil Rights Act of 1960 ("CRA"), observing that "[t]he CRA says nothing suggesting the inapplicability of the Federal Rules of Civil Procedure" and highlighting the Supreme Court's determination that the Rules govern enforcement proceedings brought under a parallel statute. *Id*. at *3

(citing *United States v. Powell*, 379 U.S. 48, 51 (1964)); *see also* ECF No. 70 at 1–6 (similarly explaining why the Federal Rules of Civil Procedure apply to DOJ's claim). On the merits, the court held that DOJ "failed to provide a sufficient basis and purpose for requesting [Colorado's] nonpublic [voter list]," and thus was not entitled to the list under the CRA. 2026 WL 223537, at *4; *see also* Mot. to Dismiss, ECF No. 23-1 at 14–15 (explaining why this failure dooms DOJ's claims in this case).

In the alternative, the court held that Colorado's voter list was not subject to the CRA because it did not "come into" state officials' "possession," but rather was created and maintained by state officials. 2026 WL 223537, at *5 (citations omitted). As the court noted, if it "were to adopt the United States' proposed definition" of "record" under the CRA, the CRA's prohibition on alerting covered records would mean election officials could not update state voter lists—even though HAVA and the NVRA *require* election officials to regularly update voter lists. *Id.*

Twenty-one courts—including the Court of Appeals for the Sixth Circuit and twenty district courts—have now found DOJ's claims for unredacted voter lists to be without merit. No court has held otherwise. The recent decision in *Griswold* provides further support for dismissing DOJ's action in this case.

2

Dated: August 5, 2026


Adam M. Sparks
Ga. Bar. No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Branden D. Lewiston*
Marcos Mocine-McQueen*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
mmcqueen@elias.law
maccardi@elias.law
Tel: (202) 948-1135

*Counsel for BVMF Intervenors*

*Appearing *pro hac vice*

3

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, NDGa, the undersigned counsel hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1C, NDGa. This document was prepared on a computer using Times New Roman font (14 point).

This 5th day of August, 2026.

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta