**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,<br><br>*Defendant*. | Case No. 1:26-cv-00485-VMC |

**INTERVENORS BLACK VOTERS MATTER FUND, CWA LOCAL 3204, AND CWA LOCAL 3204 RETIRED MEMBERS COUNCIL'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Black Voters Matter Fund, CWA Local 3204, and CWA Local 3204 Retired Members Council ("BVMF Intervenors") hereby notify the Court that two more federal district courts recently dismissed DOJ's parallel lawsuits seeking Nevada's and Minnesota's unredacted state voter lists. *See United States v. Aguilar*, No. 3:25-CV-00728-ART-CLB, 2026 WL 2364502 (D. Nev. Aug. 14, 2026); *United States v. Simon*, No. 25-CV-3761 (KMM/EMB), 2026 WL 2389778 (D. Minn. Aug. 17, 2026).

In *Aguilar*, the court rejected DOJ's argument that the Federal Rules of Civil Procedure do not apply to its claim under Title III of the Civil Rights Act of 1960 ("CRA"). It noted that "[n]either the text of the statute nor the weight of precedent

support the Government's position," and rejected DOJ's reliance on *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), holding that "to the extent that *Lynd* read an abbreviated procedural requirement into the CRA[,] . . . its statutory interpretation was arguably superseded by the Supreme Court's subsequent opinion[] in *Powell* . . . ." 2026 WL 2364502, at *2; *see also* ECF No. 70 at 1–6 (similarly explaining why the Federal Rules of Civil Procedure apply to DOJ's claim).

On the merits, the court held that Nevada's unredacted voter list is not "the kind of record or paper whose production can be compelled under the CRA." 2026 WL 2364502, at *4. "The CRA does not cover" the unredacted voter list, the court continued, "because it does not cover records created by government officials"—only records that "come into [their] possession." *Id.* (citation omitted). And interpreting the CRA to cover voter lists maintained by state election officials "would create a conflict between the CRA and other election statutes" because the state voter list "must be constantly updated," yet "under the CRA the alteration of any [covered] document is punishable by fine, imprisonment, or both." *Id.* at *5.

In the alternative, the court also held that DOJ failed to satisfy the CRA's requirements because it did not "explain . . . the Government's basis and its purpose" for seeking the unredacted voter list. *Id*. "Nowhere does the DOJ articulate any factual suggestion that Nevada has violated the NVRA or HAVA, indicate the State has a pattern or practice of noncompliance with the same, nor does it explain how

the unredacted [voter list] is necessary to evaluate compliance with the NVRA or HAVA." *Id.* at *6 (citation modified); *see* BVMF Mot. to Dismiss, ECF No. 23-1 at 14–15 (explaining why the same is true of DOJ's request to Georgia).

In *Simon*, the court similarly rejected DOJ's argument that it should not apply the Federal Rules of Civil Procedure to DOJ's CRA claim, writing that "th[e] Court finds *Lynd's* discussion and [DOJ's] characterization of a district court's role in a Title III proceeding unpersuasive." 2026 WL 2389778, at *7. On the merits, the court ruled that a state's voter registration list "is not a record or paper that comes into . . . election officials' possession" because the list must be "created and continuously updated by state officials." *Id.* at *10.

Twenty-four courts—including the Court of Appeals for the Sixth Circuit and twenty-three district courts—have now found DOJ's claims for unredacted voter lists to be without merit. No court has held otherwise. The recent decisions in *Aguilar* and *Simon* provide further support for dismissing DOJ's action in this case.

Dated: August 21, 2026

/s/ *Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Branden D. Lewiston*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
maccardi@elias.law
Tel: (202) 948-1135

*Counsel for BVMF Intervenors*

*Appearing *pro hac vice*

Adam M. Sparks
Ga. Bar No. 341578
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
Email: sparks@khlawfirm.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, NDGa, the undersigned counsel hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1C, NDGa. This document was prepared on a computer using Times New Roman font (14 point).

This 21st day of August, 2026.

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta