**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,

*Defendant*.

Case No. 1:26-cv-00485-VMC

**INTERVENORS BLACK VOTERS MATTER FUND, CWA LOCAL 3204, AND CWA LOCAL 3204 RETIRED MEMBERS COUNCIL'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Black Voters Matter Fund, CWA Local 3204, and CWA Local 3204 Retired Members Council ("BVMF Intervenors") hereby notify the Court that two additional federal district courts recently dismissed DOJ's parallel lawsuits seeking Vermont's and Washington's unredacted state voter lists. *See United States v. Hanzas*, No. 2:25-CV-00903-MKL, 2026 WL 2754349 (D. Vt. Sep. 17, 2026); *United States v. Hobbs*, No. C25-6078-KKE, 2026 WL 2833713 (W.D. Wash. Sep. 22, 2026).

In *Hanzas*, the court rejected DOJ's argument that the Federal Rules of Civil Procedure do not apply to its claim under Title III of the Civil Rights Act of 1960 ("CRA"). It noted that "there is no textual support" for DOJ's suggestion that the

CRA gives rise to a "special statutory proceeding," and reasoned that because DOJ "chose to pursue this case as a civil action by filing a complaint," the case must be governed by the Federal Rules of Civil Procedure. *Hanzas*, 2026 WL 2754349, at *2–3.

On the merits, the court held that Vermont's unredacted voter list is not the sort of "document that the Attorney General can demand" under the CRA because it does not "come into the possession" of state election officials, but is rather "create[d]" by those officials. *Id.* at *4. "Reading [the CRA] to include the [unredacted voter list] would lead to an absurd result," the court continued, because the unredacted voter list is "subject to continuous alteration," whereas documents encompassed by the CRA cannot be altered. *Id.* at *5.

In the alternative, the court also held that DOJ failed to satisfy the CRA's requirements because it failed to provide a "factual basis for its demand," including any allegation that "Vermont is out of compliance with any federal election law." *Id.*; *see* BVMF Mot. to Dismiss, ECF No. 23-1 at 14–15 (explaining why the same is true of DOJ's request to Georgia). The court also held that because the CRA "was enacted to address rampant voter suppression of Black Americans during the Jim Crow era," a basis or purpose under the statute is legitimate only if it is "related to racial discrimination." *Hanzas*, 2026 WL 2754349, at *5–6. Because DOJ failed to provide any basis or purpose for its demand for Vermont's voter list, much less a

basis cognizable under the CRA, the court dismissed DOJ's request with prejudice. *Id.* at *6.

Similarly, in *Hobbs*, the district court found that DOJ "provided no persuasive reason why the Federal Rules of Civil Procedure do not" apply to DOJ's claim under the CRA. 2026 WL 2833713, at *3 n.6. The court then agreed that Washington's unredacted voter list is not covered by the CRA because "it is a document that . . . [state] election officials continuously compile, update, and maintain, and therefore it does not passively 'come into' [their] possession . . . ." *Id.* at *4. Thus, the court "join[ed] a growing, unanimous consensus of courts" in finding that Washington's unredacted voter list "is not subject to a Title III demand." *Id.* at *6.

Twenty-six courts—including the Court of Appeals for the Sixth Circuit and twenty-five district courts—have now found DOJ's claims for unredacted voter lists to be without merit. No court has held otherwise. The recent decisions in *Hanzas* and *Hobbs* provide further support for dismissing DOJ's action in this case.

Dated: September 24, 2026

Respectfully submitted,

Adam M. Sparks
Ga. Bar No. 341578
Kevin J. Wender
Ga. Bar No. 999043
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Tel: (404) 888-9700
Fax: (404) 888-9577
sparks@khlawfirm.com
wender@khlawfirm.com

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Branden D. Lewiston*
Max C. Accardi*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
maccardi@elias.law
Tel: (202) 948-1135

*Counsel for BVMF Intervenors*

*Appearing *pro hac vice*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, NDGa, the undersigned counsel hereby certifies that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1C, NDGa. This document was prepared on a computer using Times New Roman font (14 point).

This 24th day of September, 2026.

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta