4months,APPEAL,CLOSED,VMCLC2

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:26−cv−00485−VMC

The United States of America v. Raffensperger
Assigned to: Judge Victoria M. Calvert
Cause: 52:20703 Demand for records or papers by Attorney General or representative

Date Filed: 01/23/2026
Date Terminated: 09/30/2026
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

**United States of America** represented by

**Brittany E. Bennett**
DOJ−Crt
U.S. Department of Justice
4 Constitution Square
150 M Street NE, RM 8.141
Washington DC, DC 20002
202−307−2767
Email: brittany.bennett@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher J. Gardner**
DOJ−Crt
150 M St NE
Washington, DC 20002
202−812−2631
Email: christopher.gardner@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Neff**
DOJ−Crt
Civil Rights Division
150 M St NE, Ste 8−1807
Washington, DC 20002
202−532−3628
Email: eric.neff@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Thomas Tucker**
DOJ−Crt
Civil Rights Division, Voting Section
4 Constitution Square
150 M Street, N.E., Ste Seventh Floor
Washington, DC 20530
202−307−2767
Email: james.t.tucker@usdoj.gov

*ATTORNEY TO BE NOTICED*

**Jesus A. Osete**
DOJ−Crt
Civil Rights Division
950 Pennsylvania Ave NW
Washington, DC 20530−0001
202−616−8821
Fax: 202−514−2093
Email: jesus.osete@usdoj.gov
*ATTORNEY TO BE NOTICED*

**John Casali**
DOJ−Crt
150 M Street NE
Washington DC, DC 20003
202−316−8087
Email: john.casali@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William Francis Mohrman**
DOJ−Crt
Civil Rights Division
950 Pennsylvania Ave NW
Room 5533
Washington, DC 20530
202−368−6597
Email: william.mohrman@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Brad Raffensperger**
*in his Official Capacity as Secretary of State for the State of Georgia*

represented by

**Bryan Francis Jacoutot**
Clark Hill PLC
3630 Peachtree Road NE
Suite 700
Atlanta, GA 30326
678−370−4376
Email: bjacoutot@clarkhill.com
*TERMINATED: 05/01/2026*

**Bryan P. Tyson**
Tyson Younker LLC
1225 Johnson Ferry Rd
Suite 600−A
Marietta, GA 30068
678−223−3160
Email: btyson@tysonyounker.law
*ATTORNEY TO BE NOTICED*

**David J. Younker**
Tyson Younker LLC
1225 Johnson Ferry Rd
Suite 600−A
Marietta, GA 30068
678−223−3160
Email: dyounker@tysonyounker.law
*ATTORNEY TO BE NOTICED*

**Diane Festin LaRoss**
Clark Hill PLC
3630 Peachtree Road NE
Ste 700
Atlanta, GA 30326
678−370−4378
Fax: 678−370−4358
Email: dlaross@clarkhill.com
*TERMINATED: 05/01/2026*

V.

**Intervenor Defendant**

**Black Voters Matter Fund** represented by

**Branden D. Lewiston**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202−998−8667
Email: blewiston@elias.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marcos Mocine−McQueen**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202−968−4492
Email: mmcqueen@elias.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Accardi**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
816−896−2743
Email: maccardi@elias.law

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Uzoma Nkwonta**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202−968−4517
Email: unkwonta@elias.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adam Martin Sparks**
Krevolin & Horst, LLC
1201 W. Peachtree St. NW
One Atlantic Center
Ste 3500
Atlanta, GA 30309
404−888−9700
Fax: 404−888−9577
Email: sparks@khlawfirm.com
*ATTORNEY TO BE NOTICED*

**Kevin Jeremy Wender**
Krevolin & Horst, LLC
1201 W Peachtree St NW
Ste 3500
Atlanta, GA 30309
404−888−9700
Email: wender@khlawfirm.com
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Communication Workers of America Local 3204** represented by **Branden D. Lewiston**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marcos Mocine−McQueen**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Accardi**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Uzoma Nkwonta**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adam Martin Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Jeremy Wender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Communication Workers of America Local 3204 Retired Members Council** represented by **Branden D. Lewiston**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marcos Mocine−McQueen**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Accardi**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Uzoma Nkwonta**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adam Martin Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Jeremy Wender**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Common Cause** represented by

**Jonathan Topaz**
American Civil Liberties Union
Foundation, Inc. − NY
125 Broad St.
New York, NY 10004
212−549−2640
Email: jtopaz@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin**
American Civil Liberties Union
Foundation, Inc. − NY
125 Broad St.
New York, NY 10004
212−284−7332
Email: slakin@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theresa J. Lee**
American Civil Liberties Union
125 Broad Street
18th Floord
New York, NY 10004
212−549−2500
Email: tlee@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Miles Hughes**
American Civil Liberties Union
125 Broad Street
18th Floor
New York, NY 10004
347−327−1264
Email: whughes@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Akiva Hibel Freidlin**
American Civil Liberties Union of Georgia
P.O. Box 570738
Atlanta, GA 30357
412−874−9226
Email: afreidlin@acluga.org
*ATTORNEY TO BE NOTICED*

**Bradley Erik Heard**
Southern Poverty Law Center
Ste 550
1101 17th St., N.W.
Washington, DC 20036
470−989−5426
Email: bradley.heard@splcenter.org
*ATTORNEY TO BE NOTICED*

**Carlos Alberto Andino , III**
150 E. Ponce de Leon Ave.
Suite 340
Decatur, GA 30030
404−585−8095
Email: carlos.andino@splcenter.org
*ATTORNEY TO BE NOTICED*

**Cory Isaacson**
ACLU Foundation of Georgia
P.O. Box 570738
Atlanta, GA 30357
770−415−5490
Email: cisaacson@acluga.org
*ATTORNEY TO BE NOTICED*

**Jack Genberg**
Southern Poverty Law Center
1101 17th Street NW
Suite 550
Washington, DC 20036
470−708−0554
Email: jack.genberg@splcenter.org
*ATTORNEY TO BE NOTICED*

**Jayme Briana Hayes Futch**
ACLU Foundation of Georgia, Inc.
P.O. Box 570738
Atlanta, GA 30357
770−415−5311
Email: bfutch@acluga.org
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Rosario Palacios** represented by **Jonathan Topaz**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theresa J. Lee**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Miles Hughes**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Akiva Hibel Freidlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradley Erik Heard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Carlos Alberto Andino , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cory Isaacson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack Genberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jayme Briana Hayes Futch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**National Association For The Advancement of Colored People** represented by **Andrew J. Frackman**
O'Melveny & Meyers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019−6022
212−326−2000
Fax: 212−326−2061
Email: afrackman@omm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anton Metlitsky**
O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019−6022
212−326−2000
Fax: 212−326−2061
Email: ametlitsky@omm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catherine Meza**
Lawyers Committee for Civil Rights Under
Law −DC
1500 K Street Northwest
Suite 900
Washington, DC 20005
202−662−8600
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Meteer**
O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90401
310−553−6700
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Cassell−Stiga**
Lawyers Committee for Civil Rights Under
Law −DC
1500 K Street Northwest
Suite 900
Washington, DC 20005
202−662−8352
Email: gcassell−stiga@lawyerscommittee.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Grace Thomas**
Lawyers' Committee for Civil Rights
Under Law
1500 K St NW
Suite 900
Washington, DC 20005
202−662−8365

Email: gthomas@lawyerscommittee.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie Marie Houk**
Lawyers' Committee for Civil Rights Under Law
1500 K St NW
Suite 900
Washington, DC 20005
202−662−8391
Fax: 202−783−0857
Email: jhouk@lawyerscommittee.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leah Frazier**
Lawyers Committee for Civil Rights Under Law −DC
1500 K Street Northwest
Suite 900
Washington, DC 20005
202−662−8600
Email: lfrazier@ftc.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Bokat−Lindell**
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
202−383−5300
Fax: 202−383−5414
Email: nbokat−lindell@omm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Neil Weiner**
Lawyers Committee for Civil Rights Under Law −DC
1500 K Street Northwest
Suite 900
Washington, DC 20005
202−736−2200
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samantha Heyward**
Lawyers Committee for Civil Rights Under Law −DC
1500 K Street Northwest
Suite 900
Washington, DC 20005
202−662−8600
Email: sheyward@lawyerscommittee.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jack Avery Samuels**
The Samuels Firm
Georgia
278 W Main Street
Buford
Buford, GA 30518
678−387−0886
Fax: 678−482−0209
Email: jack@thesamuelsfirm.com
*ATTORNEY TO BE NOTICED*

**Reema Shah**
O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
212−362−2000
Email: rshah@omm.com
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**National Association for the Advancement of Colored People Georgia State Conference**

represented by

**Andrew J. Frackman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catherine Meza**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Meteer**

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Cassell−Stiga**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Grace Thomas**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie Marie Houk**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leah Frazier**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Bokat−Lindell**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Neil Weiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samantha Heyward**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jack Avery Samuels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Reema Shah**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Quinette (Gwenette) Westbrooks** represented by **Andrew J. Frackman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catherine Meza**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Meteer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Cassell−Stiga**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Grace Thomas**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie Marie Houk**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leah Frazier**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Bokat−Lindell**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Neil Weiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samantha Heyward**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jack Avery Samuels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Georgia Coalition for the Peoples Agenda** represented by **Andrew J. Frackman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catherine Meza**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Meteer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Cassell−Stiga**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Grace Thomas**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie Marie Houk**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leah Frazier**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Bokat−Lindell**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Neil Weiner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samantha Heyward**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jack Avery Samuels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Mary Estill Buchanan**
*, Former Secretary of State for the State of Colorado*

represented by

**Donald D. Sherman**
Citizens for Responsibility and Ethics in Washington
P.O. 14596
Washington, DC 20004
202−408−3861
Email: dsherman@citizensforethics.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John B. Hill**
Citizens for Responsibility and Ethics in Washington
PO Box 14596
Washington, DC 20044
202−408−5565
Email: jhill@citizensforethics.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashley Christina Brown**
Caplan Cobb LLC
75 14th Street NE
Suite 2700
Atlanta, GA 30309
404−596−5614
Email: abrown@caplancobb.com
*ATTORNEY TO BE NOTICED*

**Jessica Arnold Caleb**
Caplan Cobb LLC
75 Fourteenth Street, NE
Suite 2700
Atlanta, GA 30309
404−596−5600
Email: jcaleb@caplancobb.com
*ATTORNEY TO BE NOTICED*

**Michael A. Caplan**
Caplan Cobb LLC
75 14th Street NE
Suite 2700
Atlanta, GA 30309
404−596−5610
Email: mcaplan@caplancobb.com
*ATTORNEY TO BE NOTICED*

**Timothy Brandon Waddell**
Caplan Cobb LLC
75 14th Street NE
Suite 2700
Atlanta, GA 30309
404−596−5602
Email: bwaddell@caplancobb.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Miles Rapoport**
*, Former Secretary of State for the State of Connecticut*

represented by **Donald D. Sherman**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John B. Hill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashley Christina Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Arnold Caleb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Caplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Brandon Waddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Ben Ysursa**
*, Former Secretary of State for the State of Idaho*

represented by **Donald D. Sherman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John B. Hill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashley Christina Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Arnold Caleb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Caplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Brandon Waddell**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Amicus**

**Joan Anderson Growe**
*, Former Secretary of State for the State of Minnesota*

represented by

**Donald D. Sherman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John B. Hill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashley Christina Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Arnold Caleb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Caplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Brandon Waddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**John Gale**
*, Former Secretary of State for the State of Nebraska*

represented by

**Donald D. Sherman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John B. Hill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashley Christina Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Arnold Caleb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Caplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Brandon Waddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Phil Keisling**
*, Former Secretary of State for the State of Oregon*

represented by

**Donald D. Sherman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John B. Hill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashley Christina Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Arnold Caleb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Caplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Brandon Waddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Kathy Boockvar**
*, Former Secretary for the Commonwealth of Pennsylvania*

represented by

**Donald D. Sherman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John B. Hill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashley Christina Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Arnold Caleb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Caplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Brandon Waddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Leigh Chapman**
*, Former Secretary for the Commonwealth of Pennsylvania*

represented by

**Donald D. Sherman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John B. Hill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashley Christina Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Arnold Caleb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Caplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Brandon Waddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Sam Reed**
*, Former Secretary of State for the State of Washington*

represented by

**Donald D. Sherman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John B. Hill**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashley Christina Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Arnold Caleb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Caplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy Brandon Waddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Democratic National Committee** represented by **Daniel J. Freeman**
Democratic National Committee
430 South Capitol St SE
#3
Washington, DC 20003
202−923−6429
Email: freemand@dnc.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kurt G. Kastorf**
Bloom Parham, LLP
977 Ponce de Leon Avenue, NE
Atlanta, GA 30306−4265
404−577−7710
Email: kurt.kastorf@gmail.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Former Employees of the U.S. Department of Justice** represented by **Kelsey A. Miller**
O'Melveny & Myers LLP−LA CA
400 South Hope St, 18th Fl
Los Angeles, CA 90071
213−430−6298
Email: kelseymiller@omm.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stacey Godfrey Evans**
Evans Bowers
729 Piedmont Avenue NE
Atlanta, GA 30308
404−850−6750
Fax: 404−850−6748
Email: sevans@evansbowers.com
*ATTORNEY TO BE NOTICED*

**Tiffany Nicole Watkins**
Evans Bowers
729 Piedmont Avenue NE
Atlanta, GA 30308
404−850−6750
Fax: 404−850−6748
Email: twatkins@evansbowers.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**The Bipartisan American Election Project** represented by **Andrew George Pappas**
Osborn Maledon, P.A.
2929 N Central Ave, Ste 2000
Phoenix, AZ 85012
602−640−9398
Fax: 602−640−9050
Email: apappas@omlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Bullock**
Osborn Maledon, P.A.
2929 N. Central Avenue
20th Floor
Phoenix, AZ 85012
602−640−9000
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary O'Grady**
Osborn Maledon, P.A.
2929 N. Central Avenue
20th Floor
Phoenix, AZ 85012
602−640−9120
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brent William Herrin**
Small Herrin, LLP
100 Galleria Parkway
Suite 350
Atlanta, GA 30339
770−857−1664
Fax: 404−332−0315
Email: bherrin@smallherrin.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/23/2026 | 1 | COMPLAINT filed by The United States of America. (Attachments: # 1 Civil Cover Sheet)(dgr) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 01/27/2026) |
| 01/27/2026 | 2 | Electronic Summons Issued as to Brad Raffensperger. (dgr) (Entered: 01/27/2026) |
| 01/27/2026 | 3 | MOTION to Intervene with Brief In Support by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Attachments: # 1 Brief, # 2 Exhibit 1 − Proposed Answer, # 3 Exhibit 2 − Albright Decl., # 4 Exhibit 3 − Barlow Decl., # 5 Exhibit 4 − Scott Decl., # 6 Exhibit 5 − Dec. 8, 2025 Letter, # 7 Exhibit 6 − Aug. 14, 2025 Letter)(Sparks, Adam) (Entered: 01/27/2026) |
| 01/27/2026 | 4 | Certificate of Interested Persons and Corporate Disclosure Statement by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Sparks, Adam) (Entered: 01/27/2026) |
| 01/28/2026 | 5 | NOTICE of Appearance by Bryan P. Tyson on behalf of Brad Raffensperger (Tyson, Bryan) (Entered: 01/28/2026) |
| 01/28/2026 | | Clerk's Notation re 4 Certificate of Interested Persons/Corporate Disclosure Statement by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. Read and approved by District Judge Eleanor L. Ross. (mlb) (Entered: 01/28/2026) |
| 01/28/2026 | 12 | NOTICE FROM THE COURT: INSTRUCTIONS FOR CIVIL CASES ASSIGNED TO THE HONORABLE ELEANOR L. ROSS. (mlb) (mlb). (Entered: 01/28/2026) |
| 01/28/2026 | 6 | Unopposed MOTION to Intervene with Brief In Support by Common Cause, Rosario Palacios. (Attachments: # 1 Brief Mem. of L. in Support, # 2 Exhibit Ex. 1 (Proposed MTD), # 3 Exhibit Ex. 2 (Aug. 7 Letter), # 4 Exhibit Ex. 3 (Aug. 14 Letter), # 5 Exhibit Ex. 4 (Dec. 8 Letter), # 6 Exhibit Ex. 5 (MOU), # 7 Exhibit Ex. 6 (Palacios Decl.))(Isaacson, Cory) (Entered: 01/28/2026) |
| 01/28/2026 | 7 | Certificate of Interested Persons and Corporate Disclosure Statement by Common Cause, Rosario Palacios. (Isaacson, Cory) (Entered: 01/28/2026) |
| 01/28/2026 | | Clerk's Notation re 7 Certificate of Interested Persons/Corporate Disclosure Disclosure Statement by Common Cause and Rosario Palacios. Read and approved by |

| | | |
|---|---|---|
| | | District Judge Eleanor L. Ross. (mlb) (Entered: 01/28/2026) |
| 01/28/2026 | 8 | APPLICATION for Admission of Branden D. Lewiston Pro Hac Vice (Application fee $ 100, receipt number AGANDC−14961935).by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Sparks, Adam) Documents for this entry are not available for viewing outside the courthouse. (Entered: 01/28/2026) |
| 01/28/2026 | 9 | APPLICATION for Admission of Max C. Accardi Pro Hac Vice (Application fee $ 100, receipt number AGANDC−14961955).by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Sparks, Adam) Documents for this entry are not available for viewing outside the courthouse. (Entered: 01/28/2026) |
| 01/28/2026 | 10 | APPLICATION for Admission of Marcos Mocine−McQueen Pro Hac Vice (Application fee $ 100, receipt number AGANDC−14961967).by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Sparks, Adam) Documents for this entry are not available for viewing outside the courthouse. (Entered: 01/28/2026) |
| 01/28/2026 | 11 | APPLICATION for Admission of Uzoma N. Nkwonta Pro Hac Vice (Application fee $ 100, receipt number AGANDC−14961977).by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Sparks, Adam) Documents for this entry are not available for viewing outside the courthouse. (Entered: 01/28/2026) |
| 01/29/2026 | | APPROVAL by Clerks Office re: 11 APPLICATION for Admission of Uzoma N. Nkwonta Pro Hac Vice (Application fee $ 100, receipt number AGANDC−14961977). Attorney Uzoma Nkwonta added appearing on behalf of Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 01/29/2026) |
| 01/29/2026 | | APPROVAL by Clerks Office re: 8 APPLICATION for Admission of Branden D. Lewiston Pro Hac Vice (Application fee $ 100, receipt number AGANDC−14961935). Attorney Branden D. Lewiston added appearing on behalf of Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 01/29/2026) |
| 01/29/2026 | | APPROVAL by Clerks Office re: 9 APPLICATION for Admission of Max C. Accardi Pro Hac Vice (Application fee $ 100, receipt number AGANDC−14961955). Attorney Max Accardi added appearing on behalf of Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 01/29/2026) |
| 01/29/2026 | | APPROVAL by Clerks Office re: 10 APPLICATION for Admission of Marcos Mocine−McQueen Pro Hac Vice (Application fee $ 100, receipt number AGANDC−14961967). Attorney Marcos Mocine−McQueen added appearing on behalf of Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. |

| | | |
|---|---|---|
| | | E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 01/29/2026) |
| 01/30/2026 | | MINUTE ORDER (by docket entry only) GRANTING 8 Application for Admission Pro Hac Vice of Branden Lewiston; GRANTING 9 Application for Admission Pro Hac Vice of Max Accardi; GRANTING 10 Application for Admission Pro Hac Vice of Marcos Mocine−McQueen; and GRANTING 11 Application for Admission Pro Hac Vice of Uzoma N. Nkwonta. Approved by District Judge Eleanor L. Ross on 1/30/26. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(mlb) (Entered: 01/30/2026) |
| 01/30/2026 | | Clerk's Certificate of Mailing (via email) to Attorney Max Accardi as to Black Voters Matter Fund re Order on Application for Admission PHV. (mlb) (Entered: 01/30/2026) |
| 01/30/2026 | 13 | ORDER. It is ORDERED that the motion of Intervenors Black Voters Matter Fund, Communications Workers of America Local 3204, and Communications Workers of America Local 3204 Retired Members Council to intervene as Defendants is hereby GRANTED. Signed by Judge Eleanor L. Ross on 01/30/2026. (mrg) (Entered: 01/30/2026) |
| 01/30/2026 | 14 | ORDER. It is ORDERED that the motion of Common Cause and Rosario Palacios to intervene as Defendants is hereby GRANTED 3 . Signed by Judge Eleanor L. Ross on 01/30/2026. (mrg) (Entered: 01/30/2026) |
| 02/03/2026 | 15 | Notice for Leave of Absence for the following date(s): February 13, 2026, April 6−10, 2026, June 17−19, 2026, July 20−24, 2026, September 25, 2026, October 12−16, 2026, November 24−28, 2026, by Adam Martin Sparks. (Sparks, Adam) (Entered: 02/03/2026) |
| 02/05/2026 | 16 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Request for Hearing* with Brief In Support by Brad Raffensperger. (Attachments: # 1 Brief in Support of Motion to Dismiss Plaintiff's Complaint and Request for Hearing, # 2 Exhibit A − Dec. of C. McGowan, # 3 Exhibit B − Order Dismissing Case in Middle District)(Tyson, Bryan) . Added MOTION for Hearing on 4/2/2026 (ajw). (Entered: 02/05/2026) |
| 02/06/2026 | 17 | Notice for Leave of Absence for the following date(s): 2/19/26−2/20/26; 2/23/26−2/25/26; 4/6/26−4/10/26; 5/18/26−5/22/26; 6/8/26−6/9/26; 7/23/26−7/24/26; 9/21/26−9/25/26, by Bryan P. Tyson. (Tyson, Bryan) (Entered: 02/06/2026) |
| 02/06/2026 | 18 | NOTICE of Appearance by Bryan Francis Jacoutot on behalf of Brad Raffensperger (Jacoutot, Bryan) (Entered: 02/06/2026) |
| 02/06/2026 | 19 | NOTICE of Appearance by Diane Festin LaRoss on behalf of Brad Raffensperger (LaRoss, Diane) (Entered: 02/06/2026) |
| 02/09/2026 | 20 | NOTICE of Filing Supplemental Authority by Brad Raffensperger re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Request for Hearing* (Attachments: # 1 Exhibit A − Opinion and Order in U.S. v. State of Oregon)(Tyson, Bryan) (Entered: 02/09/2026) |
| 02/10/2026 | 21 | Return of Service Executed Brad Raffensperger served on 2/5/2026, answer due 2/26/2026. (Attachments: # 1 Process Receipt for General Counsel, Office of the |

| | | |
|---|---|---|
| | | Secretary of State)(ajw) (Entered: 02/11/2026) |
| 02/12/2026 | 22 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Common Cause, Rosario Palacios. (Attachments: # 1 Brief in support of MTD, # 2 Exhibit)(Isaacson, Cory) (Entered: 02/12/2026) |
| 02/13/2026 | 23 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Attachments: # 1 Brief, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Nkwonta, Uzoma) (Entered: 02/13/2026) |
| 02/13/2026 | 24 | (DOCUMENT FILED IN ERROR) First MOTION for Leave to Appear Notice of Appearance by Common Cause, Rosario Palacios. (Genberg, Jack) Modified on 2/13/2026 (adg). (Entered: 02/13/2026) |
| 02/13/2026 | 25 | NOTICE of Appearance by Jack Genberg on behalf of Common Cause, Rosario Palacios (Genberg, Jack) (Entered: 02/13/2026) |
| 02/13/2026 | | Notification of Docket Correction re 24 First MOTION for Leave to Appear Notice of Appearance . Document was filed in error using incorrect event. Attorney re−filed document at 25 Notice of Appearance. (adg) (Entered: 02/13/2026) |
| 02/18/2026 | 26 | NOTICE of Appearance by Timothy Brandon Waddell on behalf of Mary Estill Buchanan, Miles Rapoport, Ben Ysursa, Joan Anderson Growe, John Gale, Phil Keisling, Kathy Boockvar, Leigh Chapman, Sam Reed (Waddell, Timothy) (Entered: 02/18/2026) |
| 02/18/2026 | 27 | NOTICE of Appearance by Michael A. Caplan on behalf of Kathy Boockvar, Mary Estill Buchanan, Leigh Chapman, John Gale, Joan Anderson Growe, Phil Keisling, Miles Rapoport, Sam Reed, Ben Ysursa (Caplan, Michael) (Entered: 02/18/2026) |
| 02/18/2026 | 28 | NOTICE of Appearance by Ashley Christina Brown on behalf of Kathy Boockvar, Mary Estill Buchanan, Leigh Chapman, John Gale, Joan Anderson Growe, Phil Keisling, Miles Rapoport, Sam Reed, Ben Ysursa (Brown, Ashley) (Entered: 02/18/2026) |
| 02/18/2026 | 29 | NOTICE of Appearance by Jessica Arnold Caleb on behalf of Kathy Boockvar, Mary Estill Buchanan, Leigh Chapman, John Gale, Joan Anderson Growe, Phil Keisling, Miles Rapoport, Sam Reed, Ben Ysursa (Caleb, Jessica) (Entered: 02/18/2026) |
| 02/18/2026 | 30 | Amicus Curiae APPEARANCE entered by Timothy Brandon Waddell on behalf of Kathy Boockvar, Mary Estill Buchanan, Leigh Chapman, John Gale, Joan Anderson Growe, Phil Keisling, Miles Rapoport, Sam Reed, Ben Ysursa. (Attachments: # 1 Appendix A: Biographies of Amici Curiae)(Waddell, Timothy) (Entered: 02/18/2026) |
| 02/19/2026 | 31 | Cross MOTION to Compel Production of Federal Election Records *and Brief in Opposition to Motions to Dismiss (Docs. 16, 22, 23)* with Brief In Support by The United States of America. (Attachments: # 1 Brief in Support of its Cross−Motion to Compel (Doc. 31) and in Opposition to Motions to Dismiss, # 2 Affidavit Declaration of Eric Neff, # 3 Exhibit 1− August 7 Letter, # 4 Exhibit 2− August 14 Letter, # 5 Exhibit 3− December 8 Letter, # 6 Exhibit 4− GA 2006 Complaint, # 7 Exhibit 5− GA 2006 Joint Motion for Consent Decree, # 8 Exhibit 6− GA Consent Decree, # 9 Exhibit 7− Texas MOU, # 10 Exhibit 8− Michigan Opinion, # 11 Exhibit 9− Oregon Opinion, # 12 Exhibit 10− California Opinion, # 13 Exhibit 11− Ford−Carter Report, # 14 Exhibit 12− North Carolina Consent Order, # 15 Exhibit 13− North Carolina |

| | | |
|---|---|---|
| | | HAVA Report, # 16 Exhibit 14− Middle District Dismissal, # 17 Text of Proposed Order)(Bennett, Brittany) (Entered: 02/19/2026) |
| 02/20/2026 | 32 | MOTION for Leave to File Amicus Brief with Brief In Support by Democratic National Committee. (Attachments: # 1 Brief Memo in Support, # 2 Exhibit Proposed Amicus, # 3 Text of Proposed Order Proposed Order)(Kastorf, Kurt) (Entered: 02/20/2026) |
| 02/20/2026 | 33 | APPLICATION for Admission of Daniel J. Freeman Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15025951).by Democratic National Committee. (Kastorf, Kurt) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/20/2026) |
| 02/23/2026 | | APPROVAL by Clerks Office re: 33 APPLICATION for Admission of Daniel J. Freeman Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15025951). Attorney Daniel J. Freeman added appearing on behalf of Democratic National Committee. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 02/23/2026) |
| 02/23/2026 | 34 | APPLICATION for Admission of Jonathan Topaz Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15028625).by Common Cause, Rosario Palacios. (Isaacson, Cory) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/23/2026) |
| 02/23/2026 | 35 | APPLICATION for Admission of Sophia Lin Lakin Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15028748).by Common Cause, Rosario Palacios. (Isaacson, Cory) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/23/2026) |
| 02/23/2026 | 36 | APPLICATION for Admission of Theresa J. Lee Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15028764).by Common Cause, Rosario Palacios. (Isaacson, Cory) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/23/2026) |
| 02/23/2026 | 37 | APPLICATION for Admission of William Hughes Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15028780).by Common Cause, Rosario Palacios. (Isaacson, Cory) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/23/2026) |
| 02/23/2026 | 38 | NOTICE of Appearance by Jayme Briana Hayes Futch on behalf of Common Cause, Rosario Palacios (Hayes Futch, Jayme) (Entered: 02/23/2026) |
| 02/23/2026 | 39 | NOTICE of Appearance by Akiva Hibel Freidlin on behalf of Common Cause, Rosario Palacios (Freidlin, Akiva) (Entered: 02/23/2026) |
| 02/23/2026 | 40 | APPLICATION for Admission of Donald K. Sherman Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15029548).by Kathy Boockvar, Mary Estill Buchanan, Leigh Chapman, John Gale, Joan Anderson Growe, Phil Keisling, Miles Rapoport, Sam Reed, Ben Ysursa. (Waddell, Timothy) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/23/2026) |
| 02/23/2026 | 41 | APPLICATION for Admission of John B. Hill Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15029713).by Kathy Boockvar, Mary Estill Buchanan, Leigh Chapman, John Gale, Joan Anderson Growe, Phil Keisling, Miles Rapoport, Sam Reed, Ben Ysursa. (Waddell, Timothy) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/23/2026) |

| | | |
|---|---|---|
| 02/23/2026 | | MINUTE ORDER (by docket entry only) GRANTING 33 Application for Admission Pro Hac Vice by Daniel J. Freeman. Approved by District Judge Eleanor L. Ross on 2/23/26. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(mlb) (Entered: 02/23/2026) |
| 02/24/2026 | 42 | First MOTION to Add Party *Defendant−Intervenors* with Brief In Support by National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks, Georgia Coalition for the Peoples Agenda. (Attachments: # 1 Brief Memorandum of Law in Support of Motion to Intervene, # 2 Exhibit DECLARATION OF ANTHONY P. ASHTON, # 3 Exhibit Declaration of Helen Butler, # 4 Exhibit QUINETTE WESTBROOKS, # 5 Brief Proposed Motion to Dismiss, # 6 Exhibit Certificate of Interested Persons)(Samuels, Jack) (Entered: 02/24/2026) |
| 02/24/2026 | 43 | APPLICATION for Admission of Grace Thomas Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15031780).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 44 | APPLICATION for Admission of Julie Marie Houk Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15032137).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 45 | APPLICATION for Admission of Leah Frazier Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 46 | APPLICATION for Admission of Catherine Meza Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15032181).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 47 | APPLICATION for Admission of Gillian Cassell−Stiga Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15032216).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 48 | |

| | | |
|---|---|---|
| | | APPLICATION for Admission of Robert N. Weiner Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15032237).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 49 | APPLICATION for Admission of Samantha Heyward Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15032250).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 50 | APPLICATION for Admission of Andrew Frackman Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15032297).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 51 | APPLICATION for Admission of Anton Metlitsky Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15032306).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 52 | APPLICATION for Admission of Noah Bokat−Lindell Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15032317).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | 53 | APPLICATION for Admission of Reema Shah Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15032332).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/24/2026) |
| 02/24/2026 | | APPROVAL by Clerks Office re: 34 APPLICATION for Admission of Jonathan Topaz Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15028625). Attorney Jonathan Topaz added appearing on behalf of Common Cause, Rosario Palacios. E−filing access may be requested after an order granting the application is entered. (jas) (Entered: 02/24/2026) |
| 02/24/2026 | | APPROVAL by Clerks Office re: 35 APPLICATION for Admission of Sophia Lin Lakin Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15028748). Attorney Sophia Lin Lakin added appearing on behalf of Common Cause, Rosario Palacios. E−filing access may be requested after an order granting the application is entered. (jas) (Entered: 02/24/2026) |
| 02/24/2026 | | |

| | | |
|---|---|---|
| | | APPROVAL by Clerks Office re: 36 APPLICATION for Admission of Theresa J. Lee Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15028764). Attorney Theresa J. Lee added appearing on behalf of Common Cause, Rosario Palacios. E−filing access may be requested after an order granting the application is entered. (jas) (Entered: 02/24/2026) |
| 02/24/2026 | | APPROVAL by Clerks Office re: 37 APPLICATION for Admission of William Hughes Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15028780). Attorney William Miles Hughes added appearing on behalf of Common Cause, Rosario Palacios. E−filing access may be requested after an order granting the application is entered. (jas) (Entered: 02/24/2026) |
| 02/24/2026 | | APPROVAL by Clerks Office re: 40 APPLICATION for Admission of Donald K. Sherman Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15029548). Attorney Donald D. Sherman added appearing on behalf of Kathy Boockvar, Mary Estill Buchanan, Leigh Chapman, John Gale, Joan Anderson Growe, Phil Keisling, Miles Rapoport, Sam Reed, Ben Ysursa. E−filing access may be requested after an order granting the application is entered. (jas) (Entered: 02/24/2026) |
| 02/24/2026 | | APPROVAL by Clerks Office re: 41 APPLICATION for Admission of John B. Hill Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15029713). Attorney John B. Hill added appearing on behalf of Kathy Boockvar, Mary Estill Buchanan, Leigh Chapman, John Gale, Joan Anderson Growe, Phil Keisling, Miles Rapoport, Sam Reed, Ben Ysursa. E−filing access may be requested after an order granting the application is entered. (jas) (Entered: 02/24/2026) |
| 02/24/2026 | | MINUTE ORDER (by docket entry only) GRANTING [Doc. 34] Application for Admission Pro Hac Vice of Jonathan Topaz; GRANTING [Doc. 35] Application for Admission Pro Hac Vice of Sophia Lin Lakin; GRANTING [Doc. 36] Application for Admission Pro Hac Vice of Theresa J. Lee; GRANTING [Doc. 37] Application for Admission Pro Hac Vice of William Hughes; GRANTING [Doc. 40] Application for Admission Pro Hac Vice of Donald K. Sherman; and GRANTING [Doc. 41] Application for Admission Pro Hac Vice of John B. Hill. Approved by District Judge Eleanor L. Ross on 2/24/26. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(mlb) (Entered: 02/24/2026) |
| 02/24/2026 | | Clerk's Certificate of Mailing (via email) to Attorneys re Order on Application for Admission PHV. (mlb) (Entered: 02/24/2026) |
| 02/25/2026 | | RETURN of 45 APPLICATION for Admission of Leah Frazier Pro Hac Vice, 43 APPLICATION for Admission of Grace Thomas Pro Hac Vice, 47 APPLICATION for Admission of Gillian Cassell−Stiga Pro Hac Vice, 46 APPLICATION for Admission of Catherine Meza Pro Hac Vice, 48 APPLICATION for Admission of Robert N. Weiner Pro Hac Vice, 51 APPLICATION for Admission of Anton Metlitsky Pro Hac Vice, 52 APPLICATION for Admission of Noah Bokat−Lindell Pro Hac Vice, 53 APPLICATION for Admission of Reema Shah Pro Hac Vice, 49 APPLICATION for Admission of Samantha Heyward Pro Hac Vice, 50 APPLICATION for Admission of Andrew Frackman Pro Hac Vice, 44 APPLICATION for Admission of Julie Marie Houk Pro Hac Vice to attorney for correction. Reason for Return: (1) Designated local counsel must electronically PHV applications; (2) Designated local counsels bar number is incorrect on the PHV |

| | | |
|---|---|---|
| | | applications. Please correct and resubmit. (esr) (Entered: 02/25/2026) |
| 02/26/2026 | 54 | APPLICATION for Admission of Grace Thomas Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 55 | APPLICATION for Admission of Julie Houk Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 56 | APPLICATION for Admission of Leah Frazier Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 57 | APPLICATION for Admission of Catherine Meza Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 58 | APPLICATION for Admission of Gillian Cassell−Stiga Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 59 | APPLICATION for Admission of Robert N. Weiner Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 60 | APPLICATION for Admission of Samantha Heyward Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 61 | APPLICATION for Admission of Andrew Frackman Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 62 | |

| | | |
|---|---|---|
| | | APPLICATION for Admission of Anton Metlitsky Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 63 | APPLICATION for Admission of Noah Bokat−Lindell Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 64 | APPLICATION for Admission of Reema Shah Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 02/26/2026) |
| 02/26/2026 | 65 | NOTICE of Appearance by Jack Avery Samuels on behalf of Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks (Samuels, Jack) (Entered: 02/26/2026) |
| 02/26/2026 | 66 | NOTICE of Appearance by Jack Avery Samuels on behalf of Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks (Samuels, Jack) (Entered: 02/26/2026) |
| 02/26/2026 | 67 | NOTICE of Appearance by Jack Avery Samuels on behalf of Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks (Samuels, Jack) (Entered: 02/26/2026) |
| 02/27/2026 | | MINUTE ORDER (by docket entry only) GRANTING 64 Application for Admission Pro Hac Vice of Reema Shah. Approved by District Judge Eleanor L. Ross on 2/27/26. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(mlb) (Entered: 02/27/2026) |
| 02/27/2026 | | Clerk's Certificate of Mailing (via email) to Attorney Reema Shah as to National Association For The Advancement of Colored People, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, National Association for the Advancement of Colored People Georgia State Conference re Order on Application for Admission PHV. (mlb) (Entered: 02/27/2026) |
| 02/27/2026 | | APPROVAL by Clerks Office re: 54 55 56 57 58 59 60 61 62 63 APPLICATIONS for Admission. Attorney Robert Neil Weiner, Gillian Cassell−Stiga, Samantha Heyward, Andrew J. Frackman, Grace Thomas, Anton Metlitsky, Leah Frazier, Noah Bokat−Lindell, Catherine Meza, Julie Marie Houk added appearing on behalf of Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association For The Advancement of |

| | | |
|---|---|---|
| | | Colored People, National Association for the Advancement of Colored People Georgia State Conference, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 02/27/2026) |
| 03/02/2026 | | MINUTE ORDER (by docket entry only) granting 54 Application for Admission Pro Hac Vice of Grace Thomas; granting 55 Application for Admission Pro Hac Vice of Julie Houk; granting 56 Application for Admission Pro Hac Vice of Leah Frazier; granting 57 Application for Admission Pro Hac Vice of Catherine Meza; granting 58 Application for Admission Pro Hac Vice of Gillian Cassell−Stiga; granting 59 Application for Admission Pro Hac Vice Robert Weiner; granting 60 Application for Admission Pro Hac Vice of Samantha Heyward; granting 61 Application for Admission Pro Hac Vice to Andrew Frackman; granting 62 Application for Admission Pro Hac Vice of Anton Metlitsky; and granting 63 Application for Admission Pro Hac Vice of Noah Bokat−Lindell. Approved by District Judge Eleanor L. Ross on 3/2/26. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(mlb) (Entered: 03/02/2026) |
| 03/02/2026 | | Clerk's Certificate of Mailing to various attorneys as to National Association For The Advancement of Colored People, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, National Association for the Advancement of Colored People Georgia State Conference re Order on Application for Admission PHV. (mlb) (Entered: 03/02/2026) |
| 03/05/2026 | 68 | REPLY to Response to Motion re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Request for Hearing* filed by Brad Raffensperger. (Tyson, Bryan) (Entered: 03/05/2026) |
| 03/05/2026 | 69 | RESPONSE in Opposition re 31 Cross MOTION to Compel Production of Federal Election Records *and Brief in Opposition to Motions to Dismiss (Docs. 16, 22, 23)* filed by Brad Raffensperger. (Attachments: # 1 Exhibit A − Dec. of B Evans)(Tyson, Bryan) (Entered: 03/05/2026) |
| 03/05/2026 | 70 | RESPONSE in Opposition re 31 Cross MOTION to Compel Production of Federal Election Records *and Brief in Opposition to Motions to Dismiss (Docs. 16, 22, 23) and Reply in Support of 23 Motion to Dismiss* filed by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Nkwonta, Uzoma) (Entered: 03/05/2026) |
| 03/05/2026 | 71 | MOTION for Leave to File Unopposed Motion for Leave to File Brief of Amici Curiae with Brief In Support by Former Employees of the U.S. Department of Justice. (Attachments: # 1 Brief Memorandum in Support, # 2 Brief Amicus Brief, # 3 Text of Proposed Order Proposed Order)(Evans, Stacey) (Entered: 03/05/2026) |
| 03/05/2026 | 72 | APPLICATION for Admission of Kelsey Miller Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15061987).by Former Employees of the U.S. Department of Justice. (Evans, Stacey) Documents for this entry are not available for viewing outside the courthouse. (Entered: 03/05/2026) |
| 03/05/2026 | 73 | |

| | | |
|---|---|---|
| | | MOTION for Leave to File Response in Opposition to Cross Motion to Compel by National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference. (Attachments: # 1 Response in Opposition to Cross Motion to Compel)(Shah, Reema) (Entered: 03/05/2026) |
| 03/05/2026 | 74 | RESPONSE in Opposition re 31 Cross MOTION to Compel Production of Federal Election Records *and Brief in Opposition to Motions to Dismiss (Docs. 16, 22, 23) and Reply in Support of 22 Motion to Dismiss* filed by Common Cause, Rosario Palacios. (Hughes, William) (Entered: 03/05/2026) |
| 03/06/2026 | | APPROVAL by Clerks Office re: 72 APPLICATION for Admission of Kelsey Miller Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15061987). Attorney Kelsey A. Miller added appearing on behalf of Former Employees of the U.S. Department of Justice. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 03/06/2026) |
| 03/09/2026 | | MINUTE ORDER (by docket entry only) GRANTING [Doc. 72] Application for Admission Pro Hac Vice of Kelsey A. Miller. Approved by District Judge Eleanor L. Ross on 3/9/26. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(mlb) (Entered: 03/09/2026) |
| 03/09/2026 | | Clerk's Certificate of Mailing to Attorney Kelsey Miller as to Former Employees of the U.S. Department of Justice re Order on Application for Admission PHV. (mlb) (Entered: 03/09/2026) |
| 03/09/2026 | | Submission of 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Request for Hearing* to District Judge Eleanor L. Ross. (mlb) (Entered: 03/09/2026) |
| 03/09/2026 | 75 | NOTICE of Appearance by Tiffany Nicole Watkins on behalf of Former Employees of the U.S. Department of Justice (Watkins, Tiffany) (Entered: 03/09/2026) |
| 03/10/2026 | | Submission of 22 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , and 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM to District Judge Eleanor L. Ross. (mlb) (Entered: 03/10/2026) |
| 03/10/2026 | 76 | ORDER granting 71 Motion for Leave to File. It is further ORDERED that the Former Employees of the U.S. Department of Justice be designated as Amici Curiae and their proposed amicus brief be lodged on the docket. Signed by Judge Eleanor L. Ross on 03/10/2026. (ajw) (Entered: 03/10/2026) |
| 03/12/2026 | 77 | CORRECTED DOCUMENT ATTACHED AS ATTACHMENT [77−1] ORDER. For good cause shown, the Court GRANTS both motions, 42 , 73 , and DIRECTS the NAACP Intervenor−Defendants to file any response to Plaintiff's Cross Motion to Compel within 5 days of the entry of this order. Signed by Judge Eleanor L. Ross on 03/12/2026. (mrg) (Additional attachment(s) added on 3/12/2026: # 1 Corrected document) (mrg). Modified on 3/12/2026 (mrg). (Entered: 03/12/2026) |
| 03/12/2026 | 78 | ORDER. Motion for Leave to File an Amicus Brief is GRANTED 32 . The DNC shall file the proposed amicus brief as a separate docket entry as soon as practicable. Signed by Judge Eleanor L. Ross on 03/12/2026. (mrg) (Entered: 03/12/2026) |
| 03/12/2026 | 79 | |

| | | |
|---|---|---|
| | | AMICUS BRIEF re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Request for Hearing* filed by Democratic National Committee. (Kastorf, Kurt) Modified on 3/13/2026 to remove excess wording (mrg). (Entered: 03/12/2026) |
| 03/12/2026 | | Notification of Docket Correction re 77 . Incorrect document attached. Corrected document attached to entry. NEF regenerated. (mrg) (Entered: 03/12/2026) |
| 03/13/2026 | 80 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *BY INTERVENOR−DEFENDANTS* with Brief In Support by National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Attachments: # 1 Brief Memorandum of Law in Support of Motion to Dismiss)(Samuels, Jack) (Entered: 03/13/2026) |
| 03/13/2026 | 81 | RESPONSE in Opposition re 31 Cross MOTION to Compel Production of Federal Election Records *and Brief in Opposition to Motions to Dismiss (Docs. 16, 22, 23)* filed by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Shah, Reema) (Entered: 03/13/2026) |
| 03/23/2026 | 82 | APPLICATION for Admission of Andrew George Pappas Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15107356).by The Bipartisan American Election Project. (Herrin, Brent) Documents for this entry are not available for viewing outside the courthouse. (Entered: 03/23/2026) |
| 03/23/2026 | 83 | APPLICATION for Admission of Mary R. O'Grady Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15107409).by The Bipartisan American Election Project. (Herrin, Brent) Documents for this entry are not available for viewing outside the courthouse. (Entered: 03/23/2026) |
| 03/23/2026 | 84 | APPLICATION for Admission of John Bullock Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15107427).by The Bipartisan American Election Project. (Herrin, Brent) Documents for this entry are not available for viewing outside the courthouse. (Entered: 03/23/2026) |
| 03/23/2026 | 85 | Amicus Curiae APPEARANCE entered by Brent William Herrin on behalf of The Bipartisan American Election Project. (Herrin, Brent) (Entered: 03/23/2026) |
| 03/24/2026 | | APPROVAL by Clerks Office re: 82 APPLICATION for Admission of Andrew George Pappas Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15107356). Attorney Andrew Pappas added appearing on behalf of The Bipartisan American Election Project. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 03/24/2026) |
| 03/24/2026 | | RETURN of 83 APPLICATION for Admission of Mary R. O'Grady Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15107409)., 84 APPLICATION for Admission of John Bullock Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15107427) to attorney for correction. Reason for Return: Applicants must provide admission dates in mm/dd/yyyy format. Please correct and resubmit. (esr) (Entered: 03/24/2026) |
| 03/24/2026 | | MINUTE ORDER (by docket entry only) GRANTING 82 Application for Admission Pro Hac Vice of Andrew George Pappas. Approved by District Judge Eleanor L. Ross on 3/24/26. If the applicant does not have CM/ECF access in the Northern District of |

| | | |
|---|---|---|
| | | Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(mlb) (Entered: 03/24/2026) |
| 03/24/2026 | | Clerk's Certificate of Mailing (via email) to Attorney Andrew Pappas as to The Bipartisan American Election Project re Order on Application for Admission PHV. (mlb) (Entered: 03/24/2026) |
| 03/25/2026 | 86 | APPLICATION for Admission of Mary R. O'Grady Pro Hac Vice.by The Bipartisan American Election Project. (Herrin, Brent) Documents for this entry are not available for viewing outside the courthouse. (Entered: 03/25/2026) |
| 03/25/2026 | 87 | APPLICATION for Admission of John Bullock Pro Hac Vice.by The Bipartisan American Election Project. (Herrin, Brent) Documents for this entry are not available for viewing outside the courthouse. (Entered: 03/25/2026) |
| 03/26/2026 | | APPROVAL by Clerks Office re: 86 APPLICATION for Admission of Mary R. O'Grady Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15107409). Attorney Mary O'Grady added appearing on behalf of The Bipartisan American Election Project. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 03/26/2026) |
| 03/26/2026 | | APPROVAL by Clerks Office re: 87 APPLICATION for Admission of John Bullock Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15107427). Attorney John Bullock added appearing on behalf of The Bipartisan American Election Project. E−filing access may be requested after an order granting the application is entered. (esr) (Entered: 03/26/2026) |
| 03/26/2026 | | MINUTE ORDER (by docket entry only) GRANTING [Doc. 86] Application for Admission Pro Hac Vice of Mary R. O'Grady and GRANTING [Doc. 87] Application for Admission Pro Hac Vice of John Bullock. Approved by District Judge Eleanor L. Ross on 3/26/26. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(mlb) (Entered: 03/26/2026) |
| 03/26/2026 | | Clerk's Certificate of Mailing (via email) to Attorneys John Bullock and Mary O'Grady as to The Bipartisan American Election Project re Order on Application for Admission PHV. (mlb) (Entered: 03/26/2026) |
| 03/27/2026 | 88 | NOTICE of Appearance by Bradley Erik Heard on behalf of Common Cause, Rosario Palacios (Heard, Bradley) (Entered: 03/27/2026) |
| 03/27/2026 | 89 | RESPONSE re 80 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *BY INTERVENOR−DEFENDANTS* filed by The United States of America. (Attachments: # 1 Exhibit 1− Maine Consent Decree, # 2 Exhibit 2− Alabama Order, # 3 Exhibit 3− Vermont, # 4 Exhibit 4− Newton County Letter)(Bennett, Brittany) (Entered: 03/27/2026) |
| 03/31/2026 | | Submission of 31 Cross MOTION to Compel Production of Federal Election Records *and Brief in Opposition to Motions to Dismiss (Docs. 16, 22, 23)* to District Judge Eleanor L. Ross. (mlb) (Entered: 03/31/2026) |
| 04/02/2026 | 90 | ORDER: Given the multiplicity of the issues presented, the Court GRANTS the Secretary's request for an in−person hearing. Doc. 16 . Accordingly, the Court SETS a hearing on JUNE 3, 2026, at 10:00 AM, in Courtroom 1708, United States |

| | | |
|---|---|---|
| | | Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303. Signed by Judge Eleanor L. Ross on 04/02/2026. (ajw) (Entered: 04/02/2026) |
| 04/09/2026 | 91 | NOTICE by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *of Supplemental Authority* (Attachments: # 1 Exhibit A)(Nkwonta, Uzoma) (Entered: 04/09/2026) |
| 04/10/2026 | 92 | REPLY to Response to Motion re 80 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *BY INTERVENOR−DEFENDANTS* filed by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Metlitsky, Anton) (Entered: 04/10/2026) |
| 04/14/2026 | 93 | Reply to Supplemental Authority by The United States of America re 91 Notice (Attachments: # 1 Exhibit Ex 1 Transcript)(Neff, Eric) Modified docket text on 4/16/2026 (ajw). (Entered: 04/14/2026) |
| 04/17/2026 | 94 | NOTICE by Common Cause, Rosario Palacios *of Supplemental Authority* (Attachments: # 1 Exhibit Ex. 1 − RI Opinion, # 2 Exhibit Ex. 2 − EO)(Hughes, William) (Entered: 04/17/2026) |
| 04/22/2026 | 95 | Notice for Leave of Absence for the following date(s): May 23−27, 2026, June 17−19, 2026, July 20−24, 2026, September 25, 2026, October 12−16, 2026, November 24−28, 2026, by Adam Martin Sparks. (Sparks, Adam) (Entered: 04/22/2026) |
| 04/27/2026 | | Submission of 80 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *BY INTERVENOR−DEFENDANTS* and 91 Notice (Other) to District Judge Eleanor L. Ross. (mlb) (Entered: 04/27/2026) |
| 04/28/2026 | 96 | Reply to Supplemental Authority by The United States of America re 94 Notice (Other) (Gardner, Christopher) Modified docket text on 4/29/2026 (ajw). (Entered: 04/28/2026) |
| 05/01/2026 | 97 | NOTICE of Filing Change of Address by Brad Raffensperger (Tyson, Bryan) (Entered: 05/01/2026) |
| 05/01/2026 | 98 | NOTICE by Brad Raffensperger *for Withdrawal of Bryan F. Jacoutot* (Jacoutot, Bryan) (Entered: 05/01/2026) |
| 05/01/2026 | 99 | NOTICE by Brad Raffensperger *for the Withdrawal of Diane Festin LaRoss* (LaRoss, Diane) (Entered: 05/01/2026) |
| 05/12/2026 | 100 | NOTICE of Appearance by David J. Younker on behalf of Brad Raffensperger (Younker, David) (Entered: 05/12/2026) |
| 05/15/2026 | 101 | NOTICE by The United States of America re 31 Cross MOTION to Compel Production of Federal Election Records *and Brief in Opposition to Motions to Dismiss (Docs. 16, 22, 23) Supplemental Authority* (Attachments: # 1 Exhibit 1− OLC Opinion)(Bennett, Brittany) (Entered: 05/15/2026) |
| 05/18/2026 | 102 | RESPONSE Notice of Supplemental Authority re 101 Notice filed by Common Cause, Rosario Palacios. (Hughes, William) Modified docket text on 5/19/2026 (ajw). (Entered: 05/18/2026) |
| 05/18/2026 | 103 | |

| | | |
|---|---|---|
| | | RESPONSE re 101 Notice (Other), *of Supplemental Authority* filed by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Nkwonta, Uzoma) (Entered: 05/18/2026) |
| 05/22/2026 | 104 | NOTICE by Common Cause, Rosario Palacios re 22 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Attachments: # 1 Exhibit Maine Decision, # 2 Exhibit Wisconsin Decision)(Hughes, William) (Entered: 05/22/2026) |
| 05/27/2026 | 105 | NOTICE of Filing Joint Proposed Schedule by Brad Raffensperger re 90 Order on Motion for Hearing, (Tyson, Bryan) (Entered: 05/27/2026) |
| 05/28/2026 | 106 | NOTICE of Appearance by John Casali on behalf of The United States of America (Casali, John) (Entered: 05/28/2026) |
| 05/29/2026 | 107 | APPLICATION for Admission of Daniel Meteer Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15275203).by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 05/29/2026) |
| 05/29/2026 | 108 | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom *During Hearing of June 3, 2026* by Black Voters Matter Fund. (Attachments: # 1 Text of Proposed Order (Proposed Order Granting BVMF Intervenors' Use of Electronic Equipment during Hearing of June 2, 2026))(Sparks, Adam) (Entered: 05/29/2026) |
| 05/29/2026 | 109 | RESPONSE re 101 Notice (Other), *Response to United States' Notice of Supplemental Authority* filed by Brad Raffensperger. (Tyson, Bryan) (Entered: 05/29/2026) |
| 05/29/2026 | 110 | NOTICE of Appearance by William Francis Mohrman on behalf of The United States of America (Mohrman, William) (Entered: 05/29/2026) |
| 05/29/2026 | 111 | NOTICE of Appearance by Jesus A. Osete on behalf of The United States of America (Osete, Jesus) (Entered: 05/29/2026) |
| 05/29/2026 | 112 | MOTION for Recusal *of Judge Eleanor Ross* with Brief In Support by The United States of America. (Attachments: # 1 Brief in Support of Motion to Recuse Judge Eleanor Ross)(Mohrman, William) (Entered: 05/29/2026) |
| 05/29/2026 | 113 | MOTION to Continue *Motions Scheduled for Hearing June 3 2026* by The United States of America. (Mohrman, William) (Entered: 05/29/2026) |
| 05/29/2026 | 114 | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by Common Cause, Rosario Palacios. (Attachments: # 1 Text of Proposed Order Proposed Order)(Hughes, William) (Entered: 05/29/2026) |
| 06/01/2026 | | RETURN of 107 APPLICATION for Admission of Daniel Meteer Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15275203) to attorney for correction. Reason for Return: Applicant must specify which court in California that they are admitted to. Please correct and resubmit. (esr) (Entered: 06/01/2026) |
| 06/01/2026 | 115 | ORDER: The Court GRANTS the Motion to Continue, Doc. 113 , and CONTINUES the June 3 Hearing pending its ruling on the Motion to Disqualify. Accordingly, the Court DENIES AS MOOT the pending motions to bring electronic equipment to the courtroom for the June 3 Hearing, Docs. 108 , 114 . Signed by Judge Eleanor L. Ross |

| | | |
|---|---|---|
| | | on 06/01/2026. (ajw) (Entered: 06/01/2026) |
| 06/01/2026 | 116 | APPLICATION for Admission of Daniel Meteer Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 06/01/2026) |
| 06/03/2026 | 117 | Emergency MOTION for Expedited Procedure Pursuant to Local Rule 7.2(B) regarding 112 MOTION for Recusal *of Judge Eleanor Ross* by The United States of America. (Casali, John) (Entered: 06/03/2026) |
| 06/04/2026 | 118 | NOTICE of Appearance by Carlos Alberto Andino, III on behalf of Common Cause, Rosario Palacios (Andino, Carlos) (Entered: 06/04/2026) |
| 06/04/2026 | 119 | RESPONSE in Opposition re 117 Emergency MOTION for Expedited Procedure Pursuant to Local Rule 7.2(B) regarding 112 MOTION for Recusal *of Judge Eleanor Ross* filed by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Nkwonta, Uzoma) (Entered: 06/04/2026) |
| 06/05/2026 | | RETURN of 116 APPLICATION for Admission of Daniel Meteer Pro Hac Vice to attorney for correction. Reason for return: Applicants must include the dates of admission to each court they are admitted to in mm/dd/yyyy format. Please correct and resubmit. (dps) (Entered: 06/05/2026) |
| 06/05/2026 | 120 | APPLICATION for Admission of Daniel Meteer Pro Hac Vice.by Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. (Samuels, Jack) Documents for this entry are not available for viewing outside the courthouse. (Entered: 06/05/2026) |
| 06/05/2026 | 121 | REPLY to Response to Motion re 117 Emergency MOTION for Expedited Procedure Pursuant to Local Rule 7.2(B) regarding 112 MOTION for Recusal *of Judge Eleanor Ross* filed by The United States of America. (Casali, John) (Entered: 06/05/2026) |
| 06/08/2026 | 122 | RESPONSE in Opposition re 117 Emergency MOTION for Expedited Procedure Pursuant to Local Rule 7.2(B) regarding 112 MOTION for Recusal *of Judge Eleanor Ross* filed by Common Cause, Rosario Palacios. (Hughes, William) (Entered: 06/08/2026) |
| 06/09/2026 | | APPROVAL by Clerks Office re: 120 APPLICATION for Admission of Daniel Meteer Pro Hac Vice (Application fee $ 100, receipt number AGANDC−15275203). Attorney Daniel Meteer added appearing on behalf of Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks. E−filing access may be requested after an order granting the application is entered. (dps) (Entered: 06/09/2026) |
| 06/09/2026 | | MINUTE ORDER (by docket entry only) GRANTING 120 Application for Admission Pro Hac Vice by Daniel Meteer. Approved by District Judge Eleanor L. Ross on 6/9/26. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(mlb) (Entered: 06/09/2026) |

| | | |
|---|---|---|
| 06/09/2026 | | Clerk's Certificate of Mailing (via email) Attorney Daniel Meteer as to National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference re Order on Application for Admission PHV. (mlb) (Entered: 06/09/2026) |
| 06/09/2026 | 123 | REPLY to Response to Motion re 117 Emergency MOTION for Expedited Procedure Pursuant to Local Rule 7.2(B) regarding 112 MOTION for Recusal *of Judge Eleanor Ross* filed by The United States of America. (Casali, John) (Entered: 06/09/2026) |
| 06/12/2026 | 124 | RESPONSE in Opposition re 112 MOTION for Recusal *of Judge Eleanor Ross* filed by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council. (Nkwonta, Uzoma) (Entered: 06/12/2026) |
| 06/12/2026 | 125 | REPLY BRIEF re 112 MOTION for Recusal *of Judge Eleanor Ross* filed by United States of America. (Mohrman, William) (Entered: 06/12/2026) |
| 06/15/2026 | 126 | NOTICE by United States of America *of Intent to File Petition for Writ of Mandamus* (Casali, John) (Entered: 06/15/2026) |
| 06/15/2026 | 127 | ORDER: The undersigned GRANTS the United States's Motion to Disqualify, Doc. 112 , and RECUSES from this case. Furthermore, the Court DENIES AS MOOT the United States's Motion for Emergency Ruling. Doc. 117 . Signed by Judge Eleanor L. Ross on 06/15/2026. (ajw) (Entered: 06/16/2026) |
| 06/15/2026 | | Submission of 80 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *BY INTERVENOR−DEFENDANTS*, 31 Cross MOTION to Compel Production of Federal Election Records *and Brief in Opposition to Motions to Dismiss (Docs. 16, 22, 23)*, 22 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 91 Notice (Other), 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Request for Hearing* MOTION for Hearing, 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , to District Judge Victoria M. Calvert. (ajw) (Entered: 06/16/2026) |
| 06/23/2026 | 128 | NOTICE *of Supplemental Authority* re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Request for Hearing* MOTION for Hearing by Brad Raffensperger(Attachments: # 1 Exhibit A − Opinion in U.S. v. DeMarinis)(Tyson, Bryan) Modified on 6/30/2026 (ltt). (Entered: 06/23/2026) |
| 06/25/2026 | 129 | NOTICE by Brad Raffensperger re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Request for Hearing* MOTION for Hearing *Secretary's Third Notice of Supplemental Authority* (Attachments: # 1 Exhibit A − Sixth Circuit Opinion in U.S. v. Benson)(Tyson, Bryan) (Entered: 06/25/2026) |
| 06/29/2026 | 130 | NOTICE *of Supplemental Authority* re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council (Nkwonta, Uzoma) Modified on 6/30/2026 (ltt). (Entered: 06/29/2026) |
| 06/30/2026 | 131 | RESPONSE re 128 Notice (Other), *Response to Notice of Supplemental Authority* filed by United States of America. (Casali, John) (Entered: 06/30/2026) |
| 06/30/2026 | 132 | RESPONSE re 129 Notice (Other), *Response to Notice of Supplemental Authority (Sixth Circuit)* filed by United States of America. (Casali, John) (Entered: 06/30/2026) |

| | | |
|---|---|---|
| 07/01/2026 | 133 | NOTICE *of Supplemental Authority* by Intervenor−Defendants Georgia Coalition for the Peoples Agenda, National Association For The Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Quinette (Gwenette) Westbrooks re 80 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Attachments: # 1 Exhibit A)(Metlitsky, Anton) Text modified on 7/8/2026 (adg). (Entered: 07/01/2026) |
| 07/01/2026 | 134 | NOTICE *of Supplemental Authority* by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Nkwonta, Uzoma) Text modified on 7/8/2026 (adg). (Entered: 07/01/2026) |
| 07/13/2026 | 135 | NOTICE by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *of Supplemental Authority* (Attachments: # 1 Exhibit A − United States v. Warner)(Nkwonta, Uzoma) (Entered: 07/13/2026) |
| 07/15/2026 | 136 | NOTICE by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *of Supplemental Authority* (Nkwonta, Uzoma) (Entered: 07/15/2026) |
| 07/24/2026 | 137 | NOTICE of Filing Fourth Notice of Supplemental Authority by Brad Raffensperger re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and Request for Hearing* MOTION for Hearing (Tyson, Bryan) (Entered: 07/24/2026) |
| 07/30/2026 | 138 | NOTICE by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *of Supplemental Authority* (Nkwonta, Uzoma) (Entered: 07/30/2026) |
| 08/03/2026 | 139 | NOTICE by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *of Supplemental Authority* (Nkwonta, Uzoma) (Entered: 08/03/2026) |
| 08/05/2026 | 140 | NOTICE by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *of Supplemental Authority* (Nkwonta, Uzoma) (Entered: 08/05/2026) |
| 08/07/2026 | 141 | NOTICE by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *of Supplemental Authority* (Nkwonta, Uzoma) (Entered: 08/07/2026) |
| 08/19/2026 | 142 | NOTICE of Appearance by Kevin Jeremy Wender on behalf of Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council (Wender, Kevin) (Entered: 08/19/2026) |
| 08/21/2026 | 143 | NOTICE by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re |

| | | |
|---|---|---|
| | | 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *of Supplemental Authority* (Nkwonta, Uzoma) (Entered: 08/21/2026) |
| 08/24/2026 | 144 | RESPONSE re 134 Notice (Other), 20 Notice of Filing, 138 Notice (Other), 139 Notice (Other), 143 Notice (Other), 104 Notice (Other), 137 Notice of Filing, 136 Notice (Other), 135 Notice (Other), 140 Notice (Other), 141 Notice (Other), 130 Notice (Other), 91 Notice (Other), *Response to Notices of Supplemental Authorities* filed by United States of America. (Casali, John) (Entered: 08/24/2026) |
| 09/24/2026 | 145 | NOTICE by Black Voters Matter Fund, Communication Workers of America Local 3204, Communication Workers of America Local 3204 Retired Members Council re 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *of Supplemental Authority* (Nkwonta, Uzoma) (Entered: 09/24/2026) |
| 09/30/2026 | 146 | ORDER. It is ORDERED that Defendant Raffensperger and Intervenor−Defendant's BVMF's Motions to Dismiss (Docs. 16 , 23 ) are GRANTED IN PART as set forth in this Order. Intervenor−Defendants' Common Cause and NAACP's Motions to Dismiss (Docs. 22 , 80 ) are DENIED AS MOOT. It is FURTHER ORDERED that Plaintiff's Cross−Motion to Compel Production of Federal Election Records (Doc. 31 ) is DENIED. It is FURTHER ORDERED that this case is DISMISSED. The Clerk is DIRECTED to close this case. Signed by Judge Victoria M. Calvert on 9/30/2026. (ltt) (Entered: 09/30/2026) |
| 09/30/2026 | 147 | CLERK'S JUDGMENT. It is Ordered and Adjudged that the action be, and the same hereby is, dismissed. (ltt)−−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (Entered: 09/30/2026) |
| 09/30/2026 | | Civil Case Terminated. (ltt) (Entered: 09/30/2026) |
| 10/05/2026 | 148 | NOTICE of Appearance by James Thomas Tucker on behalf of United States of America (Tucker, James) (Entered: 10/05/2026) |
| 10/30/2026 | 149 | NOTICE OF APPEAL as to 147 Clerk's Judgment, 146 Order on Motion to Dismiss for Failure to State a Claim,,, Order on Motion to Compel,,,,,,,,,, by United States of America. Case Appealed to USCA − 11th Circuit. Transcript Order Form due on 11/13/2026 (Casali, John) (Entered: 10/30/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRAD RAFFENSPERGER, *in his Official Capacity as Secretary of State for the State of Georgia,*<br><br>Defendant. | Civil Action No.<br>1:26-cv-00485-VMC |

**ORDER**

This matter is before the Court on the following Motions: Defendant Brad Raffensperger's Motion to Dismiss (Doc. 16), Intervenor-Defendants'[1] Motions to Dismiss (Docs. 22; 23; 80), and Plaintiff United States of America's Cross Motion to Compel Production of Federal Election Records ("Motion to Compel," Doc. 31).[2]

[1] The three Intervenor-Defendants are: 1) Common Cause and Rosario Palacios (collectively, "Common Cause"); 2) Black Voters Matters Fund, Communication Workers of America Local 3204, and Communication Workers of America Retired members Council (collectively "BVMF"); and 3) the National Association for the Advancement of Colored People, National Association for the Advancement of Colored People Georgia State Conference, Georgia Coalition for the People's Agenda, and Quinette Westbrooks (collectively, "NAACP").

[2] After reviewing the filings, the Court determines that a hearing is not necessary. *See Cooley v. Jefferson Cap. Sys., LLC*, No. 1:22-cv-00510-SEG-RDC, 2022 WL 17920538, at *1 (N.D. Ga. Oct. 18, 2022) ("District courts have broad authority to manage their dockets "'with a view toward the efficient and expedient resolution of cases.'") (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)).

For the reasons given below, Defendant's and Intervenor-Defendant BVMF's Motions to Dismiss are granted in part and Plaintiff's Motion to Compel is denied.

**Background**

Because this case is before the Court on Motions to Dismiss, the following facts are largely drawn from Plaintiff's Complaint and are accepted as true. *Cooper v. Pate*, 378 U.S. 546, 546 (1964). However, to provide more context that is missing from Plaintiff's Complaint, the Court also incorporates the Declaration of Charlene S. McGowan, including its exhibits, that was attached to Defendant's Motion to Dismiss (Doc. 16-2 at 2–8 ¶¶ 1–22).[3]

---

[3] Ordinarily, the evidence the Court considers on a motion to dismiss should be limited to the four corners of the complaint because otherwise the motion would be converted to a motion for summary judgment. *See* 5C Charles Allen Wright et al., Federal Practice and Procedure § 1366 (3d ed. 1998) (noting that "whenever outside matters are presented to and not excluded by the court, the matter will be considered by the appellate court as one for summary judgment"). But the Eleventh Circuit has recognized an exception to this general rule; "a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Plaintiff did not raise an objection to McGowan's affidavit; indeed, three of the letters referenced in McGowan's affidavit are attached to Plaintiff's Motion to Compel. (Docs. 31-3 – 31-5). Therefore, the Court finds that incorporating McGowan's affidavit and the attached exhibits is appropriate.

Case 1:26-cv-00485-VMC Document 14 Filed 09/30/26 Page 4 of 23

## I. Factual Background

On July 9, 2025, Plaintiff contacted Defendant Brad Raffensperger, the Secretary of State of Georgia ("Defendant Raffensperger" or "Secretary"), seeking information to determine Georgia's compliance with federal election law. (*See* Docs. 1 ¶ 19; 16-2 at 3 ¶ 3).[4] Specifically, the Department of Justice ("DOJ") first initiated a video conference with the Secretary's office requesting a copy of Georgia's statewide voter registration list ("SVRL"). (Docs. 16-1 at 13; 16-2 at 3 ¶ 3). During this conversation, the DOJ informed Georgia officials that it needed Georgia's SVRL to help it with maintenance and to run the list through the "Department of Homeland Security's Systematic Alien Verification for Entitlements (SAVE) database." (Doc. 16-2 at 3 ¶ 4).[5] The DOJ also requested that the Secretary's staff email the entire unredacted Georgia SVRL, including the voter's history, driver's license number, social security numbers and full dates of birth, explaining that the National Voter Registration Act ("NVRA") entitled it to this information. (*Id.* ¶¶ 5–6).[6]

---

[4] Citations to page numbers refer to the pages in the relevant document as numbered by the CM/ECF system.

[5] The United States Attorney General then apparently sent a letter that same day to Defendant Raffensperger requesting the same information. (*See* Doc. 1 ¶ 19).

[6] The NVRA, Pub. L. No. 103-31, 107 Stat. 77 (codified as amended at 52 U.S.C. §§ 20501-20511 (2012)) "requires state election officials to make a reasonable effort to remove certain ineligible registrants from the voter rolls." *Bellitto v. Snipes*, 935 F.3d

On August 7, 2025, the Deputy Assistant Attorney General sent a letter to Defendant Raffensperger renewing the July 9, 2025, request. (*See* Docs. 1 ¶ 20; 16-2 at 3–4 ¶ 7). Specifically, the DOJ again requested Georgia's unredacted SVRL within fourteen days with all fields, such as the voter's social security number; dates of birth; and other identifying information, visible. (*See* Doc. 1 ¶ 20). In making this second request, the DOJ cited only the NVRA and the Help America Vote Act ("HAVA") and directed Defendant Raffensperger to send the voter registration list, with all fields visible, through encrypted email or through the DOJ's "secure file-sharing system." (*See* Docs. 1 ¶ 21; 16-2 at 3–4 ¶ 7).[7]

Thereafter on August 14, 2025, the United States Attorney General sent a second letter "clarifying the request in the August 7 letter." (Doc. 1 ¶ 22). In this letter, the DOJ again requested Georgia's unredacted SVRL with all fields visible, and cited, for the first time, Title III of the Civil Rights Act ("CRA") and other

---

1192, 1194 (11th Cir. 2019). The NVRA also requires states to maintain "records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," for at least two years, and to make such records available for public inspection. 52 U.S.C. § 20507(i)(1).

[7] The HAVA, Pub. L. No. 107-252, 116 Stat. 1666 (codified at 52 U.S.C. §§ 20901 to 21145 (2002)) requires states to implement a centralized "interactive computerized statewide voter registration list" and maintain that list by removing ineligible voters. *See* 52 U.S.C. § 21083(a)(1)(A), (a)(2)(B). Additionally, under HAVA, states are left to determine "[t]he specific choices on the methods of complying with the requirements," of the statute. *See id.* § 21085.

federal statutes it believed entitled it to Georgia voters' personal identifying information.[8] (Docs. 1 ¶¶ 22–23; 16-2 at 4 ¶ 8 and at 29). The next day, August 15, 2025, Georgia's Secretary of State General Counsel responded to the DOJ's August 7th letter explaining that the Secretary's office was gathering all necessary information and outlining the process used in Georgia for voter list maintenance. (Doc. 16-2 at 4 ¶ 9). However, this response further explained to the DOJ that the Secretary's office was currently conducting list-maintenance activities and wanted to complete this process before providing the voter registration list so that the DOJ would have an "updated list to review." (*Id.* ¶ 10).

Two months passed with no contact until October 9, 2025, when the Secretary's office contacted the DOJ notifying it that it was ready to send all necessary data files, and requesting a link with instructions to the "DOJ's secure transfer site." (*Id.* at 4–5 ¶¶ 11–12). On December 1, 2025, nearly two months later, the DOJ emailed the Secretary's "general inbox and Elections Director" with a draft memorandum of understanding ("MOU") regarding the voter information transfer. (*See* Doc. 16-2 at 5 ¶¶ 13–14 and at 31–39). Included in the MOU were, among other things: (1) citations to NVRA, HAVA, and the CRA as the DOJ's authority for requesting Georgia's unredacted SVRL; (2) an explanation that the

---

[8] Title III of the Civil Rights Act of 1960, Pub. L. No. 86-449, 74 Stat. 88 (1960) is codified at 52 U.S.C. §§ 20701-20706.

requested materials were to assess, test, and analyze the states' voter registration list maintenance and compliance with federal law; and (3) an additional citation to the Systems of Records Notice in support of the DOJ's argument that it was complying with the Privacy Act. (Doc. 16-2 at 5 ¶ 15). Finally, the MOU explained that the Secretary was required to transfer all data to the DOJ's contractor and included an agreement that if the DOJ discovered any issues or inconsistencies in Georgia's SVRL, the Secretary was required to remove the records and resubmit all data to the DOJ once more. (*Id.* at 5–6 ¶¶ 16–17). The MOU requested full execution within seven days of receiving it and full transfer of all data five days from the date of execution. (*Id.* at 33).

The next day, the Secretary's General Counsel requested instructions to upload Georgia's voter information and explained that complying with the MOU "would make the requested timeline unreasonable." (*Id.* at 6 ¶ 19). The DOJ responded the next day by saying that it would not send an upload link until the MOU was signed. (*Id.* ¶ 20). Thereafter on December 8, 2025, the Secretary's General Counsel, sent a letter to the DOJ explaining, among other things, that although it would provide Georgia's voter registration data and SVRL, it would only do so by excluding all sensitive information related to Georgia voter identities in compliance with O.C.G.A. § 21-2-225(b). (*See* Docs. 1 ¶ 24; 16-2 at 54). After sending this letter, the Secretary's Election Director "sent a link for the DOJ to

download the entire voter list with all fields that may be publicly disclosed under law," redacting voters' dates of birth, social security numbers, driver's license numbers, and "other information designated confidential by statute." (Doc. 16-2 at 7 ¶ 22 and at 57).

## II. Procedural History

In response to Defendant Raffensperger's December 8th letter and disclosure of a redacted version of Georgia's SVRL and other voter data, Plaintiff filed an action in the Middle District of Georgia on December 18, 2025. (*See* Doc. 16-3). That case was then dismissed without prejudice on January 23, 2026, for lack of subject matter jurisdiction. (*Id.* at 9). The district court explained that the Northern District of Georgia had subject matter jurisdiction over the action because the Attorney General's demand was made to an office located in the Northern District of Georgia and the demanded records were located in the Northern District as well. (*Id.* at 8–9).

Plaintiff then refiled the action in this Court bringing a single claim under Title III of the Civil Rights Act. (*See* Doc. 1 ¶¶ 26–28). Specifically, Plaintiff alleges that in response to its August 14, 2025, written demand "for [the unredacted] production of specific electronic records pursuant to 52 U.S.C. § 20703," Defendant Raffensperger failed to "provide to the Attorney General the current electronic copy of Georgia's computerized statewide voter registration list, with all fields,"

such as a registrant's full name, address, driver's license number, last four-digits of their social security number and date of birth visible. (*Id.*). Plaintiff further contends that this refusal violates Title III of the CRA "as required by 52 U.S.C. § 20703." (*Id.* ¶ 28).

In response, Defendant Raffensperger, along with the Intervenor-Defendants ("Intervenors") filed Motions to Dismiss. Plaintiff filed its response in opposition along with its Motion to Compel. The Court assesses the Parties' arguments below.

**Legal Standard**

**I. Applicability of the Federal Rules of Civil Procedure**

As a threshold matter, the Parties disagree on whether the Federal Rules of Civil Procedure even apply to this dispute. Plaintiff argues that the Federal Rules of Civil Procedure do not apply because it has brought this case under Section 305 of the CRA which affords a "special statutory proceeding to compel production of federal election records" to which the Federal Rules are inapplicable. (*See* Doc. 31-1 at 24) (citing *Kennedy v. Lynd*, 306 F.2d 222, 225–26 (5th Cir. 1962)). In other words, Plaintiff argues that in applying for an order under Title III of the CRA, it did not commence "an ordinary, traditional civil action with all of its trappings," . . . but a summary proceeding that "does not require pleadings which satisfy usual notions under the Federal Rules of Civil Procedure." (*Id.* at 19) (quoting *Lynd*, 306 F.2d at

225–26). Furthermore, Plaintiff asserts that because it has commenced this special proceeding, the Court's role in reviewing its demand is limited. (*Id.* at 19–20).

First, even if the Court followed the guidance in *Lynd*, the Court's role in reviewing the Parties' dispute would be the same. *Lynd* explained that in a summary proceeding, although the court plays a limited role, when "a genuine dispute subsequently arises as to whether or not any specified particular paper or record comes within this broad statutory classification of all records and papers . . . the Court would, of course, be open for its determination." 306 F.2d at 226. The Parties genuinely dispute whether Title III of the CRA entitles Plaintiff to an unredacted version of Georgia's SVRL. Therefore, even under *Lynd*, the Court would have the same role. *See U.S. Wis. Elections Comm'n*, 833 F. Supp. 3d 949, 953 (W.D. Wis. 2026) (declining to resolve the question of whether the Federal Rules of Civil Procedure apply to a case brought under Title III of the CRA because "the court's analysis of the dispositive issue would be the same either way.").

Furthermore, the Court agrees with Defendant and Intervenors that the Federal Rules of Civil Procedure apply to this proceeding because the Supreme Court has said that those Rules apply where a statute contains "no provision specifying the procedure to be followed in invoking the court's jurisdiction." (Doc. 68 at 7) (quoting *United States v. Powell*, 379 U.S. 48, 58 n.18 (1964)); (*see also* Docs. 70 at 6–7; 74 at 11–12). The Supreme Court's decision in *Powell*, issued two years

after *Lynd*, made clear that the Federal Rules of Civil Procedure apply where a statute contemplates "an appropriate process" without defining what that process is.[9] *United States v. Powell*, 379 U.S. at 58 n.18. Specifically, in *Powell*, two provisions of the Internal Revenue Code conferred jurisdiction on district courts "by appropriate process to compel," but because these statutes "contain[ed] no provision specifying the procedure to be followed in invoking the court's jurisdiction, the Supreme Court concluded that the Federal Rules of Civil Procedure appl[ied]." *Id.*[10]

Title III of the CRA states that "[t]he United States district court for the district in which a demand is made pursuant to section 20703 of this title, or in which a record or paper so demanded is located, shall have jurisdiction by appropriate process to compel the production of such record or paper." 52 U.S.C. § 20705. Thus, like the provisions of the Internal Revenue Code at issue in *Powell*,

---

[9] Although Plaintiff argues that *Powell* is distinguishable because unlike the CRA, the statutes at issue in that case contained language limiting the Attorney General's authority, Defendant Raffensperger is correct that this difference has no bearing on whether the Federal Rules of Civil Procedure apply. (*See* Docs. 31-1 at 22; 68 at 8).

[10] Specifically, the virtually identical provisions stated, "If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found *shall have jurisdiction by appropriate process to compel* such attendance, testimony, or production of books, papers, or other data.'" *Powell*, 379 U.S. at 52 n.10 (emphasis added).

the CRA confers jurisdiction on district courts "by appropriate process to compel." And like the provisions at issue in *Powell*, the CRA does not specify the procedures to be followed. Therefore, consistent with several district courts across the country, the Court agrees that because Title III of the CRA is silent as to what the "appropriate process to compel" is, the Federal Rules of Civil Procedure apply to this action. *See e.g.*, *United States v. Weber*, 816 F. Supp. 3d 1168, 1182 (C.D. Cal. 2026); *United States v. Oregon*, 828 F. Supp. 3d 1092, 1102–03 (D. Or. 2026); *United States v. Amore*, 831 F. Supp. 3d 149, 155 (D.R.I 2026); *United States v. Evans*, No. 25-4403, 2026 WL 226774, at *4 (D.D.C. Aug. 6, 2026); *United States v. Oliver*, No. 1:25-cv-01193, 2026 WL 2031479, at *7 (D.N.M. July 14, 2026).

**II. Legal Standard for Motions to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true; however, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although the plaintiff is not required to provide "detailed factual

allegations" to survive dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555.

**Discussion**

Although the Parties raise numerous issues,[11] the Court's analysis is limited to what is actually in dispute. Plaintiff is seeking a declaration that Defendant's refusal to provide unredacted records violates Title III of the CRA and an order directing Defendant Raffensperger to provide an unredacted copy of Georgia's SVRL. (Doc. 1 at 9). In its Motion to Dismiss, Defendant makes several arguments as to why Plaintiff is not entitled to relief. (*See generally* Doc. 16-1). The Court finds that the first issue raised by Defendant, that the CRA does not preempt Georgia's voter privacy law, is dispositive, particularly given that Defendant largely complied with Plaintiff's demand for voter records. Therefore, the Court does not need to reach the other issues raised by the Parties regarding the sufficiency of Plaintiff's demand and whether Plaintiff has violated other federal laws. The Court will limit its focus to whether Plaintiff is entitled to what it does not yet have: the unredacted list of Georgia's SVRL.

---

[11] (*See* Docs. 16-1 at 19–28; 22-1; 23–33; 23-1 at 15–30; 31-1 at 24–53; 80-1 at 16–31; 89).

## I. The Text of the Relevant Statutes

Defendant Raffensperger disputes that the United States is entitled to an *unredacted* version of Georgia's SVRL because under Georgia law—specifically O.C.G.A. § 21-2-225(b)—private information such as a voter's driver's license and social security number cannot be disclosed. (*See id.* at 19–22). Section O.C.G.A § 21-2-225(b), in relevant[12] part, states:

> Except as provided in Code Section 21-2-225.1, all data collected and maintained on electors whose names appear on the list of electors maintained by the Secretary of State pursuant to this article shall be available for public inspection with the exception of bank statements submitted pursuant to subsection (c) of Code Section 21-2-220 and subsection (c) of Code Section 21-2-417, the month and day of birth, the social security numbers, email addresses, and driver's license numbers of the electors, and the locations at which the electors applied to register to vote, which shall remain confidential and shall be used only for voter registration purposes. . . .

O.C.G.A. § 21-2-225(b).

Plaintiff relies on the CRA. The CRA is one in a collection of statutes Congress enacted to allow the federal government to investigate allegations of voting discrimination by giving the United States Attorney General "access to local voting records" to aid in its investigation of discrimination and assessment of states' compliance with federal election law. *See South Carolina v. Katzenbach*, 383

[12] The Court discusses the omitted portion of the statute below in note 17.

Case 1:26-cv-00485-VMC Document 150 Filed 09/30/26 Page 14 of 28

U.S. 301, 313 (1966); *United States v. Benson*, 819 F. Supp. 3d 753, 767 (W.D. Mich. 2026). The relevant provisions of the CRA state:

> Every officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of President, Vice President, presidential elector, Member of the Senate, Member of the House of Representatives, or Resident Commissioner from the Commonwealth of Puerto Rico are voted for, *all records and papers* which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election, except that, when required by law, such records and papers may be delivered to another officer of election and except that, if a State or the Commonwealth of Puerto Rico designates a custodian to retain and preserve these records and papers at a specified place, then such records and papers may be deposited with such custodian, and the duty to retain and preserve any record or paper so deposited shall devolve upon such custodian. Any officer of election or custodian who willfully fails to comply with this section shall be fined not more than $1,000 or imprisoned not more than one year, or both.

52 U.S.C. § 20701 (emphasis added). The CRA also mandates that:

> Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative. This demand shall contain a statement of the basis and the purpose therefor.

*Id.* § 20703.

In the next section, the Court addresses why Plaintiff's argument that Title III of the CRA preempts O.C.G.A. § 21-2-225(b), which the Court refers to as Georgia's voter privacy law, is incorrect. (*See* Doc. 31-1 at 42–45).

**II. Federal Law Does Not Preempt Georgia's Voter Privacy Law**

The Supremacy Clause of the United States Constitution states that the laws of the United States "shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. In accordance with this language, the Supreme Court has "long recognized that state laws that conflict with federal law are 'without effect.'" *Carson v. Monsanto Co.*, 92 F.4th 980, 989 (11th Cir. 2024) (quoting *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008)). The Supreme Court has implemented the Supremacy Clause through its preemption doctrines, and "has identified three types of preemption: (1) express preemption; (2) field preemption; and (3) conflict preemption." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004). "Express preemption occurs when, explicitly in statutory text, Congress manifests its intent to preempt state law." *Carson*, 92 F.4th at 989. Field preemption, also referred to as "occupying the field" occurs when "federal regulation in a legislative field is so pervasive that we can reasonably infer that Congress left no room for the states to supplement it." *Cliff*, 363 F.3d at 1122. Finally, conflict preemption arises when: (1) "it is impossible for a private party to comply with both state and federal law" or (2) the state law "stands as an obstacle to the

accomplishment and execution of the full purposes and objectives of Congress." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372–73 (2000) (citations and quotation omitted).

Although Plaintiff does not explicitly say so, its arguments implicate express or conflict preemption.[13]

**A. Title III of the CRA Does Not Preempt Georgia's Voter Privacy Law**

First, Plaintiff argues that the phrase "all records" found in 52 U.S.C. §§ 20701 and 20703 includes both public and private records and if Congress intended to limit all records to only public records, it would have done so. (*See* Doc. 31-1 at 42–44). In response, Defendant and Intervenors first contend that furnishing redacted records does not conflict with the phrase "all records" found in 52 U.S.C. §§ 20701 and 20703. (*See* Doc. 16-1 at 21) (observing "requests under

[13] Field preemption does not apply. The Elections Clause of the United States Constitution instructs that: "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations[.]" U.S. Const. art. I, § 4, cl. 1. This language militates against a finding of field preemption because Congress cannot "occupy the field" where "[t]he United States Constitution through the Elections Clause entrusts the broad, regulatory authority over elections to the states." *Oregon*, 828 F. Supp. 3d at 1095 (citing *Smiley v. Holm*, 285 U.S. 355, 366 (1932) ("[T]imes, places and manner . . . embrace authority in relation to notices, registration, supervision of voting, protection of voters, prevention of fraud and corrupt practices, counting of votes, duties of inspectors and canvassers, and making and publication of elections returns.")).

the CRA are . . . for 'public records'") (quoting *Lynd*, 306 F.2d at 231); (*see also* Docs. 68 at 14–15; 74 at 26; 81 at 12).

To resolve this issue, the Court looks to *Lynd*, as the Parties did, and ultimately agrees with Defendant and BVMF. In *Lynd*, the Fifth Circuit reviewed several lower court orders addressing limitations on the disclosure of voter records pursuant to Title III of the CRA.[14] 306 F.2d at 227–231. In one instance, the appellate court reversed a district court's order requiring that inspection and copying of the records should not occur until after September 1, 1962, presumably the date of the primary election. *Id.* at 230–31. The *Lynd* court found that such a delay was not required, in part because the request was for "public records which ought ordinarily to be open to legitimate reasonable inspection," not "confidential, private papers and effects." *Id.* at 231. Although Plaintiff points to a different portion of *Lynd*,[15] the Court finds that the quoted language clearly indicates that the *Lynd* court was referring to public records. Because *Lynd* did not address

[14] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[15] Plaintiff relies on a portion of *Lynd* where the court stated, "All means all." (Doc. 31-1 at 44) (citing *Lynd*, 306 F.2d at 230). In making this statement the court was addressing the lower court's erroneous refusal to require the present state official to produce records prepared or compiled by his predecessors. Here, Defendant has only limited its production to what must be kept confidential under Georgia's voter privacy law.

confidential records, the Court cannot agree that it sweeps as broadly as Plaintiff suggests. In other words, Defendant can comply with Title III of the CRA even if it only produces a redacted SVRL.

Moreover, Plaintiff's argument that Congress could have limited all records to only public records but chose not to, misses the mark. Based on the text of the CRA, including what was cited above, there is no explicit manifestation of Congress's intent to preempt states' voter privacy laws. *See* 52 U.S.C. §§ 20701–20706. Indeed, the CRA does not refer to state laws at all. Since Congress did not explicitly say that it was preempting state law, the Court will not read preemption into Title III. (*See* Doc. 23-1 at 22–23) ("The Eleventh Circuit and the Supreme Court have made clear that courts must 'presume that Congress does not cavalierly pre-empt state law.'" (citing *Nat'l Ass'n of State Util. Consumer Advocs. v. FCC*, 457 F.3d 1238, 1252 (11th Cir. 2006) *opinion modified on denial of reh'g*, 468 F.3d 1272 (11th Cir. 2006) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)))). Therefore, Title III of the CRA does not preempt Georgia's voter privacy law such that Defendant must produce an unredacted version of Georgia's SVRL. *Oregon*, 828 F. Supp. 3d at 1108 ("Because Title III does not require Defendants to disclose the Sensitive Voter Data, Plaintiff fails to state a claim that Oregon violated Title III by failing to produce an unredacted copy of its voter registration list.").

**B. Georgia's Voter Privacy Law Does Not Conflict with Federal Law**

Next, Plaintiff argues that without an unredacted version of Georgia's SVRL, Title III would be "eviscerate[d]" and that the "Attorney General can only meaningfully investigate and enforce list maintenance requirements under HAVA and the NVRA by having access to the voter identification numbers," which includes that voter's social security number, driver's license number or their HAVA identifying number. (*See* Doc. 31-1 at 44). Moreover, Plaintiff asserts that having the voter's private information "is necessary to identify duplicate registration records, registrants who have moved, and registrants who have died, or who are otherwise no longer eligible to vote in federal elections." (*Id.* at 45).

The Court is not persuaded by any of Plaintiff's arguments. As Plaintiff noted, Title III "requires officers of election to preserve, and on request, to produce registration records pertaining to federal elections." (*Id.* at 24) (citing *Lynd*, 306 F.2d at 226). The Court has already found that Defendant did not violate Title III of the CRA by not producing an unredacted version of the SVRL; therefore, Title III of the CRA has not been eviscerated.

Defendant and Intervenors assert that investigating NVRA and HAVA compliance is not frustrated by providing redacted records because (1) both statutes only place procedural requirements on states to make reasonable efforts to remove ineligible voters from its voter rolls, (2) NVRA does not require the

disclosure of sensitive information, and (3) Congress could not have intended, when it passed HAVA, nearly four decades after Title III of the CRA, to allow Plaintiff to use the CRA to access sensitive information when the CRA itself does not entitle Plaintiff to this kind of information. (*See* Docs. 16-1 at 21 n. 15; 23-1 at 24–26; 70 at 15–17; 74 at 27; 80-1 at 30). The Court agrees with Defendant and Intervenors.

Neither NVRA nor HAVA requires disclosure of sensitive information. Although NVRA contains a disclosure provision, it "does not require the disclosure of sensitive information that implicates special privacy concerns." *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1344 (N.D. Ga. 2016) ("Section 8(i) requires the disclosure of individual voter registration records, but it does not require the disclosure of sensitive information that implicates special privacy concerns."). Moreover, while HAVA requires the inclusion of private information to create a compliant SVRL, it does not have a provision mandating disclosure of this private information. *See Oregon*, 828 F. Supp. 3d at 1101 ("HAVA grants the Attorney General the ability to bring a civil action for enforcement, not disclosure. Congress knows how to include disclosure provisions, as it did so in both the NVRA and Title III."). It would not make sense for the Court to endorse Plaintiff's reliance on the general language of Title III of the CRA, which was enacted decades earlier, to get information that is not specifically subject to disclosure by the NVRA

or HAVA. In sum, Plaintiff has not demonstrated how Georgia's voter privacy law conflicts with Title III of the CRA, the NVRA, or HAVA.

Finally, in responding to Plaintiff's request, Defendant provided a letter containing "detailed information showing Georgia's substantial voter list maintenance efforts, . . . [a] sample of public announcements documenting the Secretary of State's list maintenance activities, [a] list of registrations canceled between September 2023 to October 2025 . . ., and indicated that it would send an updated voter file after updating its data in response to information received from the Department of Homeland Security. (Doc. 16-2 at 57–58). Plaintiff also acknowledges that Defendant shares information with other states and the District of Columbia "to facilitate their compliance with federal list maintenance requirements."[16] (Doc. 31-1 at 45). Defendant Raffensperger's efforts demonstrate that it is possible to comply with both Georgia's voter privacy law and federal laws related to voter records. Therefore, federal law does not preempt Georgia's voter privacy law.[17]

---

[16] Defendant agrees that it shares information through the Electronic Registration Information Center ("ERIC") but that it "never transmits unredacted private voter information," and instead uses "a one-way cryptographic hashing process . . . which makes the confidential fields unreadable to anyone reviewing them." (Doc. 69 at 5–6). Thus, it appears that Defendant is still complying with Georgia law when it shares information through ERIC.

[17] Nor is the exception in Georgia's voter privacy law applicable. O.C.G.A. § 21-2-225(b) permits disclosure of confidential information to agencies of the federal

## Conclusion

For the foregoing reasons, it is

**ORDERED** that Defendant Raffensperger and Intervenor–Defendant's BVMF's Motions to Dismiss (Docs. 16, 23) are **GRANTED IN PART** as set forth in this Order. Intervenor–Defendants' Common Cause and NAACP's Motions to Dismiss (Docs. 22, 80) are **DENIED AS MOOT**. It is

**FURTHER ORDERED** that Plaintiff's Cross-Motion to Compel Production of Federal Election Records (Doc. 31) is **DENIED**. It is

**FURTHER ORDERED** that this case is **DISMISSED**.[18] The Clerk is **DIRECTED** to close this case.

---

government "if the agency is authorized to maintain such information and the information is used only to identify the elector on the receiving agency's data base and is not disseminated further and remains confidential." Even if Plaintiff is authorized to maintain Georgia's confidential voter information, Plaintiff has disavowed that its purpose is limited to identifying the elector in its database and has not agreed that the information would remain confidential. Instead, Plaintiff indicated that it would only abide by the statutory limitations in Section 304 of the CRA and *federal* privacy laws. (Doc. 31-1 at 44) (emphasis added).

[18] The Court "is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

**SO ORDERED** this 30th day of September, 2026.

Victoria Marie Calvert
United States District Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD RAFFENSPERGER,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:26-cv-00485-VMC |

## J U D G M E N T

This action having come before the court, Honorable Victoria M. Calvert, United States District Judge, for consideration of the defendants' motions to dismiss, and the court having granted in part said motions, it is

**Ordered and Adjudged** that the action be, and the same hereby is, dismissed.

Dated at Atlanta, Georgia, this 30th day of September, 2026.

KEVIN P. WEIMER
CLERK OF COURT

By: s/L. Tonthat
Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
September 30, 2026
Kevin P. Weimer
Clerk of Court

By: s/L. Tonthat
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State for the State of Georgia,<br><br>Defendant. | Case No.: 1:26-cv-00485-VMC |

**NOTICE OF APPEAL**

Plaintiff United States of America, by and through the Attorney General, appeals to the United States Court of Appeals for the Eleventh Circuit from this Court's Judgment (Doc. 147) and Order (Doc. 146) granting the Defendant's and Defendant-Intervenor BVMS's Motions to Dismiss (Docs. 16, 23); denying as moot Intervenor-Defendants Common Cause's and NAACP's Motions to Dismiss (Docs. 22, 80); and denying the United States' Cross-Motion to Compel Production of Federal Election Records (Doc. 31), both of which were entered in this action on September 30, 2026.

DATED: October 30, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC SELL
Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ *John Casali*
John Casali
James Thomas Tucker
Voting Section
Civil Rights Division
4 Constitution Square
Washington, D.C. 20002
Telephone: (202) 316-8087

Email: john.casali@usdoj.gov

Attorneys for the United States